# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Skyview Cabinet USA, Inc.<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>  Defendant. | Court No. 22-00080 |

## COMPLAINT

Plaintiff Skyview Cabinet USA, Inc. ("Skyview" or "Plaintiff"), by and through the undersigned counsel, Kyl J. Kirby, Attorney and Counselor at Law, P.C., alleges and states as follows:

### ADMINISTRATIVE DECISIONS TO BE REVIEWED

1. Plaintiff contests (a) the September 16, 2021, affirmative Final Determination as to Enforce and Protect Act ("EAPA") "evasion" issued by U.S. Customs and Border Protection's ("CBP") Trade Remedy & Law Enforcement Directorate ("TRLED") in EAPA Case Number 7553 under 19 U.S.C. § 1517(c); and (b) the January 28, 2022, decision under 19 U.S.C. § 1517(f) issued by CBP's Office of Regulations & Rulings ("OR&R") in Administrative Review number H321677 affirming TRLED's September 16, 2021, final determination.

2. CBP's EAPA Determination covering an entry of wooden cabinets, vanities, and components ("WCV") made by Plaintiff from March 15, 2020, through the pendency of this Investigation (hereinafter, "Subject Entry").

### JURISDICTION

3. This action is brought pursuant to section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 (hereinafter, "TFTEA"), to contest CBP's EAPA Determinations. 19 U.S.C. § 1517(g).

4. Accordingly, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1581(c), which provides the Court with exclusive jurisdiction over all civil actions commenced under 19 U.S.C. § 1517.

## STANDING OF PLAINTIFF

5. Plaintiff is the U.S. importer of record of the merchandise subject to CBP's EAPA determinations, and was adversely affected or aggrieved by CBP's actions within the meaning of 5 U.S.C. § 702. Under 19 U.S.C. § 1517(g)(1), Plaintiff therefore may seek judicial review of both TRLED's "determination" under 19 U.S.C. § 1517(c) and OR&R's "review" under 19 U.S.C. § 1517(f), and has standing pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS OF THIS ACTION

6. On January 28, 2022, OR&R sent Plaintiff an email transmitting the final administrative review for EAPA Case No. 7553 (also dated January 28, 2022). The thirtieth business day after January 28, 2022 (excluding seven Saturdays, seven Sundays, and one U.S. holiday) falls on March 14, 2022. Plaintiff is therefore timely filing its Summons, Complaint, Information Statement, and any applicable filing fees within the deadline set by 19 U.S.C. § 1517(g)(1) (*i.e.*, not later than 30 business days after CBP completes an administrative review under 19 U.S.C. § 1517(f)).

## PROCEDURAL HISTORY AND BACKGROUND

7. On April 21, 2020, the U.S. Department of Commerce ("DOC") issued an

antidumping ("ADD") duty order and countervailing ("CVD") duty order on wooden cabinets and vanities and components from the People's Republic of China ("China"). *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22,126 (Apr. 21, 2020) and *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Apr. 21, 2020) ("The Orders").

8. On October 20, 2020, MasterBrand Cabinets, Inc. ("MasterBrand") submitted its Request for an Investigation under the Enforce and Protect Act (hereinafter, "Investigation Request") with completely redacted Skyview DCNTAG post-receipt data report information documents added to the administrative record. Skyview was never provided with a copy of the unredacted version.

9. On November 13, 2020, CBP initiated an investigation against Skyview pursuant to the EAPA based on allegations by MasterBrand, EAPA Case No. 7553. Masterbrand alleged that the Importers entered wooden cabinets, vanities, and components ("WCV") of Chinese origin, into the United States, by transshipment through Malaysia, via manufacturer Rowenda Kitchen Sdn. ("Rowenda"), to evade the payment of antidumping and countervailing duties ("AD/CVD") on WCV from the China, as required in Case Nos. A-570-106 and C-570-107. Skyview was never provided with a copy of the unredacted version. At this time, Skyview was not aware that an investigation had been initiated against it. *See Memorandum to the File, initiation of Investigation for EAPA Case Number 7558 – Skyview Cabinet USA Inc* (Nov. 13, 2020) (hereinafter, "Initiation Memo").

10. On November 24, 2020, Skview received a CF-28 Request for Information ("RFI") from CBP regarding the Subject Entry (hereinafter, "November Request"), wherein CBP

3

requested further documents and information related to such entry.

11. In order to properly respond to CBP's November Request, Skyview contacted the supplier of the Subject Merchandise, Rowenda Kitchen Sdn. ("Rowneda"), requesting it to provide the information needed.

12. On December 18, 2020, January 28, 2021, and February 9, 2021, Skyview responded to CBP with documentation concerning the November Request.

13. On February 19, 2021, CBP formally notified Skyview of the EAPA Investigation and imposed interim measures against it. *See Notice of Initiation of Investigation and Interim Measures: Consolidated EAPA Case 7553* (Feb. 19, 2021) (hereinafter, "Notice of Initiation").

14. CBP's Notice of Initiation further defined the scope of the EAPA Investigation as beginning on October 22, 2019, throughout the pendency of the Investigation. As a result, one Skyview entry was subject to the EAPA Investigation and was thus covered by CBP's EAPA Determinations.

15. Skyview entered its Subject Entry on March 15, 2020.

16. On March 15, 2021, TRLED sent Skyview a kitchen sink request for information, to which Plaintiff timely responded on April 8, 2021.

17. On April 12, 2021, TRLED sent Skyview a supplemental request for information, to which Plaintiff timely responded on April 20, 2021 and April 23, 2021.

18. On June 7, 2021, Skyview submitted its voluntary submission of factual information to the administrative record associated with this EAPA Investigation (hereinafter, "Voluntary Submission").

19. On June 24, 2021, Masterbrand submitted comments on the voluntary submission

of factual information filed by Skyview.

20. On July 1, 2021, Skyview submitted its written argument, pursuant to 19 C.F.R. § 165.26(a), in response to Masterbrand's EAPA Allegation, and to CBP's February 19, 2021 Notice of Initiation (hereinafter, "Skyview's Written Argument"). Masterbrand also submitted its written argument on July 1, 2021.

21. On July 15, 2021, Skyview submitted a response to Masterbrand's July 1, 2021 written argument (hereinafter, "Skyview's Response"), pursuant to 19 C.F.R. § 165.26(b); on the same day, Masterbrand also filed its response to the written arguments submitted by the parties to this EAPA Investigation, including to Skyview's Written Argument.

22. On September 16, 2021, CBP issued its final determination as to evasion, finding that there was substantial evidence that Skyview "entered into the customs territory of the United States through evasion" merchandise covered by the Orders. See Notice of Final Determination as to Evasion in EAPA Consolidated Case Number 7553 (Sep. 16, 2021) (available at https://www.cbp.gov/document/publications/eapa-cons-case-7553-various-importers-notice-determination-evasion-september, last visited Mar. 10, 2022) (hereinafter, "Final Determination").

23. On October 28, 2021, Skyview timely filed a request for *de novo* administrative review of the Final Determination, pursuant to 19 U.S.C. § 1517(f)(1) and 19 C.F.R. § 165.41(a) (hereinafter, "Skyview's Request for Review").

24. On November 16, 2021, Masterbrand filed its response to the request for administrative review in HQ Case No. H321677 (EAPA Cons. Case No. 7553).

25. On January 28, 2022, the OR&R affirmed CBP's Initial Determination. *See Admin. Review Determination in EAPA Consolidated Case Number 7553* (Jan. 28, 2022) (hereinafter, "Review Determination"). This appeal follows.

## STATEMENT OF CLAIMS

## COUNT I

26. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 by reference.

27. CBP's finding of evasion against Skyview is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because it failed to demonstrate, by substantial evidence, that at the time the Subject Entry was made, the WCV was covered merchandise within the meaning of EAPA. 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

28. It is well known that "the Commissioner shall make a determination, based on *substantial evidence*, with respect to whether such covered merchandise was entered into the customs territory of the United States through evasion." 19 U.S. Code § 1517(c)(1)(A) (emphasis added).

29. "Substantial evidence is 'more than a mere scintilla,' but 'less than the weight of the evidence.' *Altx, Inc. v. United States*, 370 F.3d 1108, 1116 (Fed. Cir. 2004).

30. " 'A finding is supported by substantial evidence if a reasonable mind might accept the evidence as sufficient to support the finding.' *Maverick Tube Corp. v. United States*, 857 F.3d 1353, 1359 (Fed. Cir. 2017) (citing *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). 'The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.' *CS Wind Vietnam Co. v. United States*, 832 F.3d 1367, 1373 (Fed. Cir. 2016). This includes 'contradictory evidence or evidence from which conflicting inferences could be drawn.' *Suramerica de Aleaciones Laminadas, C.A.*

6

*v. United States*, 44 F.3d 978, 985 (Fed. Cir. 1994) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951))." *Huzhou Muyun Wood Co., Ltd. v. United States*, 279 F.Supp.3d 1215, 1227 (2017).

31. Evasion is defined as "the entry of *covered merchandise* into the customs territory of the United States for consumption by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material and that results in any cash deposit or other security of any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise." 19 U.S.C. § 1517(a)(5)(A) (emphasis added). Covered merchandise means merchandise that is subject to an antidumping and/or countervailing duty order. 19 U.S.C. § 1517(a)(3).

32. What constitutes production records is not defined by EAPA laws. However, in making determinations, CBP has considered "relevant facts and observations" with respect to a shipper's "company ownership, operations, and recordkeeping", "raw material[s]", "invoices", "production capability and capacity" and "payroll records". *Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2020) (currently being appealed).

33. CBP disregarded production data provided by Skyview and instead arbitrarily/questionably/numerously characterized/described Skyview's submissions, including:

- "Even if considered reliable, the submissions did not demonstrate production of the WCV in Malaysia"
- "failed to provide adequate and reliable evidence"

- "failed to establish the existence of WCV production in Malaysia"

- "provided no production records"

- "even if credible/reliable (which they are not), do not demonstrate manufacturing in Malaysia"

- "provided no production records to substantiate such claim"

- "there is nothing in the record to demonstrate, what, if any, manufacturing of WCV actually occurred in Malaysia"

- "inadequate to substantiate Skyview's claim of Malaysian-origin WCV"

- "documents fail to rise to the level of production documents needed to substantiate Skyview's claim that the actual production of its WCV occurred in Malaysia"

- "provided various invoices, without providing a thorough connection to the merchandise imported into the United States"

- "documents contradict" and "exhibits contradict themselves"

- "do not demonstrate actual production"

- "does not constitute sufficient production records"

- "even if the June 7th Submission were probative, it does not constitute sufficient production records"

- "fully reviewed the information and rightfully determined it was not probative, and potentially fraudulent, due to its numerous inconsistencies"

- "hodgepodge of any documents it could obtain, or potentially create, without verifying their accuracy and relation to its entries under investigation, and with no regard to their discrepancies"

- "information is not credible, and we determine it to be unreliable"
- "manufacturer did not provide production records to explain those discrepancies, but instead signed sworn affidavits attesting to the use of a completely different supply chain"
- "only support in the record for the position that the entries are of Malaysian origin are purported supply chain and production documents, the accuracy of which is in question"

*Review Determination* at 6-9, 11, 13, 15.

34. Contrary to CBP's discrepancy determination, e.g., Skyview entered into the administrative record a Besgrade Plywood Sdn Bhd invoice to Skyview with its *Voluntary Submission* in Exhibit 9. *Review Determination* at 11.

## COUNT II

35. Plaintiff hereby restates and incorporates Paragraphs 1 through 34 by reference.

36. CBP's application of adverse inferences Rowenda and against Skyview as a result, as made in its Final Determination (to the extent that CBP's OR&R did not affirm such application of adverse inferences in its Review Determination), was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because CBP unlawfully interpreted and applied such provision. 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

37. "If the Commissioner finds that a party …or person … has failed to cooperate by not acting to the best of the party or person's ability to comply with a request for information, the Commissioner may, in making a determination [of evasion]…, use an inference that is adverse to the interests of that party or person in selecting from among the facts otherwise

available to make the determination." 19 U.S.C. § 1517(c)(3)(A). *See also* 19 C.F.R. § 165.6(a).

38. Courts have been addressing the best of ability element for antidumping statues and regulations administered by the DOC. Moreover, 19 U.S.C. § 1517(c)(3)(A) postdates the statute (19 U.S.C. § 1677e(b)(1)(A)) that governs the DOC in applying adverse inferences against respondents who fail to act to the best of their ability in complying with agency antidumping requests. "The 'best of its ability' standard compels respondents to take reasonable steps to keep and maintain complete records that they would reasonably be called upon to produce in an antidumping investigation." *Diamond Sawblades Manufacturers' Coalition v. United States*, 415 F.Supp.3d 1365, 1372 (CIT. 2019) (quoting *Nippon Steel Corp. v. United States,* 337 F.3d 1373, 1382-84 (Fed. Cir. 2003)).

39. "An adverse inference cannot be applied unless it is first appropriate to use facts otherwise available. 19 U.S.C. § 1677e(b). And then, only if an interested party also 'fail[s] to cooperate by not acting to the best of its ability to comply with a request for information' can Commerce use an adverse inference when choosing from those facts available. *Id*. § 1677e(b)(1). Otherwise, '[a]bsent a valid decision to use facts otherwise available' *and* a finding that a respondent failed to 'act[ ] to the best of its ability,' 'Commerce may not use an adverse inference.' " *Guizhou Tyre Co., Ltd. v. United States*, 415 F.Supp.3d 1335, 1342 (CIT. 2019) (emphasis added) (quoting *Shandong Huarong Machinery Co. v. United States,* 435 F.Supp.2d 1261, 1274, 1289 (2006)).

40. The Federal Circuit explains that a party acts "to the best of its ability" when it "put[s] forth its maximum effort to provide Commerce with full and complete answers to all inquiries in an investigation." *Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1382

(Fed. Cir. 2003). The adverse inference, as such, is party-act specific. The Federal Circuit does carve out an exception, allowing application of adverse inferences against a party that can, but does not, use its relationship with a related party (e.g., a supplier) to induce it to produce necessary missing information. *Mueller Comercial de Mexico S. De R.L. de C.V. v. United States*, 753 F.3d 1227, 1233–34 (Fed. Cir. 2014).

41. CBP ignored the carve out exception where Skyview could not induce Rowenda in producing necessary information. *Skyview's Request for Review* at 10.

42. CBP drawing an inference adverse to the interests of Rowenda and directly against Skyview's interest, that substantial evidence exists that Skyview evaded the AD/CVD orders as a result, is not proper under appliable case law. *Review Determination* at 4-5, 7. See also F*inal Determination* at 7, 13. Simply put, CBP cannot an make an adverse inference to an importer where the importer is powerless in inducing a shipper to produce records.

43. Adverse inferences provision, as applied by CBP, deprives the investigated party of notice as to what information is missing and opportunity to redress the missing information before a final determination is reached, violating the party's right to a meaningful and fair proceeding.

## COUNT III

44. Plaintiff hereby restates and incorporates Paragraphs 1 through 43 by reference.

45. CBP's determination that Skyview's imports were "covered merchandise" was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

46. If the Commissioner is unable to make a covered merchandise determination, the Commissioner shall refer the matter to the administering authority. 19 U.S.C. § 1517(b)(4).

47. CBP did not prove that any particular component was of China origin and did not show that any Malaysia components substantially transformed the WCV into a product of China origin.

48. Instead, CBP seemed to rely on "some" business confidential information out of the purview of Skyview in stating that "some evidence presented that some operations may have been performed in Malaysia with respect to components imported from China" or that Skyview somehow admitted that all components were sourced from China. *Review Determination* at 9, 13.

## COUNT IV

49. Plaintiff hereby restates and incorporates Paragraphs 1 through 48 by reference.

50. CBP did not fully comply with all procedures that EAPA sets forth. 19 U.S.C. § 1517(g)(2)(A).

51. Contrary to 19 U.S.C. § 1517(c)(1)(A), CBP failed to make its determination based on "substantial evidence" by erroneously shifting the burden of proof to and onus on Skyview *Review Determination* at 7, 13, 15. This finding was also arbitrary and capricious, and an abuse of discretion, because CBP wrongfully applied the standard of review—under the EAPA statute, CBP must find, by substantial evidence, that evasion has occurred; conversely, the importer does not have to disprove the allegation by substantial evidence, but merely by evidence sufficient to fairly detract from the substantiality of the evidence, which Skyview did.

52. It is well-known that CBP, "[p]rior to making a determination under §165.27, CBP may in its discretion verify information in the United States or foreign countries collected under §165.23 as is necessary to make its determination." 19 C.F.R. § 165.25. See also 19 U.S.C. § 1517(c)(2)(B).

53. "Absent constitutional constraints or extremely compelling circumstances{,} the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *Vt. Yankee Nuclear PowerCorp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 543, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978). (internal quotation marks and citation omitted) "{A}accuracy is a compelling justification, which is not outweighed by finality in this case, and the scope of the remand request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332, 1339 (*Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2013). Since CBP is administering antidumping laws, it should be following the lead of Commerce with "an overriding purpose … to calculate dumping margins *as accurately as possible*". (emphasis added) *Parkdale Intern. v. United States*, 475 F.3d 1375, 1390 (Fed. Cir. 2007) (citing *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990)).

54. It is clear that CBP did not verify documentation presented by Skyview.

55. Instead, CBP made conclusory statements that Skyview was required to know its full production chain (well beyond reasonable care) even before importing, and jumped to unsupported decisions that Skyview potentially/fraudulently created supplier documentation. *Review Determination* at 7, 13, 15.

56. The Court has found that the belief of CBP that no level of culpability/intentional/purposeful attempt is required for evasion determinations is insufficient as a matter of law. "First, Customs' comment that it 'does not need to determine any level of culpability only that evasion occurred with entry' is unclear at best and potentially tautological. Second, even if Customs' statement were readily comprehensible, neither the text of the EAPA statute nor 19 C.F.R. 165.1 supports Customs' statement that it does not need to establish "any level of culpability." See 19 U.S.C. § 1517(a)(5)(A); 19 C.F.R. § 165.1." *Diamond Tools Tech. v. United States,* Slip Op. 21-151, at 60 (Ct. Int'l Trade 2021). CBP made no such culpability finding/determination here. It seems that CBP left off this finding in its Review Determination. *Review Determination* at 14.

57. Parties to EAPA investigations are required to certify that all statements/documents "are accurate and true to the best of my knowledge and belief" for which Skyview certified throughout the EAPA investigation and proceedings. 19 C.F.R. §165.5(b).

58. CBP also wrongly added timely and costly full supply chain assessment requirements that are not simply part of EAPA framework (and reasonable care), that could not conceivably be accomplished within the short timeframes to produce records.

## COUNT V

59. Plaintiff hereby restates and incorporates Paragraphs 1 through 58 by reference.

60. CBP's administration of the investigatory and administrative proceedings, including its decisions not to release evidence necessary for Skyview to raise its defenses and to heavily redact administrative record submissions, is arbitrary, capricious, an abuse of

discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

61. "[T]he courts have recognized that one 'relatively immutable' principle of due process is that 'where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.'" *Ramirez v. Dep't of Homeland Sec.*, 975 F.3d 1342, 1350 (Fed. Cir. 2020) (quoting *Greene v. McElroy*, 360 U.S. 474, 496 (1959)).

62. There is no doubt that Skyview was entitled to all evidence that CBP placed into the record. Investigations under the EAPA are "fairly characterized as 'relatively formal administrative procedure[s]' that adjudicate parties' rights." *Pesquera Mares Australes Ltda. v. United States*, 266 F.3d 1372, 1381 (Fed. Cir. 2001). Skyview has a significant financial stake in the outcome of the EAPA investigation and has a right to procedural due process in the course of the proceeding. *See NEC Corp. v. United States*, 151 F.3d 1361, 1370-71 (Fed. Cir. 1998).

63. Due process means that: "A party is entitled . . . to know the issues on which decision will turn and to be apprised of the factual material on which the agency relies for decision so that he may rebut it. Indeed, the Due Process Clause forbids an agency to use evidence in a way that forecloses an opportunity to offer a contrary presentation." *Bowman Transp., Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 288 n.4 (1974). "[T]he very foundation of the adversary process assumes that use of undisclosed information will violate due process because of the risk of error." *Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995). *See also* Henry J. Friendly, *Some Kind of Hearing*, U. Pa.

L. Rev. 1267 (1975) ("There can . . . be no fair dispute over the right to know the nature of the evidence on which the administrator relies.").

64. Just as a court "cannot affirm the sufficiency of [agency evidence that it] cannot see," *Flyers Rights Education Fund, Inc. v. Federal Aviation Admin.*, 864 F.3d 738, 746 (D.C. Cir. 2017), a respondent cannot defend itself against evidence it cannot see. This Court has recognized that an agency's decision to withhold evidence on which it purports to rely is an egregious violation of the standard of fairness agencies are expected to uphold when administering their responsibilities. *See Doty v. United States*, 53 F.3d 1244, 1251 (Fed. Cir. 1995). Yet that is precisely what happened in this case.

65. At every stage of the evasion investigation, CBP refers to and relies upon business confidential information paid for and the produced by Masterbrand. *See, e.g.*, *Initiation Memo* at 2-4; *Final Determination* at 1-2, 5-7; *Review Determination* at 6, 8-10, 14.

66. This "take our word for it" approach to administrative adjudication was condemned by the Supreme Court long ago. An agency may not "content[] itself with saying that . . . 'I looked at the statistics . . . and they teach me thus and so.' This will never do if hearings and appeals are to be more than empty forms." *Ohio Bell Tel. Co. v. Pub. Utils. Comm'n of Ohio*, 301 U.S. 292, 303 (1937).

67. CBP deprived Skyview of the opportunity to review, evaluate, and comment on business confidential data and, consequently, a fair opportunity to defend itself.

68. Instead, CBP waited until its *Review Determination* to state differences between what Masterbrand submitted behind closed doors and what Skyview submitted. "We also note, while these photos are redacted, as business confidential, the third-party site ["corporate"] investigator provided widely different pictures of the manufacturer's facilities as

16

compared to Skyview's submitted photos, purporting to establish factory capabilities and production." *Review Determination* at 10. Despite relying on the photographs as evidence of transshipment, CBP never provided copies of such to Skyview.

69. CBP's statement that, "although it was MasterBrand that provided the research, the foreign market research and third-party corporate investigation, were conducted by *disinterested entities*, including U.S. government agencies, not parties to the case" is simply unfounded and incorrect. (emphasis added). *Review Determination* at 14.

70. CBP clearly and incorrectly relied on what it believed to be "evidence of basic transshipment", "sudden shift in shipment patterns", and business confidential research without any verification. *Review Determination* at 8-10.

## COUNT VI

71. Plaintiff hereby restates and incorporates Paragraphs 1 through 70 by reference.

72. CBP's determinations based on Masterbrand's purported business confidential evidence are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, as the decisions are based on inadmissible hearsay. 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

73. "Hearsay is an out of court statement offered "to prove the truth of the matter asserted in the statement." Fed.R.Evid. 801(c). Hearsay is inadmissible at trial unless a federal statute, Federal Rule of Evidence, or other rule prescribed by the Supreme Court provides otherwise. Fed.R.Evid. 802."

74. "Unless modified by agency rules, evidence is admitted in administrative proceedings in accordance with § 556(d) of the APA, which provides: 'Any oral or documentary evidence may be received, but the agency as a matter of policy shall provide

17

for the exclusion of irrelevant, immaterial, or unduly repetitious evidence.' 5 U.S.C. § 556(d) (1988); see also 3 K. Davis, Administrative Law Treatise § 16.1-1 (Supp.1989), § 16.5 (1980). The APA further provides that 'relevant evidence' may be admitted in administrative hearings. 5 U.S.C. § 556(c)(3) (1988). If hearsay evidence satisfies the APA standard, agencies may consider it in light of its ' 'truthfulness, reasonableness, and credibility'.' *Veg-Mix, Inc. v. U.S. Dep't of Agriculture*, 832 F.2d 601, 606 (D.C.Cir.1987) (quoting *Johnson v. United States*, 628 F.2d 187, 190-91 (D.C.Cir.1980)). The CIT has specifically recognized that administrative proceedings are governed by the APA, not the Federal Rules of Evidence. See *Baltimore Security Warehouse Co. v. United States*, 9 CIT 641, 645, 1985 WL 25793 (1985) (hearsay evidence admissible in proceeding to revoke bonded warehouse status); *Allen Robbins and Robbins, Inc. v. James A. Baker*, 14 CIT 275, ----, Slip Op. 90-40, at 4, 1990 WL 62640 (Apr. 27, 1990) (charges in license revocation proceeding need not be proven in accordance with Federal Rules of Evidence)." However, "[t]he Supreme Court expressly found that under the APA, hearsay evidence is admissible 'up to the point of relevancy.' Id. at 410, 91 S.Ct. at 1431-32 …See, e.g., *Veg-Mix, Inc.*, 832 F.2d at 606 (hearsay evidence meeting APA standards of admissibility may be assessed according to truthfulness, reasonableness and credibility); *Calhoun v. Bailar*, 626 F.2d 145, 148-49 (9th Cir.1980) (probative value, reliability and fairness must be weighed to determine admissibility of hearsay evidence), cert. denied, 452 U.S. 906, 101 S.Ct. 3033, 69 L.Ed.2d 407 (1981); *Schaefer v. United States*, 633 F.2d 945, 952, 224 Ct.Cl. 541 (1980) (hearsay evidence admissible if sufficiently convincing to a reasonable mind and sufficient assurance of truthfulness exists)."

75. Concerning the truthfulness, reasonableness, credibility, probative value, reliability, and fairness, the Plaintiff posit that a reasonable mind could determine that the statements (including those secret) are not inherently reliable and are biased towards, prejudice against, and is adverse to the Plaintiff.

## PRAYER FOR RELIEF AND JUDGMENT

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Enter judgment in favor of Plaintiff;

(B) Hold and declare that CBP's covered merchandise determination was unlawful;

(C) Hold and declare that CBP's substantial evidence was unlawful;

(D) Hold and declare that CBP's other "evasion" determinations unlawful;

(E) Hold and declare that CBP failed fully to comply with all procedures that the EAPA statute sets forth in connection with CBP's decisions;

(F) Hold and declare that CBP's regulations, and application of those regulations, denied procedural due process protections owed to Skyview;

(G) Remand this matter to CBP for disposition consistent with the final opinion and order of the Court;

(H) Award Plaintiff a judgment for costs, including reasonable attorney fees, in accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(I) Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/S/ Kyl J. Kirby

**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
*Counsel to Skyview Cabinet USA, Inc.*

Date: March 10, 2022