# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE:   THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| SKYVIEW CABINET USA, INC., | : |
| Plaintiff, | : |
| v. | : **Court No. 1:22-cv-00080** |
| UNITED STATES, | : **PUBLIC DOCUMENT** |
| Defendant, | : |
| AND | : |
| MASTERBRAND CABINETS, INC. | : |
| Defendant-Intervenor. | : |

## BRIEF IN SUPPORT OF PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT UPON THE AGENCY RECORD

Kyl J. Kirby
**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
*Counsel to Skyview Cabinet USA, Inc.*

Date: July 18, 2022

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii

I.    STATEMENT PURSUANT TO USCIT R. 56.2(c) ..................................................1

  A. Administrative Determination Sought to Be Reviewed ............................................1

  B. Issues of Law ..................................................................................................1

II.   STANDARD OF REVIEW .................................................................................2

III.  STATEMENT OF FACTS ..................................................................................5

IV.  ARGUMENT ...................................................................................................11

  A. CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because CBP failed to establish, by "substantial evidence," that Skyview's subject entry was covered merchandise at the time made, as required under 19 U.S.C. § 1517(c)(1)(a) .........11

  B. CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures and because CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because CBP unlawfully applied adverse inferences against Skyview ...........................................................................................................20

  C. CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP made a country of origin determination without conferring with the U.S. Department of Commerce ...............................................................................................................25

  D. CBP's findings of evasion against Skyview unlawful because CBP erroneously shifted the burden of proof to Skyview ...............................................................28

  E. CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to notify Skyview of detracting evidence and because CBP failed to consider detracting evidence and because CBP did not release business confidential information …...30

  F. CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures and findings are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP unlawfully relied on disallowed hearsay in its substantial evidence determination …………...34

V.   CONCLUSION AND RELIEF SOUGHT ............................................................36

# TABLE OF AUTHORITIES

**Cases**

*Allen Robbins and Robbins, Inc. v. James A. Baker*, 14 CIT 275, ----, Slip Op. 90-40, 1990 WL 62640 (Apr. 27, 1990) ……………………………………………..…35

*Altx, Inc. v. United States*, 370 F.3d 1108 (Fed. Cir. 2004) ................................................13

*Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045 (9th Cir. 1995) …………...31

*Apex Frozen Foods Private Ltd. v. United States*, 862 F.3d 1322 (Fed. Cir. 2017) ............4

*Barnhart v. U.S. Treas. Dep't*, 7 CIT 295, 303, 588 F. Supp. 1432 (1984) .......................32

*Baltimore Security Warehouse Co. v. United States*, 9 CIT 641, 1985 WL 25793 (1985) …………………………………………………………………………………...35

*Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332 (CIT. 2013) ...........................................................................................................26, 28

*Bowman Transp., Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281 (1974) .....4, 31

*Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156 (1962) ............................4, 13

*Calhoun v. Bailar*, 626 F.2d 145 (9th Cir.1980) ……………………………………..35

*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971) .......................................4

*Canadian Solar Int'l Ltd. v. United States*, 43 CIT ——, 415 F. Supp. 3d 1326 (2019) …………………………………………………………………………………..22

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) ...................................................................................................................................3-4

*Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197 (1938) ................................................13

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966) ...…14

*Consol. Fibers, Inc. v. United States*, 32 C.I.T. 24, 535 F. Supp. 2d 1345 (2008) .........3, 26

*CS Wind Vietnam Co. v. United States*, 832 F.3d 1367 (Fed. Cir. 2016) ...........................13

*Diamond Tools Tech. v. United States*, 545 F.Supp.3d 1327 (Ct. Int'l Trade 2021) ……...30

*Diamond Sawblades Manufacturers' Coalition v. United States*, 415 F.Supp.3d 1365 (CIT.

2019) ...........................................................................................................22

*Doty v. United States*, 53 F.3d 1244 (Fed. Cir. 1995) …………………………………….31

*Flyers Rights Education Fund, Inc. v. Federal Aviation Admin.*, 864 F.3d 738 (D.C. Cir. 2017) ……………………………………………………………………………………….31

*Garg Tube Export LLP v. United States*, 527 F.Supp.3d 1362 (Ct. Int'l Trade 2021) ……22

*Gerritsen v. Shirai*, 979 F.2d 1524 (Fed. Cir. 1992) ………….........................................3, 27

*Greene v. McElroy*, 360 U.S. 474 (1959) …………………………………………………30

*Grobest & I-Mei Industrial (Vietnam) Co. v. United States*, 36 CIT __, __, 815 F. Supp. 2d 1342 (2012) ...........................................................................................................5, 27, 32

*Guizhou Tyre Co., Ltd. v. United States*, 415 F.Supp.3d 1355 (CIT. 2019) .....................22

*Hartford Fire Ins. Co. v. United States*, 918 F. Supp. 2d 1376 (Ct. Int'l Trade 2013) ...3, 27

*Icdas Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States*, 426 F. Supp. 3d 1353 (Ct. Int'l Trade 2020) ....................................................................................................3

*In re Gartside*, 203 F.3d 1305 (Fed. Cir. 2005) ............................................................3, 26

*Johnson v. United States*, 628 F.2d 187 (D.C.Cir.1980) …………………………..35

Judgement of 1981, 452 U.S. 906, 101 S.Ct. 3033, 69 L.Ed.2d 407 (1981) …………35

*LaChance v. Erickson*, 522 U.S. 262, 266 (1998) ............................................................32

*Maverick Tube Corp. v. United States*, 857 F.3d 1353 (Fed. Cir. 2017) ...........................13

*Mid Continent Nail Corp. v. United States*, 34 C.I.T. 512, 712, F.Supp.2d 1370 (2010) ...32

*Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983) ......3, 26

*Mueller Comercial de Mexico S. De R.L. de C.V. v. United States*, 753 F.3d 1227 (Fed. Cir. 2014) …………………………………………………………………………………22

*NEC Corp. v. United States*, 151 F.3d 1361 (Fed. Cir. 1998) …………………………….31

*Nippon Steel Corp. v. United States*, 337 F.3d U.S. 197 (1938) .............................13, 21-22

*NTN Bearing Corp. v. United States*, 74 F.3d 1204 (Fed. Cir. 1995) .....................5, 27, 32

*Parkdale Intern. v. United States*, 475 F.3d 1375 (Fed. Cir. 2007) ..............................26, 29

*Pesquera Mares Australes Ltda. v. United States*, 266 F.3d 1372, 1381 (Fed. Cir. 2001) .31

*Ohio Bell Tel. Co. v. Pub. Utils. Comm'n of Ohio*, 301 U.S. 292 (1937) ……………...…32

*PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751 (Fed. Cir. 2012) ...................32

*Ramirez v. Dep't of Homeland Sec.*, 975 F.3d 1342 (Fed. Cir. 2020) ……………………30

*Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185 (Fed. Cir. 1990) ........................26, 29

*Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2020) ……………………………………………………………………………14, 26, 28

*Schaefer v. United States*, 633 F.2d 945, 224 Ct.Cl. 541 (1980) ……………………35

*Shandong Huarong Machinery Co. v. United States*, 435 F.Supp.2d 1261 (2006) ......23, 29

*Shandong Dongfang Bayley Wood Co. v. United States*, 375 F. Supp. 3d 1339 (Ct. Int'l Trade 2019) ............................................................................................3, 23, 26

*Shanxi Hairui Trade Co. v. United States*, 503 F.Supp.3d 1307 (Ct. Int'l Trade 2021) …14

*SKF USA, Inc. v. United States*, 537 F.3d 1373 (Fed. Cir. 2008) …………………...…13

*Star Fruits S.N.C. v. United States*, 393 F.3d 1277 (Fed. Cir. 2005) ............................4, 27

*Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177 (Fed. Cir. 1994) ..................................3, 27

*Suramerica de Aleaciones Laminadas, C.A. v. United States*, 44 F.3d 978 (Fed. Cir. 1994) ....................................................................................................................13

*Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951) ....................................................13

*United States v. Univar USA Inc.*, 294 F.Supp.3d 1314 (Mar. 2, 2018) ………...……......35

*Veg-Mix, Inc. v. U.S. Dep't of Agriculture*, 832 F.2d 601 (D.C.Cir.1987) …………...35

*Vietnam Finewood Company Ltd. v. United States*, 466 F.Supp.3d 1273 (Ct. Int'l Trade 2020) ……………………………………………………………………………25

*Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) .....................................................................................26, 28

*Z.A. Sea Foods Private Ltd. v. United States*, Court No. 21-00031, Slip Op. 22-36 (Ct. Int'l Trade 2022) ……………………………………………………………..…13

**Statutes**

5 U.S.C. § 706 …………………………………………….…………...3, 20, 25, 28, 34, 36

5 U.S.C. § 556(c)(3) …………………………………………………………........34

5 U.S.C. § 556(d) ………………………………………………………........34

19 U.S.C. § 1517(a)(5)(A) ...................................................................12, 30

19 U.S.C. § 1517(a)(3) ...................................................................12

19 U.S.C. § 1517(b)(1)(4) ...................................................................25

19 U.S.C. § 1517(b)(4)(A) …………………………………………………….25

19 U.S.C. § 1517(c) ...................................................................1, 20, 24

19 U.S.C. § 1517(c)(3) ...................................................................20

19 U.S.C. § 1517(c)(1)(A) ...............................................2, 11-12, 16, 20, 25, 28-29, 34, 36

19 U.S.C. § 1517(c)(2)(B) ...................................................................28, 36

19 U.S.C. § 1517(c)(3)(A) ...................................................................20-21

19 U.S.C. § 1517(c)(3)(B) …………………………………………………....20

19 U.S.C. § 1517(f) ...................................................................1, 24

19 U.S.C. § 1517(g)(2)(A) ...................................................................3, 30, 36

19 U.S.C. § 1517(g)(2)(B) ...................................................................3, 20, 25, 28, 34, 36

19 U.S.C. § 1677e(b) ...................................................................21

19 U.S.C. § 1677e(b)(1)(A) ...................................................................21

**Other Authorities**

3 Charles H. Koch, Jr., *Administrative Law and Practice* § 9.24[1] (3d ed. 2021) ……....14

3 K. Davis, *Administrative Law Treatise* § 16.1-1 (Supp.1989), § 16.5 (1980) ……..34

8A *West's Fed. Forms*, National Courts § 3.6 (5th ed. 2020) ………………………14

Fed.R.Evid. 801(c) …………………………………………………………...34

Fed.R.Evid. 802 ………………………………………………………………...34

Henry J. Friendly, *Some Kind of Hearing*, U. Pa. L. Rev. 1267 (1975) …………………..31

*Investigation of Claims of Evasion of Antidumping and Countervailing Duties*, 81 Fed. Reg. 56,477, 56,479 (Aug. 22, 2016) ……………………………………………………...32

*Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22,126 (Apr. 21, 2020) …………………..5

*Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Apr. 21, 2020) …………...……6

**Regulations**

19 C.F.R. § 165.1 …..……………………………………………………………30

19 C.F.R. § 165.5(b) …………………………………………………………………20

19 C.F.R. § 165.6(c) …………………………………………………………………20

19 C.F.R. § 165.16(a) ………………………………………………………….....25

19 C.F.R. § 165.23 …………………………………………………………….....28

19 C.F.R. § 165.25 …………………………………………………………….....28

19 C.F.R. § 165.27 …………………………………………………………….....28

19 C.F.R. § 165.41(a) ..………………………………………………………….11

## I.      USCIT RULE 56.2 STATEMENT

In accordance with Rule 56.2(c)(1) of the Rules of the U.S. Court of International Trade, Plaintiff, Skyview Cabinet USA, Inc. ("Skyview") identifies, in sections I.A. and I.B, respectively, the administrative decision it seeks for the Court to review and identifies the issues of law presented.

### A.      Administrative Determination Subject To Appeal

This action is an appeal from U.S. Customs and Border Protection's ("CBP")  (a) September 16, 2021, affirmative final determination as to Enforce and Protect Act ("EAPA") "evasion" issued by U.S. Customs and Border Protection's ("CBP") Trade Remedy & Law Enforcement Directorate ("TRLED") in EAPA Case Number 7553 under 19 U.S.C. § 1517(c) (hereinafter, "Final Determination"); and (b) January 28, 2022, decision under 19 U.S.C. § 1517(f) issued by CBP's Office of Regulations & Rulings ("OR&R") in Administrative Review number H321677 affirming TRLED's September 16, 2021, F*inal Determination* (hereinafter, "Review Determination") (collectively, the "EAPA Determinations").[1] CBP's EAPA Determinations covered an entry of wooden cabinets, vanities, and components ("WCV") made by Plaintiff (hereinafter, "Subject Entry").

### B.      Issues Of Law Presented

1.  Whether CBP's findings of evasion against Skyview are arbitrary, capricious, an

    abuse of discretion, and otherwise not in accordance with law, because CBP failed

---

[1] In EAPA investigations, CBP does not publish its determinations in the Federal Register. Plaintiff, therefore, cannot provide a Federal Register citation, as USCIT Rule 56.2(c)(1) requests. Further, although CBP publishes copies of final determinations as to evasion on its website, it does not do the same for determinations it reaches on appeal. As such, Plaintiff can only provide the Court with an administrative record cite.

to establish, by "substantial evidence," that Skyview's subject entry was covered merchandise at the time made, as required under 19 U.S.C. § 1517(c)(1)(a)?

2. Whether CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures and because CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because CBP unlawfully applied adverse inferences against Skyview?

3. Whether CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP made a country of origin determination without conferring with the U.S. Department of Commerce?

4. Whether CBP's findings of evasion against Skyview unlawful because CBP erroneously shifted the burden of proof to Skyview?

5. Whether CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to notify Skyview of detracting evidence and because CBP failed to consider detracting evidence and because CBP did not release business confidential information?

6. Whether CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures and findings are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP unlawfully relied on disallowed hearsay in its substantial evidence determination?

## II.      STANDARD OF REVIEW

EAPA requires the Court to review whether CBP "***fully complied with all procedures*** under subsections (c) {(governing TRLED's "evasion" determination)} and (f) {(governing OR&R's review)} . . . " 19 U.S.C. § 1517(g)(2)(A) (emphasis added). The Court is also required to review "***whether any*** determination, finding, or conclusion" under EAPA is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 19 U.S.C. § 1517(g)(2)(B). (emphasis added). *See also* 5 U.S.C. § 706. The court has found an agency to act in "an arbitrary and capricious manner if 'it entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.' " *Shandong Dongfang Bayley Wood Co. v. United States*, 375 F. Supp. 3d 1339, 1344 (Ct. Int'l Trade 2019) (quoting *Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983)). In turn, the Court must "analyze whether a rational connection exists between the agency's fact findings and its ultimate actions." *See Consol. Fibers, Inc. v. United States*, 32 C.I.T. 24, 35-36, 535 F. Supp. 2d 1345, 1354 (2008) (citing *In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2005)). The court will find an abuse of discretion where an agency decision "1) is clearly unreasonable, arbitrary, or fanciful; 2) is based on an erroneous conclusion of law; 3) rests on clearly erroneous fact findings; or 4) follows from a record that contains no evidence on which the {agency} could rationally base its decision." *Hartford Fire Ins. Co. v. United States*, 918 F. Supp. 2d 1376, 1378 (Ct. Int'l Trade 2013) (quoting *Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177, 1182 (Fed. Cir. 1994) and *Gerritsen v. Shirai*, 979 F.2d 1524, 1529 (Fed. Cir. 1992)). The court determines whether an agency action is "in accordance with law" based on the two-prong

test established in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See, e.g.*, *Icdas Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States*, 429 F. Supp. 3d 1353, 1357 (Ct. Int'l Trade 2020). Under the first prong, the court examines whether the statute unambiguously addresses the "precise question at issue" in the case. *Id.* (quoting *Chevron*, 467 U.S. at 843). If the answer to that question is "yes, 'that is the end of the matter,' and {the court} must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting *Apex Frozen Foods Private Ltd. v. United States*, 862 F.3d 1322, 1329 (Fed. Cir. 2017) & *Chevron*, 467 U.S. at 842-43). Only where "the statute is silent or ambiguous with respect to the specific issue" does the court evaluate the agency's interpretation of the statute. *See id.* An agency acts in an arbitrary and capricious manner when it fails to "articulate a satisfactory explanation" for a conclusion reached; courts frequently explain the applicable standard as an agency's failure to annunciate a "rational connection between the facts found and the choice made." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962). In reviewing an arbitrary and capricious challenge to agency action, the reviewing court will "consider whether the {agency's} decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Bowman Transp., Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281, 285 (1974); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971). The Federal Circuit explains that an agency abuses its discretion when its decision is "based on an erroneous interpretation of the law, . . . or represents an unreasonable judgment in weighing relevant factors." *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005) (citation omitted). This Court, in assessing the reasonableness of an agency's decision to reject allegedly pertinent

information, finds the following factors relevant to its analysis—burden of incorporating

the information; probability of such information increasing the accuracy of calculated

dumping margins, if incorporated; and the agency's interest in ensuring finality. *See*

*Grobest & I-Mei Industrial (Vietnam) Co. v. United States*, 36 CIT __, __, 815 F. Supp. 2d

1342, 1365–67 (2012) (holding that an agency abused its discretion by rejecting untimely,

but not burdensome to incorporate, information that, if considered, likely would have

resulted in the agency reaching a different conclusion); *see also NTN Bearing Corp. v.

United States*, 74 F.3d 1204, 1207–08 (Fed. Cir. 1995) (holding that it was an abuse of

discretion for an agency to reject corrective information that would have prevented

imposition of millions of dollars' worth of unjustified duties).

### III.    STATEMENT OF FACTS

As outlined below, CBP (1) initiated an EAPA investigation and imposed

interim measures on the basis of "transshipment" (*i.e.*, that Skyview allegedly imported –

through Malaysia – China-origin WCV covered by antidumping ("AD") and

countervailing ("CVD") orders (PR 28)[2]; (2) issued an affirmative final determination of

"evasion" (P.R. 187); and (3) affirmed its final determination (PR 197).

On March 25, 2020, the Subject Entry was entered by Skyview. PR 39 at 522 / CR

22 at 317.

On April 21, 2020, the U.S. Department of Commerce ("Commerce") issued an

AD duty order and a CVD duty order on WCV from the People's Republic of China

---

[2] On April 19, 2021, Defendant's counsel filed on the docket of this action the
administrative record underlying the EAPA Investigation. This brief will refer to these
submissions as "Administrative Record," and will identify a confidential document
through "CR" and a public document through "PR," as appropriate.

("China"). *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22,126 (Apr. 21, 2020) and *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Apr. 21, 2020) (hereinafter "Orders").

On October 13, 2020, the alleger, MasterBrand Cabinets, Inc. ("MasterBrand") filed an EAPA allegation of evasion with TRLED against Skyview. *See Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act* ("Allegation"). PR 3. On October 21, 2020, Masterbrand supplemented its Allegation, PR 8. On October 30, 2020, Masterbrand submitted a completely redacted Skyview DCNTAG post-receipt data report, PR 20. *See Notice of initiation of an investigation and interim measures taken as to Skyview concerning evasion of the Orders* (Feb. 19, 20121) PR 98 (hereinafter, "Notice of Initiation and Interim Measures") (available at: https://www.cbp.gov/sites/default/files/assets/documents/2021-Feb/02-19-2021%20-%20TRLED%20-%20NOI%20and%20Interim%20Measures%20%28508%20compliant%29%20-%20%28Cons%20Case%207553%29%20-%20PV.PRf, last accessed July 18, 2022). Skyview was never provided with a copy of the unredacted version.

CBP acknowledged receipt of Masterbrand's "properly filed" Allegation on October 22, 2020. On November 13, 2020, CBP initiated an investigation against Skyview pursuant to the EAPA based on allegations by MasterBrand, EAPA Case No. 7553. Masterbrand alleged that Skyview entered WCV of Chinese origin, into the United States,

by transshipment through Malaysia, via manufacturer Rowenda Kitchen Sdn. ("Rowenda"), to evade the payment of antidumping and countervailing duties on WCV from the China, as required in Case Nos. A-570-106 and C-570-107. Skyview was never provided with a copy of the unredacted version. At this time, Skyview was not aware that an investigation had been initiated against it. *See Memorandum to the File, initiation of Investigation for EAPA Case Number 7558 – Skyview Cabinet USA Inc* (Nov. 13, 2020). PR 28.

On November 24, 2020, Skview received a CF-28 Request for Information from CBP regarding the Subject Entry (hereinafter, "November Request"), wherein CBP requested further documents and information related to such entry. PR 37 / CR 20. In order to properly respond to CBP's *November Request*, Skyview contacted the supplier of the Subject Merchandise, Rowenda Kitchen Sdn. ("Rowneda"), requesting it to provide the information needed.

On December 18, 2020, January 28, 2021, and February 9, 2021, Skyview responded to CBP with documentation concerning the *November Request* as related to a country of origin analysis:

1.  On December 18, 2020, Subject Entry entry package with Malaysia certificate of origin showing and wire to Rowenda, PR 39 at 523 at / CR 22 at 317

2.  On January 28, 2021, Rowenda ownership (incorporated 2009) and manufacturer location (16, Jalan KPK 1/1, Kawasan Perindustrian Kundang, Kundang Jaya, 48020 Rawang, Selangor Darul Ehsan, Malaysia), PR 52 / CR 33

3.  On February 8, 2021, Rowenda material suppliers (plywood, hardware, carton) on February 8, 2021, PR 55 / CR 35

7

4.      On February 9, 2021, production facility pictures, PR 56-58, 66-67, 71 / CR 36-38, 45-46, 50

5.      On February 9, 2021, outside facility pictures, PR 69, 76, 81-82 / CR 48, 55, 58-59

6.      On February 9, 2021, administration facility pictures, PR 62-63 / CR 41-42

7.      On February 9, 2021, production machinery pictures, PR 59-60, 64-65, 72, 75, 80 / CR 39-40, 43-44, 51, 54, 57

8.      On February 9, 2021, employee records for production weeks before February 12, 2020 export date, PR 70, 77, CR 49, 56

9.      On February 9, 2021, business license, PR 73 / CR 52

10.     On February 9, 2021, production process flow, PR 74 / CR 53

11.     On February 9, 2021, supplier invoices, PR 83-85 / CR 60-62

      (A)     November 20, 2019 invoice to Rowenda from Besgrade Plywood Sdn Bhd for 4,450,316,000 $mm^2$

12.     On February 9, 2021, sales catalog and company profile demonstrating company history from 1984 (started operations well before ADD/CVD case), organization chart, and photographs of production lines, PR 78-79

On February 19, 2021, CBP formally notified Skyview of the EAPA Investigation and imposed interim measures against it. *See Notice of Initiation of Investigation and Interim Measures: Consolidated EAPA Case 7553* (Feb. 19, 2021) (hereinafter, "Notice of Investigation"). PR 98 / CR 69. CBP's *Notice of Initiation* further defined the scope of the EAPA Investigation as beginning on October 22, 2019, throughout the pendency of the Investigation. As a result, one Skyview entry was subject to the EAPA Investigation and was thus covered by CBP's EAPA Determinations.

On March 15, 2021, pursuant to 19 C.F.R. § 165.23(a), despite the volume of documentation already submitted, CBP sent Skyview its typical EAPA kitchen sink request for information (hereinafter "March RFI"). PR 116. On April 8, 2021, Skyview replied timely (after extension requests) to the *March RFI* with documentation as related to a country of origin analysis:

- Rowenda material suppliers (plywood, hardware, carton), PR 135 at 11 / CR 91 at 127

- Rowenda ownership (incorporated 2009), PR 135 at 12 / CR 91 at 128

- Sales contract at, PR 135 at 23 / CR 91 at 139

- Subject Entry package with certificate of origin, PR 135 at 83 / CR 91 at 202

- Item listing by purchase order, PR 135 at 92 / CR 91 at 208

On April 23, 2021, Skyview provided the following documentation in response to CBP's supplemental EAPA request for information (PR 137 / CR 92) as related to a country of origin analysis:

- Skyview flight itineraries to support Skyview representative visits to Rowenda, PR 144 at 232 / CR 95 at 305

On June 7, 2021, Skyview submitted additional voluntary information to the administrative record pursuant to 19 C.F.R. § 165.23 (hereinafter, "Voluntary Submission"). PR 155. Among the Rowenda documents (except PR 169) that Skyview presented were:

- Rowenda bill of material, Rowenda production schedules, and Rowenda purchase requisition, PR 156

- Rowenda list of items and quantities by purchase order, PR 157

- Rowenda production schedule and loading plan, PR 158

- Rowenda raw material stock control, PR 159

- Contract between Rowenda and Roxy Heritage Furniture Manufacturer Sdn. Bhd. ("Roxy"), PR 160

- Roxy stock control, PR 161

- Roxy weekly production schedules, PR 162

- Roxy weekly production schedules, PR 163

- Rowenda supplier invoices, PR 164

- Roxy supplier invoices, PR 165

- Rowenda supply chain documents, PR 166

- Rowenda supply chain documents, PR 167

- Rowenda supply chain documents, PR 168

- Public information provided by Skyview, PR 169

- Miscellaneous Roxy documents, PR 170

On June 24, 2021, Masterbrand submitted comments on the *Voluntary Submission* filed by Skyview.

On July 1, 2021, Skyview submitted its written argument, pursuant to 19 C.F.R. § 165.26(a), in response to Masterbrand's EAPA Allegation, and to CBP's February 19, 2021 Notice of Initiation (hereinafter, "Skyview's Written Argument"). PR 178. Masterbrand also submitted its written argument on July 1, 2021.

On July 15, 2021, Skyview submitted a response to Masterbrand's July 1, 2021 written argument (hereinafter, "Skyview's Response"), pursuant to 19 C.F.R. § 165.26(b) PR 179; on the same day, Masterbrand also filed its response to the written

arguments submitted by the parties to this EAPA Investigation, including to *Skyview's Written Argument*.

On September 16, 2021, CBP issued its *Final Determination* as to evasion, finding that there was "substantial evidence" that Skyview "entered into the customs territory of the United States through evasion" merchandise covered by the Orders. *See* Notice of Final Determination as to Evasion in EAPA Consolidated Case Number 7553 (Sep. 16, 2021) (available at https://www.cbp.gov/document/publications/eapa-cons-case-7553-various-importers-notice-determination-evasion-september, last visited July 18, 2022). PR 187 / CR 107.

On October 28, 2021, Skyview timely filed a request for *de novo* administrative review of the Final Determination, pursuant to 19 U.S.C. § 1517(f)(1) and 19 C.F.R. § 165.41(a) (hereinafter, "Skyview's Request for Review"). PR 188-189.

On November 16, 2021, Masterbrand filed its response to the request for administrative review in HQ Case No. H321677 (EAPA Cons. Case No. 7553).

On January 28, 2022, the OR&R affirmed CBP's *Final Determination* with its *Review Determination*. *See Admin. Review Determination in EAPA Consolidated Case Number 7553* (Jan. 28, 2022). PR 197. This appeal follows.

## IV.    ARGUMENT

CBP's determinations that Skyview "evaded" the Orders cannot be sustained because CBP committed fatal legal and factual errors with respect to elements required to make an affirmative determination of "evasion".

**A. CBP's Findings Of Evasion Against Skyview Are Arbitrary, Capricious, An Abuse Of Discretion, And Otherwise Not In Accordance With Law, Because CBP Failed To Establish, By Substantial Evidence, That Skyview's Subject**

**Entry Was Covered Merchandise At The Time Made, As Required Under 19 U.S.C. § 1517(c)(1)(A)**

Under EAPA, CBP investigates and determines "whether . . . *covered merchandise* was entered into the customs territory of the United States through *evasion*." 19 U.S.C. § 1517(c)(1)(A) (emphasis added). Evasion is defined as "the entry of *covered merchandise* into the customs territory of the United States for consumption by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material and that results in any cash deposit or other security of any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise." 19 U.S.C. § 1517(a)(5)(A) (emphasis added). Covered merchandise means merchandise that is subject to an antidumping and/or countervailing duty order. 19 U.S.C. § 1517(a)(3). Further, CBP' determination whether covered merchandise entered the United States through evasion must be "based on *substantial evidence*." *Id.* § 1517(c)(1)(A) (emphasis added). Thus, as recognized by CBP itself, EAPA outlines three elements for the agency to address in order to reach an affirmative determination: (1) whether the entries in question are covered merchandise (as discussed above) when they entered into the customs territory of the United States; (2) whether such entries were made by a material false statement or act or material omission; and (3) whether there was a resulting reduction or avoidance of applicable AD/CVD cash deposits or other security. *See Notice of Final Determination as to Evasion*, issued in EAPA Cons. Case No.: 7257 (Oct. 9, 2019) (available at: https://www.cbp.gov/document/guidance/eapa-investigation-cons-case-number-7257-prime-stainless-products-llc-notice-final, last accessed July 18, 2022 ); *see also Notice of Final Determination as to Evasion*, issued in EAPA Case No.: 7184 (Sept. 17, 2019)

(available at: https://www.cbp.gov/document/guidance/eapa-investigation-number-7184-diamond-tools-technology-llc-notice-final, last July 18, 2022). What constitutes "substantial evidence" is not defined by EAPA laws. However, this Court and other courts have interpreted the requirement.

"Substantial evidence is 'more than a mere scintilla,' but 'less than the weight of the evidence.' *Altx, Inc. v. United States*, 370 F.3d 1108, 1116 (Fed. Cir. 2004). *See also Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006). " 'A finding is supported by substantial evidence if a reasonable mind might accept the evidence as sufficient to support the finding.' *Maverick Tube Corp. v. United States*, 857 F.3d 1353, 1359 (Fed. Cir. 2017) (citing *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also* 'The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.' *CS Wind Vietnam Co. v. United States*, 832 F.3d 1367, 1373 (Fed. Cir. 2016). This includes 'contradictory evidence or evidence from which conflicting inferences could be drawn.' *Suramerica de Aleaciones Laminadas, C.A. v. United States*, 44 F.3d 978, 985 (Fed. Cir. 1994) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951))." *See also Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006). *See also SKF USA, Inc. v. United States*, 537 F.3d 1373, 1378 (Fed. Cir. 2008) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "For an agency's determination to be supported by substantial evidence, the agency must 'articulate [a] rational connection between the facts found and the choice made.' *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)." *Z.A. Sea Foods Private Ltd. v. United States*, Court No. 21-00031, Slip Op. 22-36 at 10-11 (Ct. Int'l Trade 2022). **"**Substantial evidence has also been described as "something less than the weight

of evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). Fundamentally, though, "substantial evidence" is best understood as a word formula connoting a reasonableness review. 3 Charles H. Koch, Jr., *Administrative Law and Practice* § 9.24[1] (3d ed. 2021). Therefore, when addressing a substantial evidence issue raised by a party, the court analyzes whether the challenged agency action "was reasonable given the circumstances presented by the whole record." 8A *West's Fed. Forms*, National Courts § 3.6 (5th ed. 2020)." *Shanxi Hairui Trade Co. v. United States*, 503 F.Supp.3d 1307, 1310-11 (Ct. Int'l Trade 2021).

Although not defined by EAPA, in making "substantial evidence" determinations, CBP has considered "relevant facts and observations" with respect to a shipper's "company ownership, operations, and recordkeeping", "raw material[s]", "invoices", "production capability and capacity" and "payroll records". *Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294, 1299 (Ct. Int'l Trade 2020) (currently being appealed). Indeed, as provided by Rowenda, Skyview presented a volume of *Royal Brush* "substantial evidence" factor documentation. See the Statement of Facts section above.

Importantly, as discussed in the *Final Determination*, CBP did not even review "production documentation" past the "CF28" process that concluded on February 9, 2021, just before its *Notice of Investigation* on February 19, 2021. CBP's Star Chamber already made up its mind and the remaining administrative procedure appears to simply be a waste of time in direct violation of 19 U.S.C. § 1517(c). CBP took Masterbrand's hook, line, and sinker without any apparent investigation. In the *Notice of investigation*, CBP stated,

"That evidence is from the allegation and cited in the NOI indicating WCV imported by the remaining two importers under investigation, Deco and Skyview, was not produced in Malaysia and instead originated in China (*i.e.*, country trade patterns, Rowenda Kitchen trade patterns, information provided in an affidavit in the allegation, and ***failure of the importers to provide production documentation in CF28 responses***). Therefore, CBP concludes ***substantial evidence*** exists that Deco and Skyview evaded the AD/CVD orders. Furthermore, ***while not necessary for CBP's determination, the existence of various discrepancies and omissions with respect to the RFI responses*** of Deco and Skyview also call into question the accuracy of information provided by those importers." (emphasis added). (PR 187 at 428 / CR 107 at 169). Nowhere did CBP list out the various discrepancies and omissions that were relevant to a country of origin analysis. Instead, CBP focused non-"production documentation" items within its decision. *Id*. CBP also became infatuated with the same importer certification that was used for all submissions up and until *Skyview's Response* to unlawfully remove the probative value of the "substantial evidence" submitted in the *Voluntary Submission*. (PR 187 at 429 / CR 107 at 170). Note that CBP did not take issue with the same certificate being utilized for *Skyview's Written Argument* (PR at 178 at 351) and *Skyview's Response* (PR 179 at 380). Importantly, as previously stated in the Administrative Record, "at the time of the submission, SuDan Zhang, signatory to the certification, was knowledgeable of the statements and attachments presented in the new factual submission and believed them to be accurate and true." (PR 189 at 461). CBP's *Final Determination* findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that

Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A).

On January 28, 2022, in its *Review Determination*, CBP stated that, in relying on the unlawful "September 16th Determination", it found "substantial evidence" demonstrating that evasion occurred. (PR 197 at 524). CBP's determination is flawed from the start. Skyview has already shown that the *Final Determination* was based solely on pre-*Notice of Investigation* procedures. Nevertheless, CBP appeared to be fixated on production records[3] with the following characteristics:

- "failed to establish the existence of WCV production in Malaysia", PR at 523

- "failed to provide adequate and reliable evidence", PR at 524

- "provided no production records", PR at 524

- "even if credible/reliable (which they are not), do not demonstrate manufacturing in Malaysia", PR at 524

- "provided no production records to substantiate such claim", PR at 524

- "there is nothing in the record to demonstrate, what, if any, manufacturing of WCV actually occurred in Malaysia", PR at 525

- "inadequate to substantiate Skyview's claim of Malaysian-origin WCV", PR at 527

- "documents fail to rise to the level of production documents needed to substantiate Skyview's claim that the actual production of its WCV occurred in Malaysia", PR at 529

---

[3] *See also* PR 187 at 434 / CR 107 at 175. CBP stated that Skyview did not provide "actual" production documentation by either Rowenda or Roxy and did not provide "actual" country of origin documentation without further explanation.

- "provided various invoices, without providing a thorough connection to the merchandise imported into the United States", PR at 529

- "documents contradict" and "exhibits contradict themselves", PR at 529

- "do not demonstrate actual production", PR at 529

- "does not constitute sufficient production records", PR at 529

- "even if the June 7th Submission were probative, it does not constitute sufficient production records", PR at 529

- "fully reviewed the information and rightfully determined it was not probative, and potentially fraudulent, due to its numerous inconsistencies", PR at 529

- "hodgepodge of any documents it could obtain, or potentially create, without verifying their accuracy and relation to its entries under investigation, and with no regard to their discrepancies", PR at 529

- "information is not credible, and we determine it to be unreliable", PR at 529

- "manufacturer did not provide production records to explain those discrepancies, but instead signed sworn affidavits attesting to the use of a completely different supply chain", PR at 531

- "only support in the record for the position that the entries are of Malaysian origin are purported supply chain and production documents, the accuracy of which is in question", PR at 531

As shown above, Skyview provided a volume of documentation from Rowenda to be used in making "substantial evidence" determinations as described in *Royal Brush, i.e.,* "relevant facts and observations" with respect to a shipper's "company ownership, operations, and recordkeeping", "raw material[s]", "invoices", "production capability and

capacity" and "payroll records". Even where Skyview connected the dots from purchase order information to the shipment (PR 178 at 334), CBP simply disregarded documentation provided by Skyview and instead arbitrarily / questionably / numerously characterized / described Skyview's submissions. CBP stated, "The main discrepancy is that of the Malaysian supply chain; in its July 1, 2021, written argument, Skyview reiterates: "Manufacture's affidavit from Rowenda of the raw materials used in the production of the good stating that the plywood is from a Malaysian supplier, Besgrade Plywood Sdn Bhd (submitted February 9, 2021)" ("Besgrade").[] However, in its Exhibit 11 – Supply Chain Documents, submitted a few weeks earlier with Skyview's June 7th Submission, Besgrade does not appear at all, instead Roxy, Wild Industries Sdn Bhd, Mohd Sobri Bin Md Daud ("Wild Industries"), and Hupp Li Timber Sdn Bhd ("Hupp Li Timber") are the purported suppliers." First, a reasonable person would determine from the affidavit (PR 55 / CR 35 document and PR 135 at 11 and CR 91 at 127) that additional materials, e.g., hardwood (as listed in Roxy contract in PR 160 at 9) for cabinet doors / trim, would be necessary to complete cabinets. Only plywood (Begrade), hardware, and cartons were listed. As discussed above, Skyview submitted Besgrade invoice 10008400 to CBP in Skyview's CF28 Responses on February 9, 2021 (Missing in Administrative Record) and *Voluntary Submission*. PR 164 at 32. CBP's observation is simply incorrect in this regard. Simply put, Skyview connected the dots and CBP failed in its investigation duty. Instead, CBP believed that it "was confronted with evidence of basic transshipments." PR 197 at 524.

CBP also stated that it relied on a third-party corporate investigator's statements regarding Skyview's production capacity. Specifically, "The third-party site visitor also

stated 'there did not appear to be any substantive manufacturing operations at Rowenda

Kitchen's factory in Malaysia.'  Additionally, the site visitor noted that there was only

minor equipment in the factory and the factory did not appear to have any substantial

manufacturing operations." PR 197 at 526. In reviewing/comparing photographs in the

Administrative Record, although it appears that the "corporate investigator" visited

Rowenda's factory location, pictures of the inside of the location seem to be missing from

the Declaration. CR 3 at 239-240. Instead, the pictures pertain to an open area on the left

side of the building (when facing the front side of the building). Compare to the left side

of the building (when facing the front side of the building) in CR 48. Also in CR 48 you

can see what appears to be cabinetry. Additionally, the pictures regarding production areas

and substantial machinery are numerous in the Administrative Record. See production

area pictures at CR 36-38, 45-46, 50 and see production machine pictures at CR 39-40,

43-44, 51, 54, 57. *See also* PR 78 at 813 and PR 79 at 842-843. If the investigator visited

the inside of the main building, the person included no pictures and no list of machines

(versus that listed in CR 57). Moreover, the Administrative Record shows the same

machinery at work in videos. *See* CR 108-111, 112. The painting scheme in CR 111 also

matches that of CR 55. The overall appearance (e.g., number of stories, color scheme of

steel structure, etc.) in production area pictures match that of the outside of the building.

See production facility pictures CR 36-38, 45-46, 50 versus outside facility pictures CR

48, 55, 58-59. Rowenda's documentation is in direct contradiction to that of the

investigator.  Thus, CBP when determining the substantiality of evidence, it failed to take

into account these observations that fairly detracted from its weight. Again, CBP's finding

of evasion against Skyview is arbitrary, capricious, an abuse of discretion, and otherwise

not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A). Thus, this Court should find similarly under 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

**B. CBP's Findings Of Evasion Against Skyview Are Unlawful Because CBP Did Not Follow All EAPA Procedures And CBP's Findings Of Evasion Against Skyview Are Arbitrary, Capricious, An Abuse Of Discretion, And Otherwise Not In Accordance With Law, Because CBP Unlawfully Applied Adverse Inferences Against Skyview**

"If the Commissioner [of CBP] finds that a party or person . . . has failed to cooperate by not acting to the best of the party or person's ability to comply with a request for information, the Commissioner may, in making a determination . . . use an inference that is adverse to the interests of that party or person in selecting from among the facts otherwise available to make the determination." 19 U.S.C. § 1517(c)(3)(A). The statute further provides that an adverse inference as described above may be used with respect to the person subject to an EAPA investigation or the foreign producer or exporter of the merchandise covered under such investigation "without regard to whether another person involved in the same transaction or transactions under examination has provided the information sought by the Commissioner [of CBP]." 19 U.S.C. § 1517(c)(3)(B). The relevant statutory and regulatory framework allows CBP to apply an adverse inference in selecting among the facts otherwise available. 19 U.S.C. § 1517(c). CBP takes an adverse inference for a specific purpose—in furtherance of deciding whether the entity under investigation caused covered merchandise to enter U.S. customs territory through evasion. 19 U.S.C. § 1517(c)(3). And, when it applies an adverse inference, it does so against a certain aspect of the evasion determination, *see* 19 U.S.C. § 1517(c)(3)(B); 19 C.F.R. §

165.6(c), and only if the party against whom the adverse inference is taken failed to cooperate to the best of its ability to comply a specific request for information.

Here, because neither this Court nor the Federal Circuit have had the opportunity to provide further guidance on the adverse inference framework established by EAPA, in order to properly review CBP's application of adverse inferences in an EAPA context, it may be helpful to analyze the adverse inferences framework applied by Commerce in the antidumping and countervailing duty context. While, indeed, CBP and Commerce are different agencies implementing different laws, they do share one common goal— enforcing the terms of an existing antidumping or countervailing duty order and making sure that the correct duties are assessed. Although, admittedly, a different agency and implementing a different statute, the goal is the same—enforce the terms of an existing antidumping or countervailing duty order and collect requisite duties. Given the close enforcement relationship between CBP and the Commerce; the fact that the adverse inferences statutory provision in EAPA so strongly mirrors that in 19 U.S.C. § 1677e(b); and the robust body of law this Court has developed in assessing whether the application of adverse inferences was contrary to law, there is no reason the analytical framework for assessing the application of adverse inferences under EAPA should differ from that under 19 U.S.C. § 1677e(b). Moreover, 19 U.S.C. § 1517(c)(3)(A) postdates the statute (19 U.S.C. § 1677e(b)(1)(A)) that governs Commerce in applying adverse inferences against respondents who fail to act to the best of their ability in complying with agency antidumping requests.

Accordingly, the Federal Circuit has explained that a party acts "to the best of its ability" when it "put[s] forth its maximum effort to provide Commerce with full and

complete answers to all inquiries in an investigation." *Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1382 (Fed. Cir. 2003). "The 'best of its ability' standard compels respondents to take reasonable steps to keep and maintain complete records that they would reasonably be called upon to produce in an antidumping investigation." *Diamond Sawblades Manufacturers' Coalition v. United States*, 415 F.Supp.3d 1365, 1372 (CIT. 2019) (quoting *Nippon Steel Corp. v. United States,* 337 F.3d 1373, 1382-84 (Fed. Cir. 2003)).

With this legal framework in mind, it is clear that the adverse inferences drawn under EAPA must be party-specific. While, indeed, there may be collateral consequences for a cooperating party due to the non-cooperation of a different party, these consequences cannot be the direct result of a different party's lack of cooperation. *See Mueller Comercial de Mexico S. De R.L. de C.V. v. United States*, 753 F.3d 1227, 1233–34 (Fed. Cir. 2014). The Federal Circuit does carve out an exception, allowing application of adverse inferences against a party that can, but does not, use its relationship with a related party to induce it to produce necessary missing information. *Id*. "If Commerce seeks to induce the cooperation of a noncooperating supplier through a cooperating party, there must be, for example, "substantial evidence" that the cooperating party has leverage over the non-cooperating supplier, and that if Commerce is constrained from employing adverse inferences, the non-cooperating party will have an incentive to evade duties by selling merchandise into the United States through the cooperating party. *See*, e.g., *Canadian Solar Int'l Ltd. v. United States*, 43 CIT ——, 415 F. Supp. 3d 1326, 1334–35 (2019)." *Garg Tube Export LLP v. United States*, 527 F.Supp.3d 1362 (Ct. Int'l Trade 2021) 1368. Otherwise, '[a]bsent a valid decision to use facts otherwise available' ***and*** a

finding that a respondent failed to 'act[ ] to the best of its ability,' 'Commerce may not use an adverse inference.' " *Guizhou Tyre Co., Ltd. v. United States*, 415 F.Supp.3d 1335, 1342 (CIT. 2019) (emphasis added) (quoting *Shandong Huarong Machinery Co. v. United States,* 435 F.Supp.2d 1261, 1274, 1289 (2006)).

CBP's implementing regulations are to the same effect, as they provide that the adverse inferences may be drawn by CBP against "***that party***," i.e., the non-cooperating party, and not the one associated with a cooperating party. (emphasis added). Put simply, CBP could have used an adverse inference against the interests of the Malaysian supplier due to its lack of cooperation, but could not use the Malaysian supplier's failure to cooperate to make an adverse inference against Skyview's interests which is what CBP did in this matter.

Here, CBP took an adverse inference against Rowenda, and Skyview as a result. In the *Final Determination* CBP stated, "There is no basis for concluding that Rowenda Kitchen was unable to provide a response to its RFI, and application of adverse inference to that party is appropriate. Rowenda Kitchen's failure to cooperate and comply to the best of its ability to CBP's information requests leads CBP to rely on evidence otherwise on the record regarding identification of the country of origin of merchandise Rowenda Kitchen shipped to the Importers. That evidence is from the allegation and cited in the NOI indicating WCV imported by the remaining two importers under investigation, Deco and Skyview, was not produced in Malaysia and instead originated in China (*i.e.*, country trade patterns, Rowenda Kitchen trade patterns, information provided in an affidavit in the allegation, and failure of the importers to provide production documentation in CF28 responses). Therefore, CBP concludes substantial evidence exists that Deco and Skyview

evaded the AD/CVD orders." PR 187 at 428 / CR 107 at 169. *See also* PR 197 at 520.

Interestingly CBP went on to state, "To the extent that Skyview suggests that adverse

inferences applied to Rowenda somehow unfairly or improperly led to a finding of evasion

as to Skyview, such an argument is without merit. As discussed thoroughly in the

September 16th Determination and herein, Skyview failed to establish the existence of

WCV production in Malaysia as to the products imported by Skyview into the United

States and declared to be of Malaysian origin and thus not subject to AD/CVD. As the

importer, Skyview is responsible to provide CBP with all information necessary to

establish the correct duty amounts for its imports. Skyview's failure to do so is

independent of any failure by Rowenda to cooperate." PR 197 at 523. CBP again failed in

addressing the matter in the "as TLRED did not apply adverse inferences against Skyview,

this review also does not address Skyview's contention that it timely and wholly

complied, to the best of its ability, with CBP's requests." PR 197 at 523. 19 U.S.C. §

1517(f) requires CBP to conduct the review under *de novo* standard. *See* 19 U.S.C. §

1517(f). Therefore, the application of adverse inference should still comply with the

procedures set forth in 19 U.S.C. § 1517 (c). However, as demonstrated herein, Skyview

not only cooperated with CBP's requests of information concerning country of origin

documentation, it had no leverage over Rowenda. CBP ignored the carve out exception

where Skyview could not induce Rowenda in producing necessary information. Simply

put, CBP cannot an make an adverse inference to an importer where the importer is

powerless in inducing a shipper to produce records. Adverse inferences provision, as

applied by CBP, deprives the investigated party of notice as to what information is missing

and opportunity to redress the missing information before a final determination is reached, violating the party's right to a meaningful and fair proceeding.

This evidence fairly detracts from the substantiality of the evidence. Therefore, because CBP abused its discretion when it applied adverse inferences against Skyview, as its decision to do so was based on an erroneous interpretation of the laws governing the application of adverse inferences under EAPA. Again, CBP's finding of evasion against Skyview is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A). Thus, this Court should find similarly under 19 U.S.C. §§ 1517(g)(2)(A), 1517(g)(2)(B) and 5 U.S.C. § 706.

### C. CBP's Findings Of Evasion Against Skyview Are Arbitrary, Capricious, An Abuse Of Discretion, And Otherwise Not In Accordance With Law Because CBP Made A Country Of Origin Determination Without Conferring With Commerce

If the Commissioner is unable to make a "covered merchandise" determination, the Commissioner shall refer the matter to the administering authority. 19 U.S.C. § 1517(b)(1)(4). CBP failed to do so. " If Customs "receives an allegation . . . and is unable to determine whether the merchandise at issue is covered merchandise," Customs must "refer the matter to [Commerce] to determine whether the merchandise is covered merchandise" and "notify the party that filed the allegation, and any other interested party participating in the investigation, of the referral." *Id.* § 1517(b)(4)(A)." *Vietnam Finewood Company Ltd. v. United States*, 466 F.Supp.3d 1273 (Ct. Int'l Trade 2020). "Customs' regulation is, moreover, explicit that "[a] referral is required if at ***any point after receipt of an allegation***, CBP cannot determine whether the merchandise described in an allegation

is properly within the scope of an antidumping or countervailing duty order." 19 C.F.R. §
165.16(a) (emphasis added)." *Id*.

"Absent constitutional constraints or extremely compelling circumstances{,} the
administrative agencies should be free to fashion their own rules of procedure and to
pursue methods of inquiry capable of permitting them to discharge their multitudinous
duties." *Vt. Yankee Nuclear PowerCorp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519,
543, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978). (internal quotation marks and citation omitted)
"{A}accuracy is a compelling justification, which is not outweighed by finality in this
case, and the scope of the remand request is appropriate." *Baroque Timber Industries
(Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332, 1339 (*Royal Brush
Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2013). Since
CBP is administering antidumping laws, it should be following the lead of Commerce
with "an overriding purpose … to calculate dumping margins *as accurately as possible*".
(emphasis added) *Parkdale Intern. v. United States*, 475 F.3d 1375, 1390 (Fed. Cir. 2007)
(citing *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990)). There
must be "a rational connection exists between the agency's fact findings and its ultimate
actions." *See Consol. Fibers, Inc. v. United States*, 32 C.I.T. 24, 35-36, 535 F. Supp. 2d
1345, 1354 (2008) (citing *In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2005)). CBP will
have acted in "an arbitrary and capricious manner if 'it entirely failed to consider an
important aspect of the problem, offered an explanation for its decision that runs counter
to the evidence before the agency, or is so implausible that it could not be ascribed to a
difference in view or the product of agency expertise.' " *Shandong Dongfang Bayley
Wood Co. v. United States*, 375 F. Supp. 3d 1339, 1344 (Ct. Int'l Trade 2019) (quoting

*Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983)).

Abuse of discretion also occurs where an agency decision "1) is clearly unreasonable,

arbitrary, or fanciful; 2) is based on an erroneous conclusion of law; 3) rests on clearly

erroneous fact findings; or 4) follows from a record that contains no evidence on which

the {agency} could rationally base its decision." *Hartford Fire Ins. Co. v. United States*,

918 F. Supp. 2d 1376, 1378 (Ct. Int'l Trade 2013) (quoting *Sterling Fed. Sys., Inc. v.*

*Goldin*, 16 F.3d 1177, 1182 (Fed. Cir. 1994) and *Gerritsen v. Shirai*, 979 F.2d 1524, 1529

(Fed. Cir. 1992)). The Federal Circuit explains that an agency abuses its discretion when

its decision is "based on an erroneous interpretation of the law, . . . or represents an

unreasonable judgment in weighing relevant factors." *Star Fruits S.N.C. v. United States*,

393 F.3d 1277, 1281 (Fed. Cir. 2005) (citation omitted). This Court, in assessing the

reasonableness of an agency's decision to reject allegedly pertinent information, finds the

following factors relevant to its analysis—burden of incorporating the information;

probability of such information increasing the accuracy of calculated dumping margins, if

incorporated; and the agency's interest in ensuring finality. *See Grobest & I-Mei*

*Industrial (Vietnam) Co. v. United States*, 36 CIT __, __, 815 F. Supp. 2d 1342, 1365–67

(2012) (holding that an agency abused its discretion by rejecting untimely, but not

burdensome to incorporate, information that, if considered, likely would have resulted in

the agency reaching a different conclusion); *see also NTN Bearing Corp. v. United States*,

74 F.3d 1204, 1207–08 (Fed. Cir. 1995) (holding that it was an abuse of discretion for an

agency to reject corrective information that would have prevented imposition of millions

of dollars' worth of unjustified duties).

    Here, Skyview respectfully posits that, if CBP cannot make a Malaysia country of

origin based on the facts, it must refer the matter to Commerce. Rowenda documentation submitted by Skyview fairly detracts from "substantial evidence". Instead, CBP seemed to rely on "some" business confidential information out of the purview of Skyview in stating that "some evidence presented that some operations may have been performed in Malaysia with respect to components imported from China" or that Skyview somehow admitted that all components were sourced from China. PR 197 at 525, 529. Any question of the law must be settled by Commerce based on the case law above. CBP's finding of evasion against Skyview is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A). Thus, this Court should find similarly under 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

**D. CBP's Findings Of Evasion Against Skyview Unlawful Because CBP Erroneously Shifted The Burden Of Proof To Skyview**

It is well-known that CBP, "[p]rior to making a determination under §165.27, CBP may in its discretion verify information in the United States or foreign countries collected under §165.23 as is necessary to make its determination." 19 C.F.R. § 165.25. *See also* 19 U.S.C. § 1517(c)(2)(B). "Absent constitutional constraints or extremely compelling circumstances{,} the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *Vt. Yankee Nuclear PowerCorp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 543, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978). (internal quotation marks and citation omitted) "{A}accuracy is a compelling justification, which is not outweighed by finality in this case, and the scope of the remand request is appropriate." *Baroque Timber*

*Industries (Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332, 1339 (*Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2013). Since CBP is administering antidumping laws, it should be following the lead of Commerce with "an overriding purpose … to calculate dumping margins *as **accurately as possible***". (emphasis added) *Parkdale Intern. v. United States*, 475 F.3d 1375, 1390 (Fed. Cir. 2007) (citing *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990)).

Contrary to 19 U.S.C. § 1517(c)(1)(A), CBP failed to make its determination based on "substantial evidence" by erroneously shifting the burden of proof to and onus on Skyview in the *Review Determination*. PR 197 at 522, 528, 530. This finding was also arbitrary and capricious, and an abuse of discretion, because CBP wrongfully applied the standard of review—under the EAPA statute, CBP must find, by "substantial evidence", that evasion has occurred; conversely, the importer does not have to disprove the allegation by "substantial evidence", but merely by evidence sufficient to fairly detract from the substantiality of the evidence, which Skyview did. As stated above, CBP stated that Skyview did not provide "actual" production documentation by either Rowenda or Roxy and did not provide "actual" country of origin documentation without further explanation. PR 187 at 434 / CR 107 at 175. CBP also wrongly added timely and costly "full supply chain" assessment requirements that are not simply part of EAPA framework (and reasonable care), that could not conceivably be accomplished within the short timeframes to produce records. PR 197 at 530.

It is clear that CBP did not verify documentation presented by Skyview. Instead, CBP made conclusory statements that Skyview was required to know its full production chain (well beyond reasonable care) even before importing, and jumped to unsupported

decisions that Skyview potentially / fraudulently created supplier documentation. PR 197 at 522, 528, 530. The Court has found, that the belief of CBP, that no level of culpability / intentional / purposeful attempt is required for evasion determinations, is insufficient as a matter of law. "First, Customs' comment that it 'does not need to determine any level of culpability only that evasion occurred with entry' is unclear at best and potentially tautological. Second, even if Customs' statement were readily comprehensible, neither the text of the EAPA statute nor 19 C.F.R. 165.1 supports Customs' statement that it does not need to establish "any level of culpability." *See* 19 U.S.C. § 1517(a)(5)(A); 19 C.F.R. § 165.1." *Diamond Tools Tech. v. United States*, 545 F.Supp.3d 1327, 1355 (Ct. Int'l Trade 2021). CBP made no such culpability finding / determination here. It seems that CBP left off this finding in its *Review Determination*. PR 197 at 529. Moreover, parties to EAPA investigations are required to certify that all statements/documents "are accurate and true to the best of my knowledge and belief" for which Skyview certified throughout the EAPA investigation and proceedings. 19 C.F.R. §165.5(b). Thus, CBP did not fully comply with all procedures that EAPA sets forth. Specifically, CBP failed to abide by 19 U.S.C. § 1517(g)(2)(A) when making its determination based on "substantial evidence", as it erroneously shifted the burden of proof to Skyview.

E. **CBP's Findings Of Evasion Against Skyview Are Arbitrary, Capricious, An Abuse Of Discretion, And Otherwise Not In Accordance With Law Because CBP Failed To Notify Skyview Of Detracting Evidence And Because CBP Failed To Consider Detracting Evidence And Because CBP Did Not Release Business Confidential Information**

"[T]he courts have recognized that one 'relatively immutable' principle of due process is that 'where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to

show that it is untrue.'" *Ramirez v. Dep't of Homeland Sec.*, 975 F.3d 1342, 1350 (Fed. Cir. 2020) (quoting *Greene v. McElroy*, 360 U.S. 474, 496 (1959)). There is no doubt that Skyview was entitled to all evidence that CBP placed into the record. Investigations under the EAPA are "fairly characterized as 'relatively formal administrative procedure[s]' that adjudicate parties' rights." *Pesquera Mares Australes Ltda. v. United States*, 266 F.3d 1372, 1381 (Fed. Cir. 2001). Skyview has a significant financial stake in the outcome of the EAPA investigation and has a right to procedural due process in the course of the proceeding. *See NEC Corp. v. United States*, 151 F.3d 1361, 1370-71 (Fed. Cir. 1998). Due process means that: "A party is entitled . . . to know the issues on which decision will turn and to be apprised of the factual material on which the agency relies for decision so that he may rebut it. Indeed, the Due Process Clause forbids an agency to use evidence in a way that forecloses an opportunity to offer a contrary presentation." *Bowman Transp., Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 288 n.4 (1974). "[T]he very foundation of the adversary process assumes that use of undisclosed information will violate due process because of the risk of error." *Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995). *See also* Henry J. Friendly, *Some Kind of Hearing*, U. Pa. L. Rev. 1267 (1975) ("There can . . . be no fair dispute over the right to know the nature of the evidence on which the administrator relies."). Just as a court "cannot affirm the sufficiency of [agency evidence that it] cannot see," *Flyers Rights Education Fund, Inc. v. Federal Aviation Admin.*, 864 F.3d 738, 746 (D.C. Cir. 2017), a respondent cannot defend itself against evidence it cannot see. This Court has recognized that an agency's decision to withhold evidence on which it purports to rely is an egregious violation of the standard of fairness agencies are expected to uphold when administering their responsibilities. *See*

*Doty v. United States*, 53 F.3d 1244, 1251 (Fed. Cir. 1995). Yet that is precisely what happened in this case. This "take our word for it" approach to administrative adjudication was condemned by the Supreme Court long ago. An agency may not "content[] itself with saying that . . . 'I looked at the statistics . . . and they teach me thus and so.' This will never do if hearings and appeals are to be more than empty forms." *Ohio Bell Tel. Co. v. Pub. Utils. Comm'n of Ohio*, 301 U.S. 292, 303 (1937).

Simply put, with a meaningless process, CBP failed in its effort to follow the law and violated the rights of Skyview. The U.S. Court of Appeals for the Federal Circuit recognizes that an importer, participating in an administrative proceeding, has a due process right to "notice and a meaningful opportunity to be heard." *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761–62 (Fed. Cir. 2012) (quoting *LaChance v. Erickson*, 522 U.S. 262, 266 (1998)). Further, where a due process right exists, it must be accommodated in both a meaningful manner and time. *See Mid Continent Nail Corp. v. United States*, 34 C.I.T. 512, 513-15, 712 F.Supp.2d 1370, 1372-74 (2010) (quoting *Barnhart v. U.S. Treas. Dep't*, 7 CIT 295, 303, 588 F. Supp. 1432, 1438 (1984)). CBP states that the regulations it promulgated to govern investigations of evasion claims seek "to make the proceedings under the EAPA as transparent as possible and to provide for full participation and engagement by all parties involved in an EAPA proceeding." *Investigation of Claims of Evasion of Antidumping and Countervailing Duties*, 81 Fed. Reg. 56,477, 56,479 (Aug. 22, 2016). "{A} regulation which is not required by statute may, in appropriate circumstances, be waived and must be waived where failure to do so would amount to an abuse of discretion." *NTN Bearing Corp.*, 74 F.3d at 1207. An agency's decision to reject a filing is an abuse of discretion where "the interests of

accuracy and fairness outweigh the burden placed on the {agency} and the interest in finality." *Grobest & I-Mei Indus. (Vietnam) Co. v. United States*, 36 CIT 98, 123, 815 F. Supp. 2d 1342, 1365 (2012).

At every stage of the evasion investigation, CBP refers to and relies upon business confidential information paid for and the produced by Masterbrand. *See*, e.g., *Notice of Investigation* (PR 98 at 904-905 / CR 69 at 87-88); *Final Determination* at (PR 187 at 423, 427-428 / CR 107 at 164, 168-169); *Review Determination* (PR 197 at 522, 524-526, 530. Instead, CBP waited until its *Review Determination* to state differences between what Masterbrand submitted behind closed doors and what Skyview submitted. "We also note, while these photos are redacted, as business confidential, the third-party site ["corporate"] investigator provided widely different pictures of the manufacturer's facilities as compared to Skyview's submitted photos, purporting to establish factory capabilities and production." PR 197 at 526. With now having access to the business confidential documentation, the genie is out of the bottle. As discussed above in detail, there are indeed differences between the investigators photographs and that of Rowenda. The only production like area picture taken was from the outside of the manufacturing location. Also missing from the investigator's pictures are inside pictures of the main production areas and machines. It is worth noting that videos in the Administrative Record also differ from the investigator's depiction of the manufacturing location. Thus, CBP's statement that, "although it was MasterBrand that provided the research, the foreign market research and third-party corporate investigation, were conducted by ***disinterested entities***, including U.S. government agencies, not parties to the case" is simply unfounded and incorrect. (emphasis added). PR 197 at 530. Despite relying on the pictures as evidence of

transshipment, CBP never provided copies of such to Skyview. Despite knowing that the

investigator's pictures fairly detracted from "substantial evidence", CBP failed on

considering the observation and informing Skyview of such a detraction. Thus, CBP

deprived Skyview of the opportunity to review, evaluate, and comment on business

confidential data and, consequently, a fair opportunity to defend itself. CBP's

administration of the investigatory and administrative proceedings, including its decisions

not to release evidence necessary for Skyview to raise its defenses and to heavily redact

administrative record submissions, is arbitrary, capricious, an abuse of discretion, and

otherwise not in accordance with law because CBP failed to establish, by "substantial

evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as

required under 19 U.S.C. § 1517(c)(1)(A). Thus, this Court should find similarly under 19

U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

**F.  CBP's Findings Of Evasion Against Skyview Are Unlawful Because CBP Did Not Follow All EAPA Procedures And Findings Are Arbitrary, Capricious, An Abuse Of Discretion, And Otherwise Not In Accordance With Law Because CBP Unlawfully Relied On Disallowed Hearsay In Its Substantial Evidence Determination**

"Hearsay is an out of court statement offered "to prove the truth of the matter

asserted in the statement." Fed.R.Evid. 801(c). Hearsay is inadmissible at trial unless

a federal statute, Federal Rule of Evidence, or other rule prescribed by the Supreme

Court provides otherwise. Fed.R.Evid. 802." *United States v. Univar USA Inc.*, 294

F.Supp.3d 1314, 1321 (Mar. 2, 2018). "Unless modified by agency rules, evidence is

admitted in administrative proceedings in accordance with § 556(d) of the APA,

which provides: 'Any oral or documentary evidence may be received, but the agency

as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or

unduly repetitious evidence.' 5 U.S.C. § 556(d) (1988); *see also* 3 K. Davis,

*Administrative Law Treatise* § 16.1-1 (Supp.1989), § 16.5 (1980). The APA further provides that 'relevant evidence' may be admitted in administrative hearings. 5 U.S.C. § 556(c)(3) (1988). If hearsay evidence satisfies the APA standard, agencies may consider it in light of its ' 'truthfulness, reasonableness, and credibility'.' *Veg-Mix, Inc. v. U.S. Dep't of Agriculture*, 832 F.2d 601, 606 (D.C.Cir.1987) (quoting *Johnson v. United States*, 628 F.2d 187, 190-91 (D.C.Cir.1980)). This court has specifically recognized that administrative proceedings are governed by the APA, not the Federal Rules of Evidence. *See Baltimore Security Warehouse Co. v. United States*, 9 CIT 641, 645, 1985 WL 25793 (1985) (hearsay evidence admissible in proceeding to revoke bonded warehouse status); *Allen Robbins and Robbins, Inc. v. James A. Baker*, 14 CIT 275, ----, Slip Op. 90-40, at 4, 1990 WL 62640 (Apr. 27, 1990) (charges in license revocation proceeding need not be proven in accordance with Federal Rules of Evidence)." *United States v. Univar USA Inc.*, 030218 USCIT, Slip Op. at 3 15-00215 (Mar. 2, 2018). However, "[t]he Supreme Court expressly found that under the APA, hearsay evidence is admissible 'up to the point of relevancy.' *Id*. at 410, 91 S.Ct. at 1431-32 …*See*, e.g., *Veg-Mix, Inc.*, 832 F.2d at 606 (hearsay evidence meeting APA standards of admissibility may be assessed according to truthfulness, reasonableness and credibility); *Calhoun v. Bailar*, 626 F.2d 145, 148-49 (9th Cir.1980) (probative value, reliability and fairness must be weighed to determine admissibility of hearsay evidence), cert. denied, 452 U.S. 906, 101 S.Ct. 3033, 69 L.Ed.2d 407 (1981); *Schaefer v. United States*, 633 F.2d 945, 952, 224 Ct.Cl. 541 (1980) (hearsay evidence admissible if sufficiently convincing to a reasonable mind and sufficient assurance of truthfulness exists)."

It is clear that CBP heavily relied on business confidential statements made in the pre-*Notice of Investigation* Administrative Record. In the *Final Determination*, as discussed above, CBP relied on "information provided in an affidavit in the allegation". PR 187 at 428 / CR 107 at 169. In the *Administrative Review*, CBP continued its approach with its reliance on the business confidential statements made by the "corporate investigator" hired by Masterbrand. PR 197 at 525-526. Skyview has no knowledge of concerning allegation." *Skyview's Response* (PR 179 at 366) However, the aforementioned business confidential statements are certainly disallowed hearsay and should removed from the Administrative Record and not be considered by CBP. Concerning the probative value, nothing demonstrates the statements are inherently reliable. To the contrary, as discussed above, the investigator failed to provide pictures of the inside of the main production building area as well as providing a machinery list. As to reliability and fairness, statements are biased towards, prejudice against, and is adverse to Skyview based on MasterBrand's employment of the services. Moreover, it does not appear that CBP has conducted a verification or any on-site verification pursuant to 19 U.S.C. § 1517(c)(2)(B). Instead, CBP ceased to investigate the matter past the CF28 stage as discussed above. CBP's finding of evasion against Skyview is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A). Thus, this Court should find similarly under 19 U.S.C. §§ 1517(g)(2)(A), 1517(g)(2)(B) and 5 U.S.C. § 706.

## V.    CONCLUSION AND RELIEF SOUGHT

For the reasons discussed above, Plaintiff respectfully request that the Court:

(1)     Hold and declare that CBP's covered merchandise determination was unlawful;

(2)     Hold and declare that CBP's "substantial evidence" was unlawful;

(3)     Hold and declare that CBP's other "evasion" determinations unlawful;

(4)     Hold and declare that CBP failed fully to comply with all procedures that the

        EAPA statute sets forth in connection with CBP's decisions;

(5)     Hold and declare that CBP's regulations, and application of those regulations,

        denied procedural due process protections owed to SKYVIEW;

(6)     Remand this matter to CBP for disposition consistent with the final opinion and

        order of the Court;

(7)     Award Plaintiff a judgment for costs, including reasonable attorney fees, in

        accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(8)     Grant Plaintiff such additional relief as the Court may deem just and proper.


                                    Respectfully submitted,
                                      /s/ Kyl J. Kirby
                                    Kyl J. Kirby
                                    **KYL J. KIRBY, ATTORNEY AND**
                                    **COUNSELOR AT LAW, P.C.**
                                    1400 Lipscomb Street
                                    Fort Worth, TX 76104
                                    Tel: (214) 632-0841
                                    *Counsel to Skyview Cabinet USA, Inc.*

Date: July 18, 2022

## sWORD COUNT CERTIFICATE OF COMPLIANCE

Pursuant to the U.S. Court of International Trade's Standard Chambers Procedures 2(B)(l), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiff Skyview Cabinet USA, Inc. Plaintiff's Brief, as computed by KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.'s word processing system (Microsoft Word for 365), is 10,594 words.

Respectfully submitted,
  /s/ Kyl J. Kirby
Kyl J. Kirby
**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
*Counsel to Skyview Cabinet USA, Inc.*

Date: July 18, 2022