## UNITED STATES COURT OF INTERNATIONAL TRADE

### BEFORE:    THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| SKYVIEW CABINET USA, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : **Court No. 1:22-cv-00080** |
| | : |
| UNITED STATES, | : **PUBLIC DOCUMENT** |
| | : |
| Defendant, | : |
| | : |
| AND | : |
| | : |
| MASTERBRAND CABINETS, INC. | : |
| | : |
| Defendant-Intervenor. | : |
| | : |

**PLAINTIFF'S REPLY TO DEFENDANT'S AND DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT UPON THE AGENCY RECORD**

Kyl J. Kirby
**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
*Counsel to Skyview Cabinet USA, Inc.*

Date: November 29, 2022

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................ii

I.      INTRODUCTION ......................................................................................1

II.     ARGUMENT ..............................................................................................1

        A.  CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because CBP failed to establish, by "substantial evidence," that Skyview's subject entry was covered merchandise at the time made, as required under 19 U.S.C. § 1517(c)(1)(a) ...........1

        B.  CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures and because CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because CBP unlawfully applied adverse inferences against Skyview ........................................................................................................6

        C.  CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP made a country of origin determination without conferring with the U.S. Department of Commerce ....................................................................................................7

        D.  CBP's findings of evasion against Skyview unlawful because CBP erroneously shifted the burden of proof to Skyview ...............................................…...8

        E.  CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to notify Skyview of detracting evidence and because CBP failed to consider detracting evidence and because CBP did not release business confidential information .......9

        F.  CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures and findings are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP unlawfully relied on disallowed hearsay in its substantial evidence determination .............11

III.    CONCLUSION AND RELIEF SOUGHT ................................................12

# TABLE OF AUTHORITIES

**Cases**

*Allied Tube & Conduit Corp. v. United States*, 132 F. Supp. 2d 1087 (Ct. Int'l Trade 2001) ………………………………………………………………………….…..8

*Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332 (CIT. 2013) ...................................................................................................................6

*Bowman Transp., Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281 (1974) .........10

*Consol. Fibers, Inc. v. United States*, 32 C.I.T. 24, 535 F. Supp. 2d 1345 (2008) ..............8

*Diamond Tools Tech. LLC v. United States*, 545 F. Supp. 3d 1324 (Ct. Int'l Trade 2021) …………………………………………………………………………………10-11

*Downhole Pipe & Equip., L.P. v. United States*, 776 F.3d 1369 (Fed. Cir. 2015) …....……8

*Elbit Sys. of Am., LLC v. Thales Visionix, Inc.*, 881 F.3d 1354 (Fed. Cir. 2018) …...............1

*Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034 (Fed. Cir. 1996) …………………..…8

*Fujitsu Ten Corp. v. United States*, 957 F. Supp. 245 (Ct. Int'l Trade 1997) …………...…7

*Gerritsen v. Shirai*, 979 F.2d 1524 (Fed. Cir. 1992) ………...................................................9

*Hartford Fire Ins. Co. v. United States*, 918 F. Supp. 2d 1376 (Ct. Int'l Trade 2013) ……9

*Hayes v. Dep't of Navy*, 727 F.2d 1535 (Fed. Cir. 1984) ………………………….……12

*In re Gartside*, 203 F.3d 1305 (Fed. Cir. 2000) ....................................................................9

*Johnson v. United States*, 628 F.2d 187 (D.C.Cir.1980) ………………………………….11

*Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983) ...........9

*Nippon Steel Corp. v. United States*, 337 F.3d 1373 (Fed. Cir. 2003) .................................6

*Nippon Steel Corp. v. United States*, 458 F.3d 1345 (Fed. Cir. 2006) ……..…………..2-3

*PAM, S.p.A. v. United States*, 582 F.3d 1336 (Fed. Cir. 2009) ..………………..……..3

*Parkdale Intern. v. United States*, 475 F.3d 1375 (Fed. Cir. 2007) .....................................6

*Primary Steel, Inc. v. United States*, 834 F. Supp. 1374 (Ct. Int'l Trade 1993) …..………8

*Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185 (Fed. Cir. 1990) .............................6

*Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2020)
………………………………………………………………………….....2, 6

*Royal Brush Mfg., Inc. v. United States*, 545 F.Supp.3d 1357 (Ct. Int'l Trade 2021) ……...7

*Shandong Dongfang Bayley Wood Co. v. United States*, 375 F. Supp. 3d 1339 (Ct. Int'l Trade 2019) ....................................................................................................9

*Sunpreme Inc. v. United States*, 946 F.3d 1300 (Fed. Cir. 2020) ......................................…7

*Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177 (Fed. Cir. 1994) ......................................9

*Veg-Mix, Inc. v. U.S. Dep't of Agriculture*, 832 F.2d 601 (D.C.Cir.1987) …………...12

*Vietnam Finewood Company Ltd. v. United States*, 466 F.Supp.3d 1273 (Ct. Int'l Trade 2020) …………………………………………………………………….8

*Z.A. Sea Foods Private Ltd. v. United States*, 569 F.Supp.3d 1338 (Ct. Int'l Trade 2022).
………………………………………………….…………………………….....3

**Statutes**

5 U.S.C. § 706 …………………………………………..………………………………1

19 U.S.C. §1509(a)(1)(A) …………………………….………………………………7

19 U.S.C. § 1517 …………………………………………………………..…7

19 U.S.C. § 1517(a)(5)(A) ..............................................................................11

19 U.S.C. § 1517(b)(4)(A) …………………………………………………...7

19 U.S.C. § 1517(c) ..............................................................................4, 6-7, 10

19 U.S.C. § 1517(c)(1)(A) ..............................................................................1, 6

19 U.S.C. § 1517(c)(2) ..............................................................................6

19 U.S.C. § 1517(c)(2)(B) ..............................................................................8

19 U.S.C. § 1517(c)(3)(A) ..............................................................................7

19 U.S.C. § 1517(g)(2)(A) ......................................................................................1

19 U.S.C. § 1517(g)(2)(B) .....................................................................................1

19 U.S.C. § 1517(h) ………………………………………………………....11

28 U.S.C. § 2637(d) ………………………………………………………………10

**Regulations**

19 C.F.R. § 165.1 …..……………………………………………………………...11

19 C.F.R. § 165.5(b) ………………………………………………………....…..8

19 C.F.R. § 165.23 …………………………………………………………………5-6

19 C.F.R. § 165.26(a)(1) …………………………………………………………....10

I.    **INTRODUCTION**

On behalf of Plaintiff, Skyview Cabinet USA, Inc. ("Skyview"), we respectfully submit this reply to the response brief of Defendant United States Customs and Border Protection ("CBP") and Masterbrand Cabinets, Inc. ("Masterbrand"). *See Defendant's Response In Opposition To Plaintiff's Motion For Judgment On The Agency Record*, September 3, 2022, ECF No. 26 ("Def.'s Resp. Br.") and *Masterbrand Cabinets, Inc.'s Response Brief*, September 4, 2022, ECF No. 29 ("Masterbrand's Resp. Br."), respectively. At the outset, Skyview denies all allegations set forth in the Def.'s Resp. Br. and Masterbrand's Resp. Br. and Skyview reasserts arguments made by Skyview in its *Brief in Support of Plaintiff's Rule 56.2 Motion for Judgment Upon the Agency Record*, October 18, 2022, ECF No. 30 (Pla.'s Br.)

II.    **ARGUMENT**

A.    **CBP Erred In Determining That The Record Contains Substantial Evidence (Def.'s Resp. Br. At 11-17 and Masterbrand's Resp. Br. At 4-10)**

CBP erred in its determination that evasion substantial evidence existed. The Enforce and Protect Act ("EAPA") requires the Court to review whether CBP "***fully complied with all procedures*** under subsections (c) {(governing TRLED's "evasion" determination)} and (f) {(governing OR&R's review)} . . . " 19 U.S.C. § 1517(g)(2)(A) (emphasis added). The Court is also required to review "***whether any*** determination, finding, or conclusion" under EAPA is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 19 U.S.C. § 1517(g)(2)(B). (emphasis added). *See also* 5 U.S.C. § 706. The respondents clearly missed again that CBP did not perform an investigation to determine the substantial evidence mandatory element pursuant to Section 517(C) of the Tariff Act. 19 U.S.C. § 1517(c)(1)(A). *See also Elbit Sys. of Am., LLC v.*

1

*Thales Visionix, Inc.*, 881 F.3d 1354, 1356 (Fed. Cir. 2018) (investigation for substantial evidence required). CBP simply believed that it "was confronted with evidence of basic transshipments." Appx3078. "That evidence is from the allegation and cited in the NOI indicating WCV imported by the remaining two importers under investigation, Deco and Skyview, was not produced in Malaysia and instead originated in China (*i.e.*, **country trade patterns, Rowenda Kitchen trade patterns, information provided in an affidavit in the allegation, and failure of the importers to provide production documentation in CF28 responses**). Therefore, CBP concludes **substantial evidence** exists that Deco and Skyview evaded the AD/CVD orders. Furthermore, **while not necessary for CBP's determination, the existence of various discrepancies and omissions with respect to the RFI responses** of Deco and Skyview also call into question the accuracy of information provided by those importers." (emphasis added). (Appx81618). Although not defined by EAPA, in making "substantial evidence" determinations, CBP clearly did not consider "relevant facts and observations" with respect to a shipper's "company ownership, operations, and recordkeeping", "raw material[s]", "invoices", "production capability and capacity" and "payroll records". *Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294, 1299 (Ct. Int'l Trade 2020) (currently being appealed). The defendant respondent's reliance on *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1352 (Fed. Cir. 2006) is misplaced. First, the case did not involve EAPA procedures. Second, the procedures in the case are much more substantial. "The Commission engaged in substantial research and analysis prior to issuing its initial affirmative material injury determination. It created, distributed, and analyzed responses to detailed questionnaires sent to all seven domestic TCCSS producers, as well as the five largest domestic purchasers of TCCSS. From

producers, the Commission obtained and analyzed information on production, geographic scope of sales, pricing and discounting practices, capacity utilization, shipments, inventories, and employment. From purchasers, the Commission obtained and analyzed information on final bids of domestic and Japanese suppliers, negotiation tactics, and purchasing volume, and attempted to verify producers' lost sale allegations. Two Commission staff members visited complainant Weirton Steel's premises and interviewed several employees regarding the TCCSS manufacturing process, negotiations, pricing, and contracts. In addition, Commissioners heard a full day of testimony, including that of officers of four domestic purchasers, the CEO of Weirton Steel, and seven members of Congress, including Senator John D. Rockefeller IV." *Id*. Clearly CBP did not comply with all EAPA procedures and the CBP determination was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Thus, a reasonable mind would not accept as adequate to support a substantial evidence conclusion. See *PAM, S.p.A. v. United States*, 582 F.3d 1336, 1339 (Fed. Cir. 2009).

The respondents perpetuate the same deficiencies. Instead, the respondents point to aggregate, coincidental trade data (not specific to Skyview) between countries. Def.'s Resp. Br. 12-13 and Masterbrand's Resp. Br. 1, 4-5. Simply put, the aggregate data does not specifically link (there is no "substantial evidence" as a result) wooden cabinets and vanities and components thereof ("WCV") from China to Malaysia to Skyview. *See also Z.A. Sea Foods Private Ltd. v. United States*, 569 F.Supp.3d 1338, 1350-51 (Ct. Int'l Trade 2022) (U.S. Department of Commerce ("Commerce") failed to articulate a reasoned connection between the underlying trade data facts and specific shipments exported to the

U.S.). The respondents also rely on a paid for (by Masterbrand) third-party corporate investigator statements that are inconsistent with the record. Skyview. Def.'s Resp. Br. 13 and Masterbrand's Resp. Br. 1, 5-6. The investigator made substantive / major manufacturing operations statements without seemingly setting foot inside Rowenda Kitchen SDN. BHD's ("Rowenda") production facility and at the same time Masterbrand is attempting to invalidate (questioning where taken or when taken) the photos and videos that are on the record. Masterbrand's Resp. Br. 6. See a more in-depth discussion concerning related photographs / movie coverage at Pl. Br. at 19-20. It is undisputable that photographs and video clearly show production equipment within Rowenda's facility. Both respondents attempt to downplay / minimize facts presented by Skyview to claim unreliable / uncredible / make irrelevant facts with such language as using discrepancies, deficiencies, inconsistencies, and omissions. Def.'s Resp. Br. 13-17 and Masterbrand's Resp. Br. 2, 6-10. However, while it is true that Skyview "connected the dots" concerning production records (Pla.'s Br. 18), CBP failed to investigate any perceived discrepancies, deficiencies, inconsistencies, and omissions as required by law. 19 U.S.C. § 1517(c). Moreover, any perceived discrepancies, deficiencies, inconsistencies, and omissions were not fatal. As requested, Skyview provided CBP the purchase order covering the merchandise in question, regardless of the format. Def.'s Resp. Br. 14. The defendant respondent also took exception to the certifications signed by Skyview. Def.'s Resp. Br. 15. However, Skyview has consistently held that it was knowledgeable of the statements made and attachments presented and believed them to be accurate and true. *See Request for Administrative Review of U.S. Customs and Border Protection's September 16, 2021 Final Determination as to Evasion* ("Req. for Admin. Rev."). Appx3016-3017. Both respondents

focused on specific language between Rowenda and Roxy Heritage Furniture

Manufacturer SDN. BHD. ("Roxy") not mentioning cabinets. Def.'s Resp. Br. 16 and

Masterbrand's Resp. Br. 7. However, the contract involved hardwood / board products

(Appx2563-2564) and it is reasonable that a furniture maker could also make cabinet parts

(Def.'s Resp. Br. 16 and Masterbrand's Resp. Br. 7). The respondents also are focused on

kitchen sink non-production records that are not relevant. A local manufacturer visit,

Skyview accounting records, tax returns are irrelevant in terms of production records.

Def.'s Resp. Br. 13-14 and Masterbrand's Resp. Br. 8. Hardly could CBP and Masterbrand

claim that the facts presented by Skyview are not reliable / credible / relevant. The

respondents also claim that the Roxy documentation was untimely but presented no legal

support. Def.'s Resp. Br. 15 and Masterbrand's Resp. Br. 2, 7, 9-10. To the contrary,

submissions of factual information are allowed under law no later than 200 calendar days

after CBP initiated the investigation. 19 C.F.R. § 165.23. Here, the submission was timely

since CBP initiated the investigation on November 13, 2020 (Appx1423) and Skyview

submitted the factual information on June 7, 2021 (Appx2504-2530) within the extended

deadline (Appx2499). The respondents also continue to place reliance on the idea that

Skyview knew of Roxy's role at the time of the request for information submissions,

concealing Roxy's involvement. Def.'s Resp. Br. 15 and Masterbrand's Resp. Br. 9.

However, Skyview has continually held a position that it was unaware of Roxy. *See* Req.

for Admin. Rev. (Appx3016). Both respondents state that Rowenda's lack of responses are

"substantial evidence" (Def.'s Resp. Br. 15-16 and Masterbrand's Resp. Br. 2, 6, 10)

which is untrue as further explained in the II.B. section below. Moreover, the defendant

respondent goes on to state that Roxy never responded to CBP's requests for information

or another inquiry. Def.'s Resp. Br. 15. Skview is unable to locate any record that CBP

reached out to / investigated Roxy. Both respondents made numerous claims that Skyview

did not present actual production records or that Rowenda / Skyview did not show actual

production. Def.'s Resp. Br. 13-14, 16 and Masterbrand's Resp. Br. 7-9. However, it is

also clear that CBP did not investigate production records pursuant to 19 U.S.C. § 1517(c).

It is indisputable that Skyview presented wooden cabinet production records from

Rowenda and Roxy pursuant to 19 U.S.C. § 1517(c)(2) and 19 C.F.R. § 165.23. Instead,

CBP unlawfully jumped to conclusions as pointed out above.

### B.  CBP Erred That CBP Reasonably Applied An Adverse Inference (Def.'s Resp. Br. At 17-20 and Masterbrand's Resp. Br. At 10-11)

CBP erred in applying an adverse inference against Skyview through Rowenda.

"The mere failure of a respondent to furnish requested information — for any reason —

***requires Commerce to resort to other sources of information to complete the factual***

***record on which it makes its determination***." *Nippon Steel Corp. v. U.S.*, 337 F.3d 1373,

1381 (Fed. Cir. 2003) (emphasis added). Accuracy indeed is an overriding principle in

determining antidumping / countervailing rates / applications. See *Baroque Timber*

*Industries (Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332, 1339, *Royal Brush*

*Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2013), *Parkdale*

*Intern. v. United States*, 475 F.3d 1375, 1390 (Fed. Cir. 2007), and *Rhone Poulenc, Inc. v.*

*United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990)). Here, CBP had the full record (other

evidence) through Skyview from Rowenda (and Roxy) to make a determination pursuant

to 19 U.S.C. § 1517(c) and did not consider production records as discussed II.A. in the

previous section above. Thus, CBP did not comply with all procedures under subsections

(c) and CBP's conclusion jump was arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law. Regardless of how CBP applied the adverse inference, it did so unlawfully. Thus, non-responses by Rowenda and Roxy as discussed in II.A. did not amount to "substantial evidence" that evasion occurred.

Moreover, Skyview cooperated to the best of its ability under 19 U.S.C. § 1517(c)(3)(A) and provided reasonable care documents under importer requirements mandated by section 509(a)(1)(A) of the Tariff Act (19 U.S.C. §1509(a)(1)(A)). Contrary to the respondents' assertions (Def.'s Resp. Br. 19 and Masterbrand's Resp. Br. 10), nothing in the record shows that Skyview had the means (contract, ownership, etc.) to induce Rowenda (and Roxy) to produce documentation during the investigation. Again, CBP had the full record in front of it and instead of investigating the case, it unlawfully jumped to an adverse inference.

### C.  CBP Erred In Declining To Refer The Matter to Commerce (Def.'s Resp. Br. At 20-21 and Masterbrand's Resp. Br. At 11-12)

CBP erred when it did not refer the matter to Commerce to make the "covered merchandise", country of origin determination. 19 U.S.C. § 1517(c). As discussed above (and the Pl. Br. 19), there was conflicting / detracting facts on the record presented by Skyview and Masterbrand. CBP also admitted that "some evidence presented that some operations may have been performed in Malaysia with respect to components imported from China." Appx3079. Moreover, production records and the like to meet a substantial evidence requirement are not defined by the statute. See 19 U.S.C. § 1517. *Sunpreme Inc. v. United States*, 946 F.3d 1300, 1317 (Fed. Cir. 2020) (quoting *Fujitsu Ten Corp. v. United States*, 957 F. Supp. 245, 248 (Ct. Int'l Trade 1997)) (while CBP determines in the first instance whether the goods are subject to existing antidumping or countervailing duty orders and "a decision is 'final and conclusive' unless it is appealed by petition to

7

Commerce.") *See also Vietnam Finewood Co. v. United States*, 466 F. Supp. 3d 1273 (Ct.

Int'l Trade 2020), Here, the second instance should have been appealed to Commerce.

Instead, CBP stated that "no production records" (Appx3078) and "provided no production

records to substantiate such claim" (Appx3078), an inquiry that fits squarely within 19

U.S.C. § 1517(b)(4)(A).

   **D.  CBP Erred In Shifting The Burden Of Proof To Skyview (Def.'s Resp. Br. At
       21-23 and Masterbrand's Resp. Br. At 12-13)**

      Clearly CBP erred in its burden shifting exercise and nothing more. "Customs must

carry its burden of issuing a determination that is supported by substantial evidence, 19

U.S.C. § 1517(c)(1)(A), interested parties bear the burden of supplying Customs with

accurate information that withstands verification, id. § 1517(c)(2)." *Royal Brush Mfg., Inc.

v. United States*, 545 F.Supp.3d 1357 (Ct. Int'l Trade 2021) (currently being appealed)**.** The

defendant respondent's reliance on *Allied Tube & Conduit Corp. v. United States*, 132 F.

Supp. 2d 1087, 1094 (Ct. Int'l Trade 2001), *Fujitsu Gen. Ltd. v. United States*, 88 F.3d

1034, 1040 (Fed. Cir. 1996), *Primary Steel, Inc. v. United States*, 834 F. Supp. 1374, 1383

(Ct. Int'l Trade 1993), and *Downhole Pipe & Equip., L.P. v. United States*, 776 F.3d 1369,

1376-77 (Fed. Cir. 2015) do not relate EAPA actions as the Court has spoken directly to

the requirement. CBP clearly had the burden and Skyview met the burden by certifying

that the facts were "accurate and true to the best of my knowledge and belief" under 19

C.F.R. § 165.5(b). *See* Appx2245, Appx2410, and Appx2502. As stated above and as on

the administrative record (and as admitted by the respondents (Def.'s Resp. Br. 23 and

Masterbrand's Resp. Br. 12), CBP did not verify the facts under 19 U.S.C. § 1517

(c)(2)(B). While the statute does not have "must" wording, there must be "rational

connection" between the facts and findings. *See Consol. Fibers, Inc. v. United States*, 32

C.I.T. 24, 35-36, 535 F. Supp. 2d 1345, 1354 (2008) (citing *In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2000)), *Shandong Dongfang Bayley Wood Co. v. United States*, 375 F. Supp. 3d 1339, 1344 (Ct. Int'l Trade 2019) (quoting *Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983)), and *Hartford Fire Ins. Co. v. United States*, 918 F. Supp. 2d 1376, 1378 (Ct. Int'l Trade 2013) (quoting *Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177, 1182 (Fed. Cir. 1994) and *Gerritsen v. Shirai*, 979 F.2d 1524, 1529 (Fed. Cir. 1992)). Skyview clearly presented facts sufficient to fairly detract from the substantiality of the evidence. Thus, CBP was required to verify the facts presented by both Skyview and Masterbrand. The record is absent of CBP doing anything beyond the beginning phase of the EAPA action. CBP believed that it "was confronted with evidence of basic transshipments." Appx3078. In the *Notice of investigation*, CBP stated, "That evidence is from the allegation and cited in the NOI indicating WCV imported by the remaining two importers under investigation, Deco and Skyview, was not produced in Malaysia and instead originated in China (*i.e.*, country trade patterns, Rowenda Kitchen trade patterns, information provided in an affidavit in the allegation, and ***failure of the importers to provide production documentation in CF28 responses***). Therefore, CBP concludes ***substantial evidence*** exists that Deco and Skyview evaded the AD/CVD orders. Furthermore, ***while not necessary for CBP's determination, the existence of various discrepancies and omissions with respect to the RFI responses*** of Deco and Skyview also call into question the accuracy of information provided by those importers." (emphasis added). (Appx81618).

   **E.  CBP Erred In Violating Skyview's Due Process Rights (Def.'s Resp. Br. At 23-28 and Masterbrand's Resp. Br. At 13-15)**

Simply put, CBP violated Skyview's due process rights. Indeed, the defendant respondent's brief supports Skyview's views. Skyview was not "put on notice of particular evidence or methodology" that CBP intended to use. Def.'s Resp. Br. 24. There was no crystal ball that showed the particulars of the building photos as discussed above as well as video otherwise provided to the administrative record. Thus CBP "use[d] evidence in a way that foreclose[d] an opportunity to offer a contrary presentation." *Id*. See *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 289 n.4 (1974). Likewise, after Skyview learned of CBP's unlawful determination under 19 U.S.C. § 1517(c), Skyview indeed raised its timely (but moot) business confidential concerns in the Req. for Admin. Rev. (Appx3013), even before learning of the egregiousness of the hidden data. *See* Def.'s Resp. Br. 25. *See also* 28 U.S.C. § 2637(d). *See also* Masterbrand's Resp. Br. 14. Skyview respectfully disagrees with Masterbrand's argument that "written argument" case briefs (under 19 C.F.R. § 165.26(a)(1)) must include crystal ball unknown facts and swords to be unlawfully used by CBP. The defendant respondent's *Diamond Tools Tech. LLC v. United States*, 545 F. Supp. 3d 1324, 1343 (Ct. Int'l Trade 2021) requirements to ask for disclosure of proprietary information or more detail public summaries (*Id*.) are missing from the statute and implementing regulations. *Id.* at *25-26*. While disclosure cures are missing from the statute and implementing regulations, Skyview respectfully disagrees with Masterbrand that Skyview did not specifically identify any information for which affected Skyview due process rights to respond with meaningful arguments. Masterbrand's Resp. Br. 15. Interestingly that the defendant respondent stated that the due process concerns could be cured because Skyview "had plenty of opportunity to submit its own evidence." Def.'s Resp. Br. 26. However, CBP and Masterbrand, as

10

explained in this brief and the Pla.'s Br., fought to discredit Skyview's fact submissions at

every turn. While Skyview does not have a "constitutionally-protected interest in any rate",

CBP's decisions must be rational as stated above and constitutional as a result. The

defendant respondent somehow believes that the due process shortfalls are somehow cured

with what could happen in conjunction with criminal and civil provisions pursuant to 19

U.S.C. § 1517(h). *Id*. at 27. It is absurd that an importer would have to argue against a

default position taken CBP in a civil or criminal proceeding just because the government

wanted to protect victims and witnesses in an EAPA action. Here, Skyview begs what

would have been the "clear and compelling" need to withhold the business confidential

data? *Id*. at 28. EAPA administrative proceedings are clearly different from other

Commerce proceedings. First, Skyview's participation is mandatory. Second, EAPA

outcomes affect both civil and criminal actions. The Court has found, that the belief of

CBP, that no level of culpability / intentional / purposeful attempt is required for evasion

determinations, is insufficient as a matter of law. "First, Customs' comment that it 'does

not need to determine any level of culpability only that evasion occurred with entry' is

unclear at best and potentially tautological. Second, even if Customs' statement were

readily comprehensible, neither the text of the EAPA statute nor 19 C.F.R. 165.1 supports

Customs' statement that it does not need to establish "any level of culpability." *See* 19

U.S.C. § 1517(a)(5)(A); 19 C.F.R. § 165.1." *Diamond Tools Tech. v. United States,* 545

F.Supp.3d 1327, 1355 (Ct. Int'l Trade 2021).

   **F.  CBP Erred In Relying on "Disallowed Hearsay" (Def.'s Resp. Br. At 28-29 and
        Masterbrand's Resp. Br. At 15-16)**

       CBP unlawfully allowed hearsay. Both respondents failed to recognize that CBP

missed crucial factors affecting Masterbrand's investigator concerning " 'truthfulness,

reasonableness, and credibility' ". *Veg-Mix, Inc. v. U.S. Dep't of Agriculture*, 832 F.2d 601, 606 (D.C.Cir.1987) (quoting *Johnson v. United States*, 628 F.2d 187, 190-91 (D.C.Cir.1980)). First, Masterbrand paid for the investigator. Appx80234. Second, the Masterbrand investigator did not include (for reasons unknown) photographs of the Rowenda production areas as explained above. Simply put, a reasonable mind would not believe the truthfulness / credibility of Masterbrand's investigator statements and should be disallowed (not be treated as probative substantial evidence) as such. *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1538 (Fed. Cir. 1984).

## III.   CONCLUSION AND RELIEF SOUGHT

For the reasons provided above and in Plaintiff's moving brief, we again ask that this Court:

(A)    Hold and declare that CBP's covered merchandise determination was unlawful;

(B)    Hold and declare that CBP's "substantial evidence" was unlawful;

(C)    Hold and declare that CBP's other "evasion" determinations unlawful;

(D)    Hold and declare that CBP failed fully to comply with all procedures that the EAPA statute sets forth in connection with CBP's decisions;

(E)    Hold and declare that CBP's regulations, and application of those regulations, denied procedural due process protections owed to Skyview;

(F)    Remand this matter to CBP for disposition consistent with the final opinion and order of the Court;

(G)    Award Plaintiff a judgment for costs, including reasonable attorney fees, in accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(H)    Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,
  /s/ Kyl J. Kirby
Kyl J. Kirby
**KYL J. KIRBY, ATTORNEY AND**
**COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
*Counsel to Skyview Cabinet USA, Inc.*

Date: November 29, 2022

## WORD COUNT CERTIFICATE OF COMPLIANCE

Pursuant to the U.S. Court of International Trade's Standard Chambers Procedures 2(B)(l ), the undersigned ce1tifies that this brief complies with the word limitation requirement. The word count for Plaintiff Skyview Plaintiff's Brief, as computed by KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.'s word processing system (Microsoft Word for 365), is 4,480 words.

Respectfully submitted,
 /s/ Kyl J. Kirby
Kyl J. Kirby
**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
*Counsel to Skyview Cabinet USA, Inc.*

Date: November 29, 2022