**PUBLIC VERSION**

**REMAND REDETERMINATION**
*Skyview Cabinet USA, Inc., v. United States*
Court No. 1:22-cv-00080 (Court of International Trade)
EAPA Consolidated Case No. 7553
Remand No. 7959

## I.    SUMMARY

U.S. Customs and Border Protection (CBP) has prepared this remand redetermination

pursuant to the remand order, dated January 25, 2024, issued by the U.S. Court of International

Trade (the CIT) in *Skyview Cabinet USA, Inc., v. United States*, Court No. 1:22-cv-00080

(Remand Order).[1]  This remand concerns CBP's determination[2] under the Enforce and Protect

Act of 2015 (EAPA) that Skyview Cabinet USA, Inc. (Skyview)[3] evaded the antidumping (AD)

and countervailing duty (CVD) orders (collectively, the *Orders*) on wooden cabinets and vanities

(WCV) and components thereof[4] from the People's Republic of China (China).  In accordance

with the U.S. Court of Appeals for the Federal Circuit's (Federal Circuit) Order and Mandate,[5]

the Court remanded the case to CBP on January 25, 2024, for further proceedings consistent with

the Federal Circuit's decision in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250

---

[1] *See* Order, *Skyview Cabinet USA, Inc. v. United States*, Court No. 22-cv-00080 (Ct. Int'l Trade Jan. 25, 2024), ECF No. 48 (Remand Order).

[2] *See* Notice of Determination as to Evasion in EAPA Consol. Case No. 7553 (Sept. 16, 2021) (Public Record (PR) 187 and Confidential Record (CR) 107) (Final Determination or Determination); *see also* Final Administrative Review (Jan. 28, 2022) (PR 197) (Administrative Review).

[3] EAPA Consol. Case 7553 involved four importers; however, only Skyview filed a complaint in the CIT.  *See* Complaint, *Skyview Cabinet USA, Inc. v. United States*, Court No. 22-cv-00080 (Ct. Int'l Trade Mar. 10, 2022), ECF No. 2 (Complaint).

[4] *See Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22126 (Apr. 21, 2020); *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22134 (Apr. 21, 2020).

[5] Order and Mandate, *Skyview Cabinet USA, Inc. v. United States*, Case No. 23-2318 (Fed. Cir. Jan. 25, 2024).

(Fed. Cir. 2023).[6]  On remand, CBP granted the parties to the remand[7] access to business confidential information contained in the administrative record that was not made available during the original administrative proceedings and allowed the parties to submit rebuttal factual information and written arguments.  In response, Skyview submitted written arguments on the deadline provided by CBP for submission of rebuttal factual information, and did not make any additional submissions on the deadline set by CBP for submission of written arguments.  MasterBrand Cabinets, Inc. (MasterBrand) submitted written arguments, but it did not submit rebuttal information.

As explained below, no new factual information was submitted on remand.  However, taking into account the factual information on the record, as well as the additional arguments made by the parties during remand, CBP continues to find that substantial evidence on the record exists that Skyview entered covered merchandise into the United States through evasion.[8]

## II.    BACKGROUND

On September 16, 2021, following an investigation under EAPA, CBP's Trade Remedy Law Enforcement Directorate (TRLED) issued an affirmative determination of evasion, finding that Skyview entered covered merchandise into the customs territory of the United States through evasion.[9]  Based on the substantial evidence on the record, CBP found that Skyview imported WCV subject to the *Orders* by transshipping the hardwood plywood through Malaysia

---

[6] *See* Remand Order.  The Federal Circuit issued its opinion in *Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023), on July 27, 2023, after the instant matter was already before the Federal Circuit on appeal, and held that there "is no legitimate government interest . . . in refusing to provide confidential business information . . . when any concerns about the necessity of secrecy can be alleviated by issuing a protective order . . . ."  *Id*. at 1259.

[7] The parties to the remand included Skyview, the importer who challenged CBP's decision in the CIT, and MasterBrand Cabinets, Inc., the alleger.

[8] *See generally* Determination at 7 (CR 107, p. 1618).

[9] *See generally id*. at 1613.  The determination of evasion applied to three additional importers – Pacific Building Material Inc., Deco Kitchen Cabinet & Bath, and Greentree Trading Company.  However, only Skyview sought judicial review of the determination before the CIT.  *See generally* Complaint.

to the United States and falsely declaring Malaysia as the country of origin of the merchandise, thereby failing to pay the applicable cash deposits.[10]  On January 28, 2022, CBP's Regulations and Rulings Directorate (RR) affirmed the determination of evasion in its Administrative Review.[11]

Skyview sought judicial review of TRLED's Determination and RR's Administrative Review.  In its Complaint, and as relevant for purposes of this remand, Skyview argued that CBP's administration of the investigation and finding of evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law on several grounds.[12]  Specifically, and as relevant to the remand proceedings, Skyview argued against CBP's decision not to release the business confidential information on the administrative record upon which the agency relied to reach the determination of evasion.[13]  It claimed that this failure "deprived Skyview of the opportunity to review, evaluate, and comment on business confidential data and, consequently, a fair opportunity to defend itself."[14]

In an opinion dated June 20, 2023, the CIT rejected Skyview's contentions, finding that substantial evidence supported CBP's conclusions of evasion and that the agency complied with its regulations by providing public summaries of the business confidential information it relied upon during the investigation.[15]  As the CIT explained, "{d}espite numerous agency requests for information, Skyview failed to provide support for its claim that the imported merchandise was manufactured in Malaysia."[16]  The CIT noted that this failure on Skyview's part, when combined with the adverse inference applied against the alleged manufacturer, Rowenda Kitchen

---

[10] *Id.*
[11] *See generally* Administrative Review (PR No. 197).
[12] *See* Complaint at 14–17.
[13] *Id.* at 14–16.
[14] *Id.* at 16.
[15] *Skyview Cabinet USA, Inc.*, 2023 WL 4073781, Court No. 1:22-cv-00080 (June 20, 2023), at *3.
[16] *Id.*

(Rowenda), for refusing to cooperate with CBP, resulted in a gap in information that led the agency to conclude that the record supported an affirmative finding of evasion.[17]  Specifically, in referencing and citing to the Final Determination, the CIT explained, "Customs stated that Skyview's responses 'do not contain production information demonstrating that the WCV that . . . Skyview imported from Rowenda Kitchen was produced in Malaysia' and that 'the existence of various discrepancies and omissions with respect to the RFI responses . . . also call into question the accuracy of information provided{.}'"[18]  And while CBP did "redact{} the adverse photos and videos of Rowenda Kitchen's Malaysia facility as business confidential information, Skyview was on notice that it needed to provide evidence that actual manufacturing occurred in Malaysia."[19]  In short, despite having "numerous opportunities to present contrary evidence refuting the allegation," Skyview "repeated{ly} fail{ed} to demonstrate that any actual manufacturing occurred in Malaysia."[20]

Skyview appealed the CIT's decision to the Federal Circuit on August 18, 2023.[21]  In the time between the CIT's issuance of its opinion sustaining CBP's determination of evasion and Skyview's filing its Notice of Appeal, the Federal Circuit issued its opinion in *Royal Brush Manufacturing, Inc. v. United States* on July 27, 2023, holding that constitutional due process requires that the party subject to an EAPA investigation have access to business confidential information that the agency relied on when reaching the determination of evasion, subject to an administrative protective order.[22]  Following this decision, CBP filed an unopposed motion for voluntary remand with the Federal Circuit on October 26, 2023, requesting that the case be

---

[17] *Id*. at *6–7.
[18] *Id*. at *7 (citing Final Determination, CR 197, p. 1618).
[19] *Id*.
[20] *Id*.
[21] Notice of Appeal, *Skyview Cabinet USA, Inc. v. United States*, Court No. 1:22-cv-00080 (Ct. Int'l Trade Aug. 18, 2023) (ECF No. 44).
[22] *Royal Brush Mfg. Inc. v. United States,* 75 F.4th 1250, 1259 (Fed. Cir. 2023).

remanded to CBP to reconsider or further explain its evasion determination regarding access to confidential business information.[23]  On January 25, 2024, the Federal Circuit issued the remand mandate and the case was remanded to the CIT with instructions to remand to CBP for further proceedings consistent with the Federal Circuit's opinion in *Royal Brush Manufacturing, Inc. v. United States*.[24]  That same day, the CIT remanded the case to CBP in accordance with the Federal Circuit's mandate.[25]  On February 23, 2024, the parties filed a consent motion requesting that the CIT amend the judicial protective order in the case to cover the remand proceedings.[26] The CIT denied this motion on March 6, 2024, concluding that CBP has the inherent authority to issue a protective order itself.[27]

### III.    REMAND PROCEDURE

On March 13, 2024, CBP informed the parties that CBP was placing an administrative protective order (APO)[28] on the administrative record under the terms of which, for purposes of the remand proceeding, the parties to the remand proceeding could access the business confidential information on the administrative record.[29]  CBP reminded the parties that, for any submission for which business confidential treatment was sought, they must comply with the requirements related to public summarization of business confidential information in accordance

---

[23] Unopp. Mot. to Voluntarily Remand, *Skyview Cabinet USA, Inc. v. United States*, Case No. 23-2318 (Fed. Cir. Oct. 26, 2023) (ECF No. 17).
[24] Order and Mandate, *Skyview Cabinet USA, Inc. v. United States*, Case No. 23-2318 (Fed. Cir. Jan. 25, 2024); *see also generally Royal Brush Mfg.*, 75 F.4th at 1259.
[25] *See* Remand Order.
[26] Consent Mot. For Revised Protective Order, *Skyview Cabinet USA, Inc. v. United States*, Court No. 1:22-cv-00080 (Ct. Int'l Trade Feb. 23, 2024).
[27] Order on Motion for Judicial Protective Order, *Skyview Cabinet USA, Inc. v. United States*, Court No. 1:22-cv-00080 (Ct. Int'l Trade Mar. 6, 2024).
[28] APO, Remand 7553: Wooden Cabinets and Vanities and Components from the People's Republic of China transshipped through Malaysia, Period of Investigation: October 22, 2019 – September 16, 2021.  The APO was both transmitted to the parties via email and uploaded into CBP's Case Management System (CMS).
[29] *See* Email from Steve D. Bezirganian to Counsel for Skyview and MasterBrand, Subject: EAPA 7959 (Remand 7553) - Opportunity to Submit Additional Evidence under APO (Mar. 13, 2024; 4:59 PM) (APO Email).

with 19 C.F.R. §§ 165.4 and 165.26.[30]  CBP requested that counsel for parties to the remand

submit a request for access to the business confidential information under the APO, no later than

March 18, 2024, and provided instructions with respect to the requirements for this submission.[31]

CBP advised that it would make the business confidential information accessible to the

representatives of the parties to the remand[32] by March 20, 2024.[33]  CBP issued a deadline for

submission of rebuttal information at 5:00 PM Eastern Standard Time (EST)[34] on March 27,

2024, and noted that it did not anticipate extending this deadline.[35]

Between March 14 and March 15, 2024, CBP issued clarifications to the parties to the

remand regarding applying for access to documents under the APO, as well as instructions on

how to submit APO applications.[36]  On March 18, 2024, counsel for Skyview and MasterBrand

submitted to CBP requests for the disclosure of business confidential information under the

APO.[37]  On March 19, 2024, CBP generated a list of authorized recipients of business

confidential information pursuant to the APO and a list of recipients of public information, which

was uploaded to CMS.[38]  It was on this day that the remand parties were officially permitted to

---

[30] *Id.*

[31] *See id.*  Instructions regarding the requirements for the submission were provided within an attachment to the APO Email titled "Letter Requesting Disclosure of Business Confidential (BC) Information Under Administrative Protective Order (APO)."

[32] Assuming the parties followed the appropriate procedures set out in the instructions provided by TRLED.

[33] APO Email, *supra* note 29.

[34] Note, CBP inadvertently referenced "EST" in this communication although as of the date of the email, the time was Eastern Daylight Time (EDT).

[35] APO Email, *supra* note 29.

[36] *See* Email from Steve D. Bezirganian to remand parties, Subject: EAPA 7959 (Remand 7553) – Clarification Regarding APO (Mar. 14, 2024, 5:47 PM) (TRLED March 14 Email); Email from Steve D. Bezirganian to remand parties, Subject: EAPA 7959 (Remand 7553) – APO application submission (Mar. 15, 2024, 4:30 PM) (TRLED March 15 Email).

[37] *See* Letter from Kyl J. Kirby, counsel for Skyview, Re: Letter Requesting Disclosure of Business Confidential (BC) Information Under Administrative Protective Order (APO), dated March 18, 2024; Letter from Timothy Brightbill, counsel to MasterBrand, Re: Wooden Cabinets and Vanities and Components from the People's Republic of China transshipped through Malaysia (Period of Investigation: October 22, 2019 – September 16, 2021: MasterBrand Cabinets, Inc.'s Application for Disclosure of Business Confidential Information Under Administrative Protective Order, dated March 18, 2024.

[38] *See* APO List Remand 7553, Generated Date: March 19, 2024, Generated by: Steven Emilius; Public List Remand 7553, Generated Date: March 19, 2024, Generated by: Steven Emilius.

receive the business confidential information for purposes of the remand proceeding.[39]  For

purposes of efficiency, CBP did not upload documents from the administrative record to CMS.

Rather, CBP advised the parties that the versions of the administrative record filed with the CIT

would be referenced during the instant remand proceeding.[40]

On March 27, 2024, Skyview submitted rebuttal factual information, in the form of

written arguments, in response to the business confidential information to which it did not have

access during the initial investigation.[41]  MasterBrand did not submit rebuttal information.

On March 28, 2024, CBP advised the parties that they could submit written arguments

pertinent to the business confidential information on the administrative record and in response to

any rebuttal information submitted during the remand proceeding.[42]  CBP advised that the

deadline for submitting these written arguments was 5:00 PM EDT on April 5, 2024.[43]  In this

communication, CBP also advised that "no new factual information is to appear in the

submissions . . . and responses to those written arguments will not be permitted at this time."[44]

Additionally, CBP reminded the parties of their required compliance with the terms of the APO,

as well as the public summarization requirements under 19 C.F.R. § 165.4(a)(2).[45]

On April 5, 2024, MasterBrand submitted written arguments in response to Skyview's

submission.[46]  Skyview did not submit written arguments.

---

[39] *Id*.

[40] *See* APO Email, *supra* note 29, p. 2, n.1 ("Parties participating in the remand proceeding already have access to the administrative record of the investigation under the judicial protective order, therefore, parties will have access to any new factual information and arguments submitted during the remand proceeding.").

[41] *See* Letter from Counsel for Skyview to Steve D. Bezirganian, Re: Court Ordered Remand Proceedings for EAPA Case No. 7553 for further proceedings consistent with Appeal from the United States Court of International Trade in No. 1:22-cv-00080-SAV, *Skyview Cabinet U.S., Inc. v. United States*, 2023-2318 (Fed. Cir. Jan 25, 2024).

[42] *See* Email from Steve D. Bezirganian to remand parties, Subject: EAPA 7959 (Remand 7553) – Opportunity to Submit Written Arguments (Mar. 28, 2024, 2:29 PM) (Written Arguments Email).

[43] *Id*.

[44] *Id*.

[45] *Id*.

[46] *See* Written Arguments of MasterBrand Cabinets, Inc., EAPA Case No. 7959 (Remand 7553) ("MasterBrand Written Arguments").

On May 3, 2024, CBP issued a draft remand redetermination to the parties informing them that they could submit comments on the draft and that any comments were due no later than May 13, 2024, at 5:00 PM EST.[47]  Skyview and MasterBrand submitted their written comments by the stated deadline.[48]

### IV.     ANALYSIS

During the remand, the parties did not submit any new factual information.  However, Skyview, on the deadline for submission of rebuttal information, provided written arguments in response to the business confidential information which was placed on the record.  Skyview relied on the information already on the administrative record to the underlying investigation to advance its arguments.[49]  MasterBrand did not submit rebuttal information, but it did submit written arguments.  In sum, on remand, the record contains no new factual information, but having had access to previously unavailable business confidential information, the parties have made some additional arguments.  Such additional arguments, to the extent they urge CBP to reach different conclusions from those previously reached, are not persuasive and do not alter CBP's conclusions.  CBP continues to find that Skyview evaded the applicable AD/CVD orders, as discussed in more detail below, and also incorporating by reference the Final Determination and Administrative Review.

---

[47] *See* Email from Steve Bezirganian to Counsel for Skyview and MasterBrand, RE: EAPA 7553 (CMS 7959) – Opportunity to comment on Draft Remand Redetermination (May 3, 2024; 2:38 PM) ("May 3, 2024 Email").  Note, CBP inadvertently referenced "EST" in this communication although as of the date of the email, the time was Eastern Daylight Time (EDT).

[48] *See* Letter from Counsel for MasterBrand to Victoria Cho, Re: Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Comments on Draft Remand Redetermination (May 13, 2024) ("MasterBrand's Comments"); *see also* Letter from Counsel for Skyview to Steve Bezirganian, Re: Court Ordered Remand Proceedings for EAPA Case No. 7553 for further proceedings consistent with Appeal from the United States Court of International Trade in No. 1:22-cv-00080-SAV, *Skyview Cabinet U.S., Inc. v. United States*, 2023-2318 (Fed. Cir. Jan 25, 2024) (May 13, 2024) ("Skyview's Comments").

[49] *See generally* Importer Rebuttal Document.

1. **Rebuttal Information in Response to the Business Confidential Record**

a. *Skyview's Submission*

In its submission of rebuttal information (hereinafter, "Importer Rebuttal Document" or "IRD"), Skyview claims that "CBP committed fatal legal and factual errors" when making its evasion determination.[50]  Skyview argues that it presented substantial evidence, as demonstrated by photographs and videos on the administrative record, which it claims were provided to it and to Pacific Building Material Inc. (PBM) by Rowenda Kitchen Sdn Bhd (Rowenda).[51]  Skyview claims that CBP did not review the production documentation past the CF28 process, which concluded on February 9, 2021, just before CBP's Notice of Investigation was issued on February 19, 2021.[52]  In claiming this, Skyview asserts that CBP had "already made up its mind" and that the "remaining administrative procedure appears to simply be a waste of time."[53] Skyview claims that CBP did not investigate, but rather "took MasterBrand's hook, line, and sinker without any apparent investigation."[54]

Skyview also challenges CBP's finding that Deco Kitchen Cabinet and Bath Inc. (Deco) and Skyview's request for information (RFI) responses contained various discrepancies and omissions, such that the accuracy of the information was called into question.[55]  In so doing, Skyview states that CBP failed to "list out the various discrepancies and omissions that were relevant to a country of origin analysis" with respect to the RFI responses.[56]  Skyview claims that in its decision, CBP focused on non-production documentation items and notes that CBP took

---

[50] IRD at 8.
[51] *Id*. at 11.
[52] *Id*.
[53] *Id*.
[54] *Id*.
[55] *Id*. at 12 (citing Final Determination, CR 107, p. 1618).
[56] *Id*.

issue with an importer certification that Skyview used for its "Skyview Response."[57]  In stating that CBP was "fixated on production records", Skyview provides a bulleted list of explanations from CBP's Final Determination explaining why the production records were unreliable and insufficient.[58]

Skyview argues that CBP's final determination was "flawed from the start" seemingly because of CBP's alleged reliance on the pre-Notice of Investigation procedures and Skyview's claim that CBP was "fixated on production records."[59]  Skyview argues that CBP disregarded the production documentation on the administrative record, and that CBP described the submissions in an arbitrary and questionable way.[60]

In discussing the information on the record, Skyview states that the country of origin of the merchandise associated with "the Skyview Subject Entry" was "clearly Malaysia and not a transshipment from China."[61]  Skyview alleges that it provided "a volume of documentation from Rowenda to be used in making 'substantial evidence' determinations" indicating that certain documentation – in particular its June 7th Submission – involving the purchase of raw materials used in the production of goods "connect{s} the dots" to establish its Malaysian supply chain.[62]  Skyview asserts that CBP "disregarded documentation provided by Skyview and instead arbitrarily / questionably / numerously characterized / described Skyview's submissions{,}" to undermine CBP's previous finding of substantial evidence of evasion.[63]  It also claims that CBP "failed in its investigation duty."[64]

---

[57] *Id*. at 12.
[58] *Id*. at 12–14.
[59] *Id*. at 13 and n.2.
[60] *Id*.
[61] *Id.* at 20.
[62] *Id.* at 15.
[63] *Id.* at 14–15.
[64] *Id*. at 15.

Skyview challenges CBP's reliance on a third-party investigator's statements regarding production capacity, in particular the statements pertaining to the lack of "any substantive manufacturing operations at Rowenda Kitchen's Factory in Malaysia{,}" the presence of "only minor equipment in the factory{,}" and that "the factory did not appear to have any substantial manufacturing operations."[65]  In challenging these statements, Skyview discusses purported deficiencies of photographs of Rowenda's alleged production area taken by the investigator.[66]  Skyview first notes that these photographs were "unlawfully withheld" as business confidential information by CBP in the underlying investigation.[67]  It highlights that the investigator's declaration was redacted in the original investigation and the location from which the investigator took the photographs was withheld from Skyview.[68]  Skyview notes that the declaration indicates that the photographs were taken [     descriptor     ] and, as a result, claims that the investigator was unable to observe the equipment inside the facility.[69]  In reviewing these pictures and comparing them with other pictures on the record of Rowenda's facility (allegedly provided to Skyview by Rowenda), Skyview states that "although it appears that the '[   type   ] investigator' visited Rowenda's factory location, pictures of the inside of the location seem to be missing from the Declaration."[70]  Skyview asserts that "{i}f the investigator visited the inside of the main building, the person included no pictures and no list of machines{,}" noting that other "pictures regarding production areas and substantial machinery are numerous in the Administrative Record{,}" and videos on the record (allegedly provided by Rowenda to PBM)

---

[65] IRD at 15.
[66] *Id*.
[67] *Id*. at 8.
[68] *Id*. at 7–8.
[69] *Id*. at 8.
[70] *Id*. at 15.

show the same machinery at work.[71]  Skyview explains that "CBP failed to take into account these observations that fairly detracted from {the} weight" of the evidence.[72]

Skyview lastly argues that "{a}t every stage of the evasion investigation, CBP refers to and relies upon business confidential information paid for and produced by MasterBrand."[73] Skyview suggests that CBP "waited until its *Review Determination* to state differences between what MasterBrand submitted behind closed doors and what Skyview submitted."[74]  It asserts that, "{d}espite knowing that the investigator's pictures fairly detracted from 'substantial evidence', CBP failed on considering the observation and informing Skyview of such a detraction."[75]  Skyview claims that "CBP deprived Skyview the opportunity to review, evaluate, and comment on business confidential data and, consequently, a fair opportunity to defend itself."[76]  It also challenges CBP's statement that the research was conducted by disinterested parties.[77]  Accordingly, Skyview concludes that CBP's investigatory and administrative proceedings, including "its decisions not to release evidence necessary for Skyview to raise its defenses and to heavily redact the administrative record submissions, is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by 'substantial evidence' that Skyview's Subject Entry was covered merchandise, at the time of entry{.}"

---

[71] *Id*. at 15–16.
[72] *Id*.
[73] *Id*. at 19.
[74] *Id*. (citing Administrative Review, PR 197 at 1526 ("We also note, while these photos are redacted, as business confidential, the third-party . . . investigator provided widely different pictures of the manufacturer's facilities as compared to Skyview's submitted photos, purporting to establish factory capabilities and production.").
[75] *Id*.
[76] *Id*.
[77] *Id*.

b.  *CBP Response*

Skyview reiterates the same arguments that it made during the investigation and in litigation before the CIT.  Despite not having produced any additional evidence, it repeats its principal argument that there is not substantial evidence to support CBP's underlying finding of evasion.  Skyview presents no new evidence in support of this claim, but instead continues to rely on evidence already present on the record in an attempt to relitigate its position.  In fact, many of Skyview's arguments are premised on the public record and business confidential information contained within its own submissions on the administrative record, which it had access to during the investigation.[78]

Skyview's argument that CBP did not adequately review the information on the record, or that some information was inadequate to support CBP's findings, is without basis.  Incorporating by reference the Final Determination and Administrative Review, CBP continues to find that there is substantial evidence to support its initial evasion determination – that Skyview entered into the United States covered Chinese-origin merchandise that was transshipped through Malaysia.[79]  In its IRD, Skyview continues to attempt to justify the discrepancies in the record and asserts that CBP "disregarded documentation provided by Skyview and instead arbitrarily / questionably / numerously characterized / described Skyview's submissions{,}" to undermine CBP's previous finding of substantial evidence.[80]  These are precisely the same arguments that Skyview made in litigation, which were ultimately unsuccessful before the CIT.[81]  In its opposition brief to Skyview's Motion for Judgment on the Agency Record, the Government argued that "{t}he information Skyview provided failed to overcome the substantial evidence

---

[78] IRD at 14–16.
[79] *See* Final Determination, CR 107, p. 1625; Administrative Review, PR 197, p. 2085.
[80] IRD at 14–15.
[81] *See* Pl.'s Br. at 18, ECF No. 30; Pl.'s Reply Br. at 1–6, ECF No. 31

demonstrating substantial evasion, and thus CBP reasonably concluded that the covered merchandise entered the United States through evasion{.}"[82]  The CIT concurred with this argument, explaining, "Skyview misinterprets the substantial evidence standard and what it requires . . . ignor{ing} . . . the 'possibility of drawing two inconsistent conclusions from the evidence does not preclude the agency's finding from being supported by substantial evidence.'"[83]  It reasoned that "Customs' finding that Skyview's evidence was replete with contradictions, omissions, and inconsistencies is a ***valid basis*** on which to determine that its submissions were not credible and the record as a whole supported the allegations against it."[84]  It further stated that "{a} determination where the agency 'favor{s} one conclusion over the other is the epitome of a decision that must be sustained upon review for substantial evidence.'"[85]

Skyview's claim that CBP failed to list the discrepancies and omissions in Skyview's RFI submissions that were relevant to the country of origin analysis is patently false.[86]  Just as with the previous argument, Skyview appears to have engaged in a "copy and paste" exercise, again inserting into its IRD the same arguments made in its brief on its Motion for Judgment on the Agency Record.[87]  The CIT addressed this argument when it acknowledged that "Customs specified the discrepancies that the agency observed in Skyview's submissions in a related

---

[82] *Skyview Cabinet USA, Inc. v. United States,* 2023 WL 407378 (Ct' Int'l Trade June 20, 2023) at *6 (citing Def.'s Resp. Br. at 17, ECF No. 25).
[83] *Id*. at *7 (quoting *Jacobi Carbons AB v. United States*, 222 F. Supp. 3d 1159, 1168 (Ct. Int'l Trade 2017) (citations omitted)).
[84] *Id*. ("(identifying each piece of evidence that was missing or inconsistent in each of Skyview's submissions).") (citing Final Determination, CR 107, p. 1618 n.36 (emphasis added)).
[85] *Id*. (quoting *Elbit Sys. of Am., LLC v. Thales Visionix, Inc*., 881 F.3d 1354, 1356 (Fed. Cir. 2018) (quoting *In re Cree, Inc.*, 818 F.3d 694, 701 (Fed. Cir. 2016)).
[86] *See* IRD 12–14.
[87] *See* Pl.'s Br. at 15–18, ECF No. 30.

footnote" (*i.e.*, footnote 36 of the Final Determination).[88]  The CIT cited to the very same

footnote in reaching the conclusion that "Skyview failed to provide support for its claim that the

imported merchandise was manufactured in Malaysia" – thereby showing that such lists of

discrepancies and omissions were, in fact, relevant to the country of origin analysis.[89]

      The list of discrepancies provided by Skyview, along with other discrepancies and

omissions referenced by CBP in the Final Determination[90] and Administrative Review,[91] support

CBP's original decision that Skyview's submissions are unreliable.[92]  In fact, the CIT explained

that "Customs specifically identified the discrepancies and omissions that it deemed fatal to the

Plaintiff's case and explained what gaps Skyview's evidence left in substantiating its

arguments."[93]

      In analyzing the information provided by Skyview, CBP explained in the Final

Determination that it was the existence of these discrepancies and omissions which "call{ed}

into question the accuracy of the information provided{.}"[94]  Regarding discrepancies in

Skyview's RFI responses, the Final Determination notes they were "not necessary for CBP's

determination," though their "existence… call {sic} into question the accuracy of information

provided by" Skyview.[95]  CBP notes, however, that one of the discrepancies involved Skyview's

failure to provide information substantiating its claim that its "local contact visited {Rowenda}

---

[88] *Skyview Cabinet USA, Inc. v. United States,* 2023 WL 407378 (Ct. Int'l Trade June 20, 2023) at *3 (citing Final Determination, CR 107, p. 7 n.36).

[89] *Id.* at *5.

[90] *See* Final Determination, CR 107, p. 1618 n.36 (noting discrepancies and omissions relating to transactions and merchandise associated with Rowenda); *see also* Administrative Review, PR 197, pp. 2081–82 (same).

[91] *See* Administrative Review, PR 197, pp. 2081–83.

[92] *See* Final Determination, CR 107, pp. 1619, 1625; Administrative Review, CR 197, p. 2083.

[93] *Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023) at *7 (citing Final Determination).

[94] Final Determination, CR 107, p. 1618.

[95] *Id.*

to verify their capacity, reviewed manpower, machines, and raw material."[96]  Skyview raised the same argument in its Request for Administrative Review,[97] and these arguments were sufficiently addressed by CBP.  To demonstrate this point, in the Administrative Review, CBP explained that, based on a review of the record and the discrepancies noted in the Final Determination regarding Skyview's submissions, "including backdated affidavits and inconsistent 'supply chain' documents{}{,} the manufacturer did not provide production records to explain those discrepancies, but instead signed sworn affidavits attesting to the use of a completely different supply chain."[98]  Thus, as noted in the Administrative Review, "the only support in the record for the position that the entries are of Malaysian origin are purported supply chain and production documents, ***the accuracy of which is in question***."[99]

Skyview also asserted that "CBP did not even review 'production documentation' past the 'CF28' process . . . {and} took MasterBrand's hook, line, and sinker without any apparent investigation."[100]  Once again, this is another argument pulled directly from Skyview's brief,[101] which the CIT also addressed.  In response to Skyview's claim that CBP failed to investigate the errors and omissions in Skyview's evidence, the CIT explained that this argument "misconstrues the agency's role, which is to perform an investigation by collecting evidence from the parties and assessing the validity of the evidence it receives."[102]  It went on to state—

Customs carried out its statutory duty to investigate the allegation of evasion by soliciting information from the parties, issuing supplemental questionnaires to clarify

---

[96] *Id*. at n. 36.
[97] Administrative Review, CR 197, p. 2076 ("'CBP's flawed in its belief that 'various discrepancies and omissions in responses to CBP's 'critical kitchen sink' {RFI} call into question the accuracy of information' and CBP's requests 'had nothing to do with the country of origin at issue.'") (citing Skyview Request for Administrative Review, PR 189, 2015).
[98] *Id*.
[99] *Id*. at 2084–85 (emphasis added).
[100] IRD at 11.
[101] *See* Pl.'s Br. at 15–16, ECF No. 30.
[102] *Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023) at *8.

apparent errors and omissions in the evidence, and assessing the record as a whole to make an informed determination as to the credibility of the parties' claims.[103]

The CIT explained that CBP's determination that verification would not be necessary or appropriate was *not* arbitrary or capricious, as it was made "{a}fter numerous attempts to gather the necessary information from Skyview and the alleged manufacturers {leading} to inadequate and contradictory responses{.}"[104]

In the Final Determination, CBP found that "there was no need to consider verification" of the evidence because CBP determined that Skyview's submission was "unreliable and therefore, not probative."[105] Before reaching this conclusion, however, and as recognized by the CIT, CBP engaged in multiple attempts to collect information from the parties to the investigation and Rowenda, including by issuing requests for information, issuing supplemental questionnaires to clarify evidentiary gaps and discrepancies, and reviewing the record as a whole to reach an informed decision regarding credibility of the parties.[106] Further, in the Administrative Review, in response to Skyview's same arguments, CBP explained that "the onus is on Skyview, as the importer, to investigate and know the full production chain of its imports and to provide CBP with accurate information."[107] The Administrative Review also addressed Skyview's claim that "TRLED failed to review {its}. . . submissions," explaining that "TRLED extended the deadline for Skyview to make such submissions, fully reviewed the information and

---

[103] *Id*. (citing Final Determination, CR 107, pp. 1612–26).

[104] *Id*. (noting that such a decision is arbitrary and capricious where the agency "relie{s} on factors which Congress had not intended it to consider, entirely fail{s} to consider an important aspect of the problem, offer{s} an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." (Internal quotation marks and citations omitted)).

[105] Final Determination, CR 107, p. 1625; *see also Skyview Cabinet USA, Inc.* 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023) at *8.

[106] *Id*. at 1613–26; *see also Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023) at *8.

[107] Administrative Review, PR 197, p. 2083.

rightfully determined it was not probative and potentially fraudulent, due to its numerous inconsistencies."[108]  Accordingly, this argument is without merit.

Skyview's claim that CBP focused on non-production documents by focusing on a certification that Skyview submitted along with its June 7, 2021, submission, was likewise raised in the underlying administrative process and in litigation.[109]  As addressed in the Final Determination and the Government's Reply Brief, this certification, which was submitted with Skyview's June 7, 2021, submission, appeared to CBP to be identical to the one submitted as part of Skyview's April 8, 2021, submission.[110]  As CBP explained, if this document were to be taken as valid, this would mean that for at least two months (between April 6 and June 7, 2021), Skyview concealed the involvement of Roxy Heritage Furniture Manufacturer SDN. BHD. (Roxy) in the manufacturing process, thereby hindering CBP's ability to conduct its investigation.[111]  Thus, after analyzing the validity of this document, CBP ultimately concluded that it was unreliable.[112]  This was a significant discrepancy, which ultimately led CBP to the conclusion that the information submitted by Skyview was unreliable.

Skyview attempts to resurrect the arguments it made during litigation that it provided "a volume of documentation from Rowenda to be used in making 'substantial evidence' determinations" and seems to suggest that certain documentation—in particular its June 7th Submission—involving the purchase of raw materials used in the production of goods serves as the smoking gun which "connect{s} the dots" for its Malaysian supply chain.[113]  CBP already addressed this argument in its Administrative Review and Final Determination.  With respect to

---

[108] *Id*.
[109] *See* IRD at 12; Pl.'s Br. at 15, ECF No. 30.
[110] Final Determination, CR 107, 1615 n. 25., 1619; Def.'s Resp. Br. at 14–15, ECF No. 25.
[111] *Id*.
[112] *Id*. at 1619; Def.'s Resp. Br. at 15, ECF No. 25.
[113] IRD at 15; Pl.'s Br. at 18, ECF No. 30.

this evidence, specifically, the CIT acknowledged that CBP discussed the issues in its

Administrative Review and signaled that CBP was thorough in its analysis on this point, when

noting that CBP was "equally thorough" in its analysis of evasion.[114]

In the Administrative Review, CBP stated that "the June 7th submission{} is inadequate

to substantiate Skyview's claim of Malaysian-origin WCV{,}" noting that the exhibits do not

"provid{e} a thorough connection to the merchandise imported into the United States{,}" "do

not demonstrate actual production, *i.e.,* that the imported WCV were actually manufactured by

Roxy or Rowenda" and "contradict themselves" for reasons discussed in detail in the

Administrative Review.[115]  Ultimately, CBP explained there was nothing provided by Skyview

"to indicate that the WCV at issue were produced with the materials and parts included in the

various invoices and the documentation does not confirm the country of origin of the WCV as

being Malaysian."[116]  CBP went on to find in its Administrative Review that such submission did

not negate the remaining evidence in the record and that it appeared that "Skyview just submitted

a hodgepodge of any document it could obtain, or potentially create, without verifying their

accuracy and relation to its entries under investigation, and with no regard to their

discrepancies."[117]  Similarly, in the Final Determination, CBP explained that "{s}uch

documentation Skyview associates with Rowenda Kitchen and/or Roxy are not credible . . .

{t}he only reference in the June 7, 2021, submission to any involvement with the submission by

Rowenda Kitchen or Roxy staff is a vague allusion to the name of one individual Skyview had in

a prior submission publicly identified as a contact at Rowenda Kitchen."[118]  Further, as noted

---

[114] *Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023) at *7.
[115] Administrative Review, PR 197, pp. 2081–83.
[116] *Id*. at 2083.
[117] *Id*.
[118] *See* Final Determination, CR 107, p. 1620.

above, the CIT cited to CBP's description of this exact evidence and noted that CBP was "thorough in its analysis" when analyzing CBP's identification of issues and evidence supporting evasion.[119]

With respect to Skyview's challenges to CBP's reliance on the third-party investigator's statements regarding production capacity and the photographs provided by that investigator,[120] CBP maintains that Skyview's arguments do not change CBP's analysis nor affect its evasion finding. Skyview attempts to refute the investigator's statements by making claims that the two photographs provided did not adequately reflect the interior of Rowenda's facility, based entirely on pictures and videos purportedly provided to Skyview and PBM by Rowenda.[121] Skyview takes this a step further and questions whether the investigator even entered the facility, based on the fact that the photos were taken [    descriptor    ].[122] Skyview's attempt to counter the investigator's statements and photos with its own photo submission fails to move the needle. As the CIT explained, "{t}he only photos that Skyview did submit of the Malaysian facility were piecemeal and apparently originated from the otherwise unresponsive party, Rowenda Kitchen."[123] CBP acknowledged these differences in the Administrative Review, wherein it noted that "while {MasterBrand's submitted} photos are redacted, as business confidential, the third-party site investigator provided widely different pictures of the manufacturer's facilities as compared to Skyview's submitted photos, purporting to establish factory capabilities and production."[124] Even if the video (*i.e.*, videos submitted by PBM allegedly provided by Rowenda) did, in fact, show machinery in action that differed from the photographs provided by

---

[119] *Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023) at *7.
[120] IRD at 15, 19.
[121] *Id*.
[122] *Id*. at 8, 15.
[123] *Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023) at *12.
[124] Administrative Review, PR 197, pp. 2079–80, n.36.

the investigator, this does not undermine the statements or credibility of the investigator, nor does it support that Rowenda's operations included WCV manufacturing.  The evidence purportedly provided (indirectly) by Rowenda to Skyview and PBM is neither reliable, nor credible, as there is nothing on the record to support this conclusion.  Even assuming those photographs and videos are representations of Rowenda's operations, it is not evident, simply by viewing them, that they represent the production of WCV, Rowenda's operations, or that they relate to the merchandise actually entered by Skyview.  And even if the photos or video purportedly provided by Rowenda were credible, CBP cannot rely on them, as they were piecemeal, were insufficient to demonstrate manufacturing of the relevant merchandise in Malaysia, and were insufficient to demonstrate a linkage to the merchandise imported into the United States.[125]

Even though Rowenda is alleged to be the source of the photos and videos, Rowenda elected not to participate in the investigation, despite having been provided multiple opportunities by CBP.[126]  CBP applied adverse inferences against Rowenda for this failure to cooperate, which led CBP to rely on evidence that was otherwise on the record regarding identification of the country of origin of the merchandise.[127]  Thus, even though CBP did not apply the adverse inferences against Skyview or PBM, the application of adverse inferences against Rowenda meant that CBP could *not* substantiate the importers' claim that Rowenda provided such information.  In other words, the photos and videos remain unauthenticated, which makes them unreliable, especially given the contrary information provided by the investigator.

---

[125] *See generally* Final Determination, CR 107, pp. 1616–20; *see also* Administrative Review, PR 197, pp. 2078–79.
[126] *See* Final Determination, CR 107, p. 1618 ("The claimed manufacturer, Rowenda Kitchen, did not provide an RFI response, despite being given multiple opportunities to do so."); *see, e.g.,* Skyview CF-28 Response (PR 37, p. 504) (email from "sales rowenda" relaying an attachment of "{f}actory photos).
[127] *Id*. at 1623.

Moreover, there has been no showing that the photos and videos are probative as to the merchandise imported into the United States.  More importantly, despite having full access to the record, Skyview has failed to advance any new arguments.  While the arguments regarding the alleged deficiencies of MasterBrand's photo submission and differences between such submission and the videos and photographs submitted by the importers in the investigation were not advanced during the administrative proceeding, Skyview advanced these arguments during litigation, and those arguments were unsuccessful.[128]

Further, it is worth noting that while Skyview attempts to challenge the third-party investigator's credibility,[129] both CBP and the CIT have already addressed and dissolved this argument.  The CIT, in addressing Skyview's argument that the investigator was on MasterBrand's payroll—and was, therefore, an interested party—cited to the Administrative Review wherein CBP "noted that the allegations made in the investigator's report were corroborated by foreign market research . . . conducted by disinterested entities, including U.S. government agencies, not parties to the case{.}"[130]  The CIT cited to CBP's finding in the Administrative Review that CBP "found 'no reason to conclude that this information is biased or irrelevant{.}'"[131]  The CIT ultimately found that CBP "adequately explained why it considered the challenged evidence credible" and, thus, that "substantial evidence supports its determination."[132]  It is also worth noting that although Skyview disparages the efforts of the investigator in the investigator's examination of Rowenda's operations,[133] Skyview was unable

---

[128] *See* Def.'s Resp. Br. at 33, ECF No. 25; *see also Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 at *13 (Ct. Int'l Trade June 20, 2023).
[129] *See* IRD at 19.
[130] *Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 at *13 (Ct. Int'l Trade June 20, 2023) (internal quotation marks omitted).
[131] *Id*.
[132] *Id*.
[133] *See* IRD at 19.

to support its claim that one of its own "contacts" had actually examined Rowenda's facilities.[134]

Specifically, when asked to provide evidence regarding its local contact, "Skyview only provided

documentation that appears to refer to airline itineraries, none of which even make mention of

Rowenda Kitchen or its specific location, let alone its operations."[135]  While an alleger, like

MasterBrand here, might reasonably be expected to have difficulty obtaining specific details

about another company, importers—like Skyview—do business with the manufacturer, so it is

reasonable to conclude that they would have the ability to visit and procure certain information

from the manufacturer.  Indeed, in this case, Skyview did actually claim to have a "contact" visit

and examine Rowenda's production operations in detail.[136]  This point was addressed by the CIT,

which stated—

> In the unique context of photos and videos, nothing Customs did prevented
> Skyview from submitting photos and videos of any facility in Malaysia that
> Plaintiff claimed manufactured the merchandise in question.  Skyview was free to
> begin outside the alleged manufacturing facility and create a video walkthrough
> demonstrating actual manufacturing of wooden cabinets and vanities.  Such
> evidence would have refuted MasterBrand's claims of transshipment.  Indeed,
> Skyview claims to have sent a person to Malaysia for this purpose. Oral Arg. Tr.
> at 51:9-16, ECF No. 40.  Yet, despite taking advantage of the ability to procure
> such evidence, the unidentified agent who allegedly traveled to Malaysia on
> Skyview's behalf provided no photos, videos, or other evidence to demonstrate
> what he observed at the facility.  *Id.* at 52:3-25–53:1-13.  The only photos that
> Skyview did submit of the Malaysian facility were piecemeal and apparently
> originated from the otherwise unresponsive party, Rowenda Kitchen.  *Id.* at
> 51:21-25.  Having had adequate notice of what type of evidence was necessary to
> refute the claims MasterBrand made, Skyview sought to procure such evidence
> and came up short.[137]

With respect to Skyview's arguments that it did not have an adequate opportunity to

defend itself, based on the withholding of confidential information in the underlying

---

[134] *See* Final Determination, CR 107, p. 1618, n.36.

[135] *Id*.

[136] *See id.* at 1618, n.36; *see also* Administrative Review, CR 197, p. 2083.

[137] *Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023) at *12.

investigation, CBP has cured this purported deficiency.  The withholding of confidential information was the very reason for the instant remand and CBP has since permitted the parties access to all confidential information on the record, through the issuance of an APO, and has permitted the parties an opportunity to review and respond to such information.[138]  In the remand proceedings, however, Skyview has only parroted the same arguments it made in the underlying administrative process and litigation, with the exception of its arguments pertaining to the two photos captured by the investigator, and has submitted no additional factual information.  In so doing, Skyview failed to submit any evidence to rebut what was in the photographs submitted by MasterBrand.  It nonetheless concludes in the IRD that "the country of origin is clearly Malaysia"[139] for the covered merchandise, yet that statement is neither fact nor evidence.  For the reasons discussed above—and through the incorporation of the Final Determination and Administrative Review—CBP continues to find that "substantial evidence exists that…Skyview evaded the AD/CVD orders."[140]

### 2.  MasterBrand's Written Arguments

#### a.  *MasterBrand's Position*

On April 5, 2024, MasterBrand submitted its Written Arguments.[141]  MasterBrand notes at the outset of its submission that "CBP should make no change to its original determination and should reaffirm the evasion finding."[142]  It also notes that Skyview's March 27 submission to CBP, which purported to be in response to CBP's granting the parties an opportunity to submit rebuttal evidence with respect to business confidential information not available to counsel in the

---

[138] *See supra* notes 1, 27–28.
[139] IRD at 20.
[140] *See* Final Determination, CR 107, p. 1618; *See also* Administrative Review, PR 107, p. 2085.
[141] *See* MasterBrand Written Arguments.  MasterBrand did not submit rebuttal information.
[142] *Id*. at 1.

original EAPA investigation, in fact contained no rebuttal evidence.[143]  Instead, the submission

was an attempt by Skyview "to relitigate arguments before CBP that the CIT already rejected as

meritless."[144]  MasterBrand also explains that "CBP's determination of evasion was supported by

the evidence, which the CIT affirmed."[145]  MasterBrand states that Skyview's arguments are no

more persuasive now than they were before the CIT, and Skyview's challenge to CBP's

treatment of business confidential treatment is moot, "as the agency is conducting this remand

proceeding for the express purpose of allowing parties to submit rebuttal evidence and arguments

in response to business confidential information that was not previously available to counsel."[146]

Given that Skyview failed to submit any new factual information or arguments in response to

business confidential information that was not previously available to its counsel, MasterBrand

concludes that "CBP should make no change to its original determination."[147]

MasterBrand asserts that, "CBP's determination of evasion was supported by substantial

evidence contrary to Skyview's repeated claims otherwise."[148]  Further, "the vast majority of

Skyview's arguments are based on public information or its own business confidential

information."[149]  Such arguments, it continues, "are beyond the scope of this remand

proceeding," which implicates only business confidential information that was not previously

available to Skyview's counsel during the original EAPA investigation.[150]  MasterBrand argues

that CBP correctly found that the merchandise was not manufactured in Malaysia by weighing

the information on the record, which included: shifting patterns of imports and shipments after

---

[143] *See id.* at 1.
[144] *Id.* at 2.
[145] *Id*.
[146] *Id.*
[147] *Id.*
[148] *Id*. at 3.
[149] *Id*.
[150] *Id*.

the imposition of AD/CVD duties; certified foreign market research indicating that Rowenda transshipped Chinese wooden cabinets and vanities through Malaysia, and that no extensive manufacturing operations occurred at Rowenda in Malaysia; Rowenda's failure to respond to CBP's requests for information; and Skyview's failure to provide credible evidence regarding the production and country of origin of the relevant merchandise.[151]

MasterBrand also claims that CBP's "long list of discrepancies" noted by CBP and recited by Skyview in its rebuttal information, along with others cited by CBP in its decisions, demonstrates that CBP did consider Skyview's submission "before and after the notice of initiation of the underlying investigation – and found, correctly, that Skyview's submissions are unreliable and indicate that Skyview's merchandise was not manufactured in Malaysia."[152]

With respect to Skyview's argument that CBP failed to consider photographs and videos purporting to show Rowenda's manufacturing facility, MasterBrand states that this was addressed by both the CIT and CBP.[153]  It states that "CBP correctly concluded that Skyview's submissions as a whole, which included such photographs, were unreliable and did not demonstrate that Skyview's merchandise was manufactured in Malaysia."[154]

As to Skyview's claim that the photographs provided by the investigator were taken

[      descriptor      ], MasterBrand states that such a claim is inapposite.[155]  MasterBrand points out that Skyview ignores certain detailed information provided by the investigator tending to support the weight of this evidence, including the facts that "the factory was a relatively small space; there were no substantive manufacturing operations; {there was} only minor equipment in

---

[151] *Id*.
[152] *Id*. at 3–4.
[153] *Id*. at 4.
[154] *Id*.
[155] *Id*. at 5.

the factory, such as tables for holding doors or paint sprayers; and {there were} very few employees on site."[156]

In addition, MasterBrand notes that Skyview's argument that CBP failed to release business confidential information is moot.[157]  It notes that in this remand proceeding, CBP provided the parties with an opportunity to access and submit rebuttal evidence to business confidential information not previously available during the original investigation, pursuant to an APO.[158] As Skyview ignored this fact and failed to submit any new argument against CBP's original determination, CBP should reaffirm its original determination of evasion and "make no change to its original determination."[159]

**b. *CBP's Position***

CBP generally concurs with the points raised in MasterBrand's written arguments in response to Skyview's IRD.  However, CBP notes that, with respect to the photos and videos represented to be of Rowenda's facility, CBP has fully articulated its position, above.  When viewed as a whole, the photo and video information presented by the alleger and by Skyview, coupled with Rowenda's non-cooperation, support CBP's conclusion that the claim of production of the merchandise imported into the United States in Malaysia is unsubstantiated by the record.  But, importantly, the photos and videos are not the sole, or even principal, basis for CBP's conclusion.

---

[156] *Id.*
[157] *Id.*
[158] *Id.*
[159] *Id.*

## V.    COMMENTS FROM PARTIES TO THE REMAND

As part of the remand proceedings, on May 3, 2024, CBP issued its draft remand redetermination and afforded the parties an opportunity to comment.[160]  Both parties submitted comments timely.[161]  Skyview's Comments disagreed with CBP's findings on remand, while MasterBrand's Comments generally supported CBP's findings.

### 1.  Skyview's Comments

#### a.  *Skyview's Position*

Skyview states that CBP's evasion determination "cannot be sustained because CBP committed fatal legal and factual errors with respect to elements required to make an affirmative determination of 'evasion.'"[162]  Skyview first challenges CBP's continued finding of evasion based on its assertion that CBP "did not take into account metadata available {for the photographs and videos} to it during the administrative proceedings."[163]  Skyview also notes that it appealed the CIT's decision, in response to CBP's points in the draft remand redetermination that Skyview's arguments were unsuccessful before the CIT.[164]  Skyview argues that CBP's point about the photos and videos being unauthenticated and, therefore, unreliable is a "headscratcher with no statutory, regulatory, or case law support" and states that "CBP continues to miss investigating and making unlawful decisions."[165]

Skyview argues that while the photographs in question were submitted to CBP by Skyview's customs broker, "CBP failed to mention that {a Rowenda email address} . . . was in copy of {sic} submissions. . . . {and} failed to mention metadata refuting the aforementioned

---

[160] *See* May 3, 2024, Email.
[161] *See* Skyview's Comments; *see also* MasterBrand's Comments.
[162] Skyview's Comments at 2–3.
[163] *Id*. at 3.
[164] *Id*.
[165] *Id*. at 4.

observations and decisions."[166]  Skyview claims that the "{m}any of the relevant photographs submitted to CBP were shortly before the export date" of February 21, 2020.[167]  Skyview further claims that "GPS data was also available for most of the shipments[168] showing the Rowenda production location."[169]  Accordingly, Skyview claims that the photographs and videos were probative.[170]  Skyview also notes that CBP applied an adverse inference against Rowenda.[171] Skyview again states that "CBP did not follow all EAPA procedures and CBP's findings of Evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law."[172]

Skyview cites to the CIT's *Royal Brush* decision that "in making 'substantial evidence' determinations, CBP has considered 'relevant facts and observations' with respect to a shipper's 'company ownership, operations, and recordkeeping', raw material{s}', 'invoices', 'production capability and capacity' and payroll records'."[173]  Skyview asserts that Skyview presented a volume of substantial evidence that would have satisfied the *Royal Brush* standard, but was not verified by CBP, including metadata of photographs, which, Skyview claims, was in violation of 19 U.S.C. § 1517(c).[174]

Skyview argues that "when determining the substantiality of the evidence", CBP failed to take into account "the whole record, that fairly detracted from its weight."[175]  Accordingly,

---

[166] *Id*.
[167] *Id*.
[168] While Skyview refers to "shipments" when discussing GPS data, CBP believes that Skyview meant to refer to photographs.
[169] *Id*.
[170] *Id*. at 5.
[171] *Id*.
[172] *Id*.
[173] *Id*. at 8 (citing *Royal Brush Manufacturing, Inc. v. United States*, 483 F. Supp.3d 1294, 1299 (Ct. Int'l Trade 2020)).
[174] *Id*.
[175] *Id*. at 10.

Skyview claims that CBP failed to establish by substantial evidence that Skyview's subject entry was covered merchandise at the time of entry.[176]

Skyview concludes that "CBP should reverse its EAPA decision and find that no substantial evidence was placed on the EAPA Administrative Record in support of a finding against Skyview."[177] Skyview argues that CBP should have not found any evasion because the elements of evasion were not present, the country of origin is clearly Malaysia and not a transshipment from China, and Skyview properly documented the Malaysian origin at the time of entry.[178]

### b. *CBP's Position*

Skyview now argues that metadata contained within "many" of the photographs demonstrates that the photographs were taken before the export date, which together with GPS data available for some of the photographs,[179] show the Rowenda production location.[180] CBP did not take this metadata into account in the underlying determination. When the documents were being prepared for inclusion into the administrative record as PDF documents, the metadata from these photographs were removed. Because of this, CBP has, in this remand redetermination, removed the statements relating to the dates of the photographs and videos (which were in the draft remand redetermination). With that said, however, regardless of the metadata, the photographs and videos are not reliable evidence. As discussed previously, CBP was unable to substantiate the importers' claims about the source of the photographs and videos, because Rowenda elected to not participate in the investigation.[181] The fact that certain of the

---

[176] *Id*.
[177] *Id*. at 10-11.
[178] *Id*. at 11.
[179] Note that Skyview refers to GPS data for "shipments," but CBP believes that Skyview meant "photographs" and, therefore, that this is a typo, based on the context of Skyview's argument.
[180] *Id*. at 4.
[181] *See* Final Determination, CR 107, p. 1618.

photo attachments were seemingly provided to Skyview from a "sales rowenda" account likewise does not change the calculus because Rowenda did not cooperate in the underlying investigation.[182]  Further, even if the photographs and videos were considered to be sourced from Rowenda and probative, they do not undermine CBP's finding of evasion.  These submissions were piecemeal and patently insufficient both to demonstrate the manufacturing of the relevant merchandise in Malaysia and a linkage to the merchandise imported to the United States.[183]  As discussed above, and in the TRLED Determination and the Administrative Review, it is clear that there was substantial evidence for CBP to find evasion, based on the record in its entirety.

Skyview's reliance on *Royal Brush*,[184] to advance its argument that CBP's evasion determination was not supported by substantial evidence—that is, that CBP did not consider the entirety of the record—is without merit and misplaced.[185]  The Federal Circuit in *Royal Brush* found that the administrative record was not "whole" because the importer was not able to view confidential information to review and rebut the information.[186]  The instant case is distinguishable from *Royal Brush* because, on remand, CBP provided Skyview with access to the entirety of the record and considered Skyview's arguments, in addition to considering the whole administrative record in reaching a decision.

Further, the very types of evidence Skyview references in its *Royal Brush* citation, *i.e.*, "'relevant facts and observations' with respect to a shipper's 'company ownership, operations, and recordkeeping', 'raw material{s}', 'invoices', 'production capability and capacity' and

---

[182] *Id.*; *see also e.g.,* Skyview CF-28 Response (PR 37, p. 504) (email from "sales rowenda" relaying an attachment of "{f}actory photos").

[183] *See generally* Final Determination, CR 107, pp. 1616–20; *see also* Administrative Review, PR 197, pp. 2078–79.

[184] It is worth noting that Skyview cites to the *Royal Brush* line of cases which preceded the appeal to the Federal Circuit.

[185] Skyview Comments at 8.

[186] *See generally Royal Brush Mfg.*, 75 F.4th at 1259, 1262.

'payroll records'",[187] were precisely the types of evidence that CBP both requested that Skyview

provide and considered in reaching its evasion determination.[188]  As stated in the Final

Determination, "{t}he RFIs issued to the importers . . . requested from them information relating

to corporate structure, affiliations, accounting, and financial documentation, and sales-specific

order, sales, transport, and product details."[189]  CBP explained that such records were "critical for

evaluating the validity of entry information provided by importers and to determine the country

of origin of the WCV."[190]  However, as explained by CBP in its Final Determination, Skyview's

submissions did "not contain production information demonstrating that the WCV that . . .

Skyview imported from Rowenda Kitchen was produced in Malaysia, whether by Rowenda

Kitchen or some other entity in that country."[191]  As an example, in its initial RFI response,

Skyview indicated that it sent a "local contact" to visit the manufacturer "to verify their capacity,

review{} manpower, machines, raw material."[192]  In response, CBP requested that Skyview

provide the evidence that its contact performed the tasks that Skyview had indicated.[193]  Rather

than provide any supporting documentation, Skyview "only provided documentation that appears

to refer to airline itineraries, none of which even make{} mention of Rowenda Kitchen or its

specific location, let alone its operations."[194]  With respect to other documentation requested by

CBP, such as account ledgers and accounts payable records for the years of 2019 and 2020,

Skyview "completely ignored" this request and was unresponsive to CBP's supplemental request

asking for the same information.[195]  Similarly, Skyview failed to respond to an initial request by

---

[187] Skyview Comments at 8.
[188] *See* Final Determination, CR 107, pp. 1617, 1618 n.36.
[189] *Id*. at 1617.
[190] *Id*.
[191] *Id*. at 1618.
[192] *Id*. at n.36.
[193] *Id*.
[194] *Id*.
[195] *Id*. at 1618-19, n.36.

CBP for a purchase order for an entry and, rather than provide a legitimate purchase order, Skyview provided a document which lacked buyer and seller names and any pricing or payment terms.[196]

With respect to other documents submitted by Skyview on June 7, 2021,[197] CBP correctly found that these submissions were not probative, as they were not reliable for the reasons discussed herein.[198]  Even if reliable, CBP fully explained why such information would still fail to demonstrate that the imported merchandise was manufactured by Rowenda Kitchen or Roxy. Specifically, in considering all of the evidence, CBP explained that "none of this information allows for confirmation of the actual country of origin of the imported merchandise" based on Rowenda's failure to respond to the RFI, and the fact that "no production documentation was provided by Skyview that can be linked to the actual imported merchandise{.}"[199]

Further, the CIT noted that "after reviewing *all the evidence offered by the parties* and making numerous attempts to build a more complete record by soliciting additional, missing information from Skyview, Customs found that substantial evidence supported the evasion allegations."[200]  On this point, the CIT explained—

> {d}espite numerous agency requests for information, Skyview failed to provide support for its claim that the imported merchandise was manufactured in Malaysia. The gap left by this failure, combined with the adverse inference drawn against the alleged manufacturer Rowenda Kitchen for its refusal to provide any

---

[196] *Id*. at 1619, n.36.

[197] Such evidence consisted of "a very brief narrative and exhibits with file names including references to bills of material, buyers orders, schedules, stock control lists, supplier invoices, purchase invoices, supply chain documents, and other miscellaneous information relating to Rowenda Kitchen another Malaysian entity" and was submitted on June 7, 2021, as part of Skyview's submission of voluntary factual information.  *See id*. at 1619.

[198] *Id*. ("Whether Skyview purposely withheld information from CBP it now claims is important for the analysis and failed to mention it in subsequent RFI responses, or if the June 7, 2021, submission contained an invalid, false certification document, the information in that submission is rendered unreliable."  Further, even if the submission was properly certified, the information pertaining to Rowenda and Roxy would still not constitute credible evidence "because there is no basis for concluding those documents originated with Rowenda Kitchen or Roxy, despite those parties having had many months in which to cooperate with CBP, and, for that matter, Skyview.").

[199] *Id*. at 1624.

[200] *Skyview Cabinet USA, Inc. v. United States*, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023) at *5 (citations omitted) (emphasis added); *see generally* Final Determination, CR 107, pp. 1612–26, 1618.

of the requested information, led Customs to conclude that the *record as a whole* supported the allegation of evasion.[201]

Accordingly, CBP continues to find, based on evidence on the record, that substantial evidence exists that Skyview's imported merchandise was manufactured in China and transshipped through Malaysia.

## 2. MasterBrand's Comments

### a. *MasterBrand's Position*

MasterBrand states that CBP has complied with the Remand Order and "correctly continues to make an affirmative finding of evasion with respect to Skyview."[202] MasterBrand notes that, despite CBP "providing the parties to the appeal with an opportunity to submit rebuttal evidence to business confidential information that counsel did not have access to in the original administrative proceeding,"[203] Skyview submitted no new factual information. MasterBrand explains that Skyview instead "seeks to have CBP relitigate claims that were already rejected by the agency and/or the CIT."[204] MasterBrand explained that, with respect to the only new argument raised by Skyview involving the alleged deficiencies in the pictures of Rowenda's facility that MasterBrand included in its underlying allegation, MasterBrand agrees with the explanations previously provided by the CIT and by CBP in the draft remand redetermination to conclude that this argument is unpersuasive.[205]

MasterBrand states that CBP reasonably found the pictures and videos purportedly provided to the importers by Rowenda Kitchen to be unreliable, and that its conclusion is

---

[201] *Id*. at *11 (emphasis added).
[202] *See* MasterBrand's Comments at 1–2.
[203] *Id*. at 3.
[204] *Id*.
[205] *Id*.

supported by substantial evidence.[206]  MasterBrand notes that CBP provided numerous reasons for this finding of unreliability, including Rowenda's previous refusal to respond to CBP's questionnaire, the piecemeal nature of the pictures and videos, and the fact that the these submissions "occurred long after the actual entry of merchandise by Skyview."[207]  MasterBrand explains that Skyview's argument that the photos were taken [    descriptor    ] is inapposite and that Skyview "ignores that the investigator provided detailed information regarding the site visit beyond the pictures that it was able to provide."[208]  MasterBrand provides examples of such detailed information, to include the fact that there were "very few employees on site",  the factory was "a relatively small space", "there were no substantive manufacturing operations", and "there was only minor equipment in the factory{.}"[209]  MasterBrand concludes that "CBP properly found this evidence to be reliable."[210]

MasterBrand states that Skyview failed to provide evidence in support of its claim that one of its contacts examined Rowenda Kitchen's facilities, as Skyview's only submission was "documentation referencing airline itineraries, none of which mentioned Rowenda Kitchen or its specific location, let alone its operations."[211]  Additionally, MasterBrand points out that "the pictures and videos were not the sole, or even principal, basis for CBP's determination of evasion."[212]  MasterBrand asserts that CBP still "properly weighed the evidence and concluded that they were unreliable."[213]

---

[206] *Id*. at 3.
[207] *Id*. at 3–4.
[208] *Id*. at 4.
[209] *Id*.
[210] *Id*.
[211] *Id*. at 4–5.
[212] *Id*. at 5.
[213] *Id*.

MasterBrand goes on to state that Skyview repeats previously unsuccessful arguments that "are not based on business confidential information that was not previously available to counsel and are thus outside the purview of this remand proceeding."[214]  On this point, MasterBrand explains that the CIT "did not remand this proceeding for Skyview to relitigate before the agency its claims that were rejected by the CIT", but agrees with CBP "that Skyview's arguments fail again."[215]

MasterBrand indicates that, for the reasons CBP explained in its draft remand redetermination, CBP's finding of evasion is supported by substantial evidence.[216]  MasterBrand states that "CBP reviewed an extremely large record, weighed the evidence, and provided a thorough explanation in support of its decision."[217]  MasterBrand summarizes the substantial evidence that CBP reviewed, which included import and bill of lading data showing shifts in Rowenda Kitchen's pattern of trade after the imposition of AD/CVD duties; certified foreign market research indicating transshipment by Rowenda Kitchen through Malaysia; and that "no extensive manufacturing operations occurred at Rowenda Kitchen facility in Malaysia, including evidence that [    individual    ] admitted to transshipping Chinese WCV through Malaysia."[218]  MasterBrand reiterates that, in the face of this substantial evidence, Rowenda failed to participate in CBP's investigation.[219]  Additionally, "Skyview failed to submit credible evidence regarding the production and country of origin of its merchandise" and instead provided CBP with submissions that "were replete with discrepancies and wholly unreliable."[220]

---

[214] *Id.*
[215] *Id.*
[216] *Id.* at 5-6.
[217] *Id.* at 6.
[218] *Id.*
[219] *Id.*
[220] *Id.*

Finally, "MasterBrand agrees with CBP that Skyview's argument that the agency did not release business confidential information {in the underlying investigation} is moot, as that is the express purpose of this remand proceeding."[221]  MasterBrand notes that Skyview submitted no evidence or new argument which undermines CBP's original determination.[222]  Accordingly, MasterBrand concludes that CBP should affirm its original determination.[223]

     **b.  *CBP's Position***

CBP concurs with MasterBrand's Comments.

## VI.    CONCLUSION

In accordance with the CIT's Remand Order, CBP provided the parties to the remand (Skyview and MasterBrand) with access to business confidential information under an APO, which was not previously available to counsel during the original administrative proceedings. CBP also required compliance with the relevant regulations governing the treatment of business confidential information.  Following the issuance of the APO, CBP provided the parties an opportunity to submit rebuttal information and additional written arguments as part of its remand proceedings.  CBP has considered and discussed those arguments herein.  Those additional arguments do not alter CBP's conclusions in the Final Determination and the Administrative Review.

---

[221] *Id*.

[222] *Id*.

[223] *Id*.

In addition to the discussion herein, CBP incorporates its initial determination of evasion and the administrative review decision by reference.  Upon review of the entire administrative record, CBP affirms its determination of evasion.

/s/ VICTORIA Y CHO

Digitally signed by VICTORIA Y CHO
Date: 2024.05.20 10:37:32 -04'00'

Victoria Cho

Director – Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection

/s/ ALICE A KIPEL

Digitally signed by ALICE A KIPEL
Date: 2024.05.20 13:56:05 -04'00'

Alice A. Kipel

Executive Director
Regulations and Rulings
Office of Trade
U.S. Customs and Border Protection