# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE:     THE HONORABLE STEPHEN A. VADEN, JUDGE**

| | |
|---|---|
| SKYVIEW CABINET USA, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>MASTERBRAND CABINETS, INC.,<br><br>Defendant-Intervenor. | Court No. 22-00080 |

**PLAINTIFF SKYVIEW CABINET USA, INC.'S COMMENTS IN OPPOSITION TO AGENCY FINAL REMAND REDETERMINATION PURSUANT TO COURT ORDER**

                                    Respectfully submitted,
                                      /s/ Kyl J. Kirby
                                    Kyl J. Kirby
                                    **KYL J. KIRBY, ATTORNEY AND**
                                    **COUNSELOR AT LAW, P.C.**
                                    1400 Lipscomb Street
                                    Fort Worth, TX 76104
                                    Tel: (214) 632-0841
                                    *Counsel to Skyview Cabinet USA, Inc.*

Date: July 8, 2024

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

   I.    INTRODUCTION ……………………………........................................................ 1

  II.    STANDARD OF REVIEW ...................................................................................... 1

 III.    ARGUMENT ............................................................................................................ 2

 IV.    CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Altx, Inc. v. United States*, 370 F.3d 1108 (Fed. Cir. 2004) ............................................... 6

*Bowman Transp., Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281 (1974) .......... 9

*Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156 (1962) ................................ 7-8

*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971) ...................................... 9

*Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197 (1938) ................................................. 7

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966) …..... 7

*Consol. Fibers, Inc. v. United States*, 32 C.I.T. 24, 535 F. Supp. 2d 1345 (2008) .............. 8

*CS Wind Vietnam Co. v. United States*, 832 F.3d 1367 (Fed. Cir. 2016) ............................ 7

*Gerritsen v. Shirai*, 979 F.2d 1524 (Fed. Cir. 1992) ………............................................... 9

*Grobest & I-Mei Industrial (Vietnam) Co. v. United States*, 36 CIT __, __, 815 F. Supp. 2d 1342 (2012) ........................................................................................................................ 9

*Hartford Fire Ins. Co. v. United States*, 918 F. Supp. 2d 1376 (Ct. Int'l Trade 2013) …..... 9

*In re Gartside*, 203 F.3d 1305 (Fed. Cir. 2005) ................................................................... 8

*Maverick Tube Corp. v. United States*, 857 F.3d 1353 (Fed. Cir. 2017) ............................. 7

*Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983) ........... 8

*Nippon Steel Corp. v. United States*, 458 F.3d 1345 (Fed. Cir. 2006) ….……………….... 7

*NTN Bearing Corp. v. United States*, 74 F.3d 1204 (Fed. Cir. 1995) .................................. 10

*Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2020) ……………………………………………………………………………………. 5, 8

*Royal Brush Mfg., Inc. v. United States*, 545 F.Supp.3d 1357 (Ct. Int'l Trade 2021) …..… 8

*Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) ……... 1

*Shandong Dongfang Bayley Wood Co. v. United States*, 375 F. Supp. 3d 1339 (Ct. Int'l

Trade 2019) .......................................................................................................................... 8

*Shanxi Hairui Trade Co. v. United States*, 503 F.Supp.3d 1307 (Ct. Int'l Trade 2021) .... 8

*SKF USA, Inc. v. United States*, 537 F.3d 1373 (Fed. Cir. 2008) ………………………… 6

*Star Fruits S.N.C. v. United States*, 393 F.3d 1277 (Fed. Cir. 2005) .................................... 9

*Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177 (Fed. Cir. 1994) ........................................ 8

*Suramerica de Aleaciones Laminadas, C.A. v. United States*, 44 F.3d 978 (Fed. Cir. 1994) ................................................................................................................................... 7

*Trust Chem Co. v. United States*, 819 F. Supp. 2d 1373 (Ct. Int'l Trade 2012) ………….. 2

*Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951) ...................................................... 6

*Z.A. Sea Foods Private Ltd. v. United States*, Court No. 21-00031, Slip Op. 22-36 (Ct. Int'l Trade 2022) ………………………………………………………….……………………...…… 7

**Statutes**

5 U.S.C. § 706 ……………………………………………..…………………………... 8-10

19 U.S.C. § 1517 ………………………………………………………………………… 2

19 U.S.C. § 1517(a)(3) ……………………………………………………………..…. 6

19 U.S.C. § 1517(a)(5)(A) ……………………………………………………………... 6

19 U.S.C. § 1517(c)(1)(A) …………………………………………………………….... 5, 6, 10

19 U.S.C. § 1517(c) ……………………………………………………………………… 5, 8

19 U.S.C. § 1517(c)(2) ……………………………………………………………………… 7

19 U.S.C. § 1517(c)(3)(A) ………………………………………………………………...…

56

19 U.S.C. § 1517(g)(2)(A) ………………………………………………………………......… 2

19 U.S.C. § 1517(g)(2)(B) ……………………………………………………………….. 2

**Other Authorities**

*Notice of Final Determination as to Evasion*, issued in EAPA Cons. Case No.: 7257 (Oct. 9, 2019) ……………………………………………………………………...…..……. 6

*Notice of Final Determination as to Evasion*, issued in EAPA Case No.: 7184 (Sept. 17, 2019) …………………………………………………………………...………….. 6

3 Charles H. Koch, Jr., *Administrative Law and Practice* § 9.24[1] (3d ed. 2021) ………. 7

8A *West's Fed. Forms*, National Courts § 3.6 (5th ed. 2020) …………………………….. 7

I. **INTRODUCTION**

Plaintiff Skyview Cabinet USA, Inc. ("Plaintiff" or "Skyview") hereby submits comments in opposition to the final results of redetermination by U.S. Customs and Border Protection ("CBP"). *See Remand Redetermination, Skyview Cabinet USA, Inc., v. United States, Court No. 1:22-cv-00080 (Court of International Trade), EAPA Consolidated Case No. 7553, Remand No. 7959*, (May 21, 2024) (ECF No. 54, 53) ("Redetermination") (APPX4000-APPX4038, APPX82000-APPX82038); *Skyview Cabinet USA, Inc., v. United States*, CIT No. 20-00080, (January 25, 2024) (ECF No. 48) ("Remand Order").

In the Remand Order, the Court ordered CBP "for further proceedings consistent with *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023)." In its Redetermination, CBP found that, "taking into account the factual information on the record, as well as the additional arguments made by the parties during remand, CBP continues to find that substantial evidence on the record exists that Skyview entered covered merchandise into the United States through evasion." APPX4002, 82002. For the reasons set forth below, CBP should reverse its Enforce and Protect Act of 2015, 19 U.S.C. § 1517 ("EAPA") Redetermination, and consequently issue a negative determination as to evasion with regard to the Skyview entry subject to this EAPA Investigation.

II. **STANDARD OF REVIEW**

The court will not sustain a remand redetermination if that decision fails to comply with the terms of the court's remand order. *See, e.g., Trust Chem Co. v. United States*, 819 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2012) (citation omitted). In addition, the court evaluates whether a "determination, finding, or conclusion" under the EAPA is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 19 U.S.C. § 1517(g)(2)(A), (B).

### III.  ARGUMENT

At the outset, Skyview refutes all allegations in CBP's Redetermination (APPX4000-APPX4038, APPX82000-APPX82038) and Masterbrand's Written Arguments (APPX4039-APPX4048, APPX4049-APPX4058, APPX80039-APPX80048, APPX80049-APPX80058). CBP's determinations that Skyview "evaded" the Orders cannot be sustained because CBP committed fatal legal and factual errors with respect to elements required to make an affirmative determination of "evasion". Contrary to CBP's findings in the Redetermination, there is no substantial evidence to support its initial evasion determination.[1]

CBP stated, "Skyview's argument that CBP did not adequately review the information on the record, or that some information was inadequate to support CBP's findings, is without support." APPX4013, 82013. In addition to Skyview previously providing facts and persuasive arguments that CBP's EAPA actions were unlawful, CBP continues its unlawful behavior based on the draft remand determination. CBP clearly did not take into account metadata available to it during the administrative proceedings but made conclusory statements that the photographs and videos were irrelevant and unreliable. This was confirmed by the Redetermination. APPX4030, APPX82030.

In its Redetermination CBP stated, "The evidence purportedly provided (indirectly) by Rowenda to Skyview and PBM is neither reliable, nor credible, as there is nothing on the record to support this conclusion. Even assuming those photographs and videos are representations of Rowenda's operations, it is not evident, simply by viewing them, that they represent the production of WCV, Rowenda's operations, or that they relate to the merchandise actually entered by Skyview." APPX4021, APPX82021. CBP went on to state, "In other words, the

---

[1] Redetermination at Appx4002, 4013-4014, 4018, 4024, 4031, 4033-4037; Appx82002, 82013-82014, 82018, 82024, 82031, 82033-82037.

3

photos and videos remain ***unauthenticated***, which makes them unreliable, especially given the contrary information provided by the investigator. Moreover, there has been no showing that the photos and videos are probative as to the merchandise imported into the United States." *Id*. (emphasis added). CBP went on to state, "regardless of the metadata, the photographs and videos are not reliable evidence. As discussed previously, CBP was unable to substantiate the importers' claims about the source of the photographs and videos, because Rowenda elected to not participate in the investigation. [ ] The fact that certain of the photo attachments were seemingly provided to Skyview from a 'sales rowenda' account likewise does not change the calculus because Rowenda did not cooperate in the underlying investigation. [ ] Further, even if the photographs and videos were considered to be sourced from Rowenda and probative, they do not undermine CBP's finding of evasion. These submissions were piecemeal and patently insufficient both to demonstrate the manufacturing of the relevant merchandise in Malaysia and a linkage to the merchandise imported to the United States." APPX4030-4031, APPX82030-82031. At the outset, the "authenticated" requirement is a headscratcher with no statutory, regulatory, or case law support. Moreover, CBP continues to miss investigating and making unlawful decisions. As CBP noted, photographs were submitted to CBP by Skyview's customs broker. However, CBP admits that Rowenda Kitchen Sdn. ("Rowenda"), email, was in copy of submissions. *See also* APPX 80717. Moreover, the photographs were numerous and from multiple parties to the action. APPX1496, 1698, 1813, 1842-1843, 80475-80478, 80482-80484, 80491, 80497-80498, 80551-80554, 80697, 80699, 80701, 80703, 80709, 80711, 80713, 80715, 80738, 80740, 80744-80745, 80748. *See also* APPX4064-4065, 4080-4081, 80064-80065, 80080-80081. Per the entry summary as part of this action, the shipment was exported on February 12, 2020 and imported on March 15, 2020. Many of the relevant photographs

submitted to CBP were shortly before the export date. Metadata shows other photographss taken before the export data. GPS data was also available for most of the shipments showing the Rowenda production location. APPX4064-4065, 4080-4081, 80064-80065, 80080-APPX80081.CBP continues to unlawfully, summarliy dismiss relevant data while relying on a third-party corporate investigator's statements where inconsistencies in photographs and statements have been proven. APPX4107-4108, 4132-4133, 80107-80108, 80132-80133. Certainly the photographs and videos have a probative value. Clearly CBP applied an adverse inference against Rowenda "in selecting from among the facts otherwise available to make the determination." 19 U.S.C. § 1517(c)(3)(A). Thus, CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures and CBP's findings of Evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

In addition to unlawfully dismissing the photographs and videos, CBP also unlawfully dismissed "relevant facts and observations" with respect to a shipper's "company ownership, operations, and recordkeeping", "raw material[s]", "invoices", "production capability and capacity" and "payroll records". *Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294, 1299 (Ct. Int'l Trade 2020) (currently being appealed). Indeed, as provided by Rowenda, Skyview presented a volume of Royal Brush "substantial evidence" factor documentation that was not verified by CBP, including the metadata above, resulting in direct violation of 19 U.S.C. § 1517(c). APPX4103, 4128, 80103, 80128.

Under EAPA, CBP investigates and determines "whether . . . *covered merchandise* was entered into the customs territory of the United States through *evasion*." 19 U.S.C. § 1517(c)(1)(A) (emphasis added). Evasion is defined as "the entry of *covered merchandise* into

5

the customs territory of the United States for consumption by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material and that results in any cash deposit or other security of any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise." 19 U.S.C. § 1517(a)(5)(A) (emphasis added). Covered merchandise means merchandise that is subject to an antidumping and/or countervailing duty order. 19 U.S.C. § 1517(a)(3). Further, CBP's determination whether covered merchandise entered the United States through evasion must be "based on **substantial evidence**." *Id*. 19 U.S.C. § 1517(c)(1)(A) (emphasis added). Thus, as recognized by CBP itself, EAPA outlines three elements for the agency to address in order to reach an affirmative determination: (1) whether the entries in question are covered merchandise (as discussed above) when they entered into the customs territory of the United States; (2) whether such entries were made by a material false statement or act or material omission; and (3) whether there was a resulting reduction or avoidance of applicable AD/CVD cash deposits or other security. *See Notice of Final Determination as to Evasion*, issued in EAPA Cons. Case No.: 7257 (Oct. 9, 2019) (available at: https://www.cbp.gov/document/guidance/eapa-investigation-cons-case-number-7257-prime-stainless-products-llc-notice-final, last accessed July 18, 2022 ); *see also Notice of Final Determination as to Evasion*, issued in EAPA Case No.: 7184 (Sept. 17, 2019) (available at: https://www.cbp.gov/document/guidance/eapa-investigation-number-7184-diamond-tools-technology-llc-notice-final, last July 18, 2022). What constitutes "substantial evidence" is not defined by EAPA laws. However, this Court and other courts have interpreted the requirement.

"Substantial evidence is 'more than a mere scintilla,' but 'less than the weight of the evidence.' *Altx, Inc. v. United States*, 370 F.3d 1108, 1116 (Fed. Cir. 2004). *See also Nippon*

6

*Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006). " 'A finding is supported by substantial evidence if a reasonable mind might accept the evidence as sufficient to support the finding.' *Maverick Tube Corp. v. United States*, 857 F.3d 1353, 1359 (Fed. Cir. 2017) (citing *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also* 'The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.' *CS Wind Vietnam Co. v. United States*, 832 F.3d 1367, 1373 (Fed. Cir. 2016). This includes 'contradictory evidence or evidence from which conflicting inferences could be drawn.' *Suramerica de Aleaciones Laminadas, C.A. v. United States*, 44 F.3d 978, 985 (Fed. Cir. 1994) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951))." *See also Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006). *See also SKF USA, Inc. v. United States*, 537 F.3d 1373, 1378 (Fed. Cir. 2008) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "For an agency's determination to be supported by substantial evidence, the agency must 'articulate [a] rational connection between the facts found and the choice made.' *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)." *Z.A. Sea Foods Private Ltd. v. United States*, [569 F.Supp.3d 1338, 1347] (Ct. Int'l Trade 2022). **"**Substantial evidence has also been described as "something less than the weight of evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). Fundamentally, though, "substantial evidence" is best understood as a word formula connoting a reasonableness review. 3 Charles H. Koch, Jr., *Administrative Law and Practice* § 9.24[1] (3d ed. 2021). Therefore, when addressing a substantial evidence issue raised by a party, the court analyzes whether the challenged agency action "was reasonable given the circumstances presented by the whole record." 8A *West's Fed. Forms*, National Courts

7

§ 3.6 (5th ed. 2020)." *Shanxi Hairui Trade Co. v. United States*, 503 F.Supp.3d 1307, 1310-11 (Ct. Int'l Trade 2021). "Customs must carry its burden of issuing a determination that is supported by substantial evidence, 19 U.S.C. § 1517(c)(1)(A), interested parties bear the burden of supplying Customs with accurate information that withstands verification, id. § 1517(c)(2)." *Royal Brush Mfg., Inc. v. United States*, 545 F.Supp.3d 1357 (Ct. Int'l Trade 2021)**.**

Although not defined by EAPA, in making "substantial evidence" determinations, CBP has considered "relevant facts and observations" with respect to a shipper's "company ownership, operations, and recordkeeping", "raw material[s]", "invoices", "production capability and capacity" and "payroll records". *Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294, 1299 (Ct. Int'l Trade 2020). Indeed, as provided by Rowenda, Skyview presented a volume of *Royal Brush* "substantial evidence" factor documentation that was not verified by CBP, including the metadata above, resulting in direct violation of 19 U.S.C. § 1517(c).

*See also* 5 U.S.C. § 706. The court has found an agency to act in "an arbitrary and capricious manner if 'it entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.' " *Shandong Dongfang Bayley Wood Co. v. United States*, 375 F. Supp. 3d 1339, 1344 (Ct. Int'l Trade 2019) (quoting *Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). In turn, the Court must "analyze whether a rational connection exists between the agency's fact findings and its ultimate actions." *See Consol. Fibers, Inc. v. United States*, 32 C.I.T. 24, 35-36, 535 F. Supp. 2d 1345, 1354 (2008) (citing *In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2005)). The court will find an abuse of discretion where an

agency decision "1) is clearly unreasonable, arbitrary, or fanciful; 2) is based on an erroneous conclusion of law; 3) rests on clearly erroneous fact findings; or 4) follows from a record that contains no evidence on which the {agency} could rationally base its decision." *Hartford Fire Ins. Co. v. United States*, 918 F. Supp. 2d 1376, 1378 (Ct. Int'l Trade 2013) (quoting *Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177, 1182 (Fed. Cir. 1994) and *Gerritsen v. Shirai*, 979 F.2d 1524, 1529 (Fed. Cir. 1992)). Only where "the statute is silent or ambiguous with respect to the specific issue" does the court evaluate the agency's interpretation of the statute. *See id.* An agency acts in an arbitrary and capricious manner when it fails to "articulate a satisfactory explanation" for a conclusion reached; courts frequently explain the applicable standard as an agency's failure to annunciate a "rational connection between the facts found and the choice made." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962). In reviewing an arbitrary and capricious challenge to agency action, the reviewing court will "consider whether the {agency's} decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Bowman Transp., Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281, 285 (1974); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971). The Federal Circuit explains that an agency abuses its discretion when its decision is "based on an erroneous interpretation of the law, . . . or represents an unreasonable judgment in weighing relevant factors." *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005) (citation omitted). This Court, in assessing the reasonableness of an agency's decision to reject allegedly pertinent information, finds the following factors relevant to its analysis— burden of incorporating the information; probability of such information increasing the accuracy of calculated dumping margins, if incorporated; and the agency's interest in ensuring finality. *See Grobest & I-Mei Industrial (Vietnam) Co. v. United States*, 36 CIT __, __, 815 F. Supp. 2d

9

1342, 1365–67 (2012) (holding that an agency abused its discretion by rejecting untimely, but not burdensome to incorporate, information that, if considered, likely would have resulted in the agency reaching a different conclusion); *see also NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1207–08 (Fed. Cir. 1995) (holding that it was an abuse of discretion for an agency to reject corrective information that would have prevented imposition of millions of dollars' worth of unjustified duties).

Thus, CBP when determining the substantiality of evidence, it failed to take into account these observations, i.e., the whole record, that fairly detracted from its weight. Moreover, there was no rational connection between CBP's review of the photographs/videos and its action to disregard the relevant facts. Again, CBP's finding of evasion against Skyview is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A) and 5 U.S.C. § 706.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court reject Customs' Redetermination, on the basis that it fails to comply with the terms of the Remand Order, and it continues to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

    Respectfully submitted,
    /s/ Kyl J. Kirby
    Kyl J. Kirby
    **KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
    1400 Lipscomb Street
    Fort Worth, TX 76104
    Tel: (214) 632-0841
    *Counsel to Skyview Cabinet USA, Inc.*

Date: July 8, 2024

11

## CERTIFICATE OF COMPLIANCE

    I, Kyl J. Kirby, certify that the attached Plaintiff's comments in opposition to the final results of redetermination pursuant to court remand comply with the page limitation requirement, as stated in the Court's June 3, 2024 Scheduling Order. Plaintiff's comments run eleven pages.

                                            Respectfully submitted,
                                             /s/ Kyl J. Kirby
                                            Kyl J. Kirby
                                            **KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
                                            1400 Lipscomb Street
                                            Fort Worth, TX 76104
                                            Tel: (214) 632-0841
                                            *Counsel to Skyview Cabinet USA, Inc.*

Date: July 8, 2024