## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| SKYVIEW CABINET USA, INC., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 22-00080 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| MASTERBRAND CABINETS, INC., | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT'S RESPONSE TO COMMENTS ON**
**FINAL RESULTS OF REMAND REDETERMINATION**

                                         BRIAN M. BOYNTON
                                         Principal Deputy Assistant Attorney General

                                         PATRICIA M. McCARTHY
                                         Director

                                         TARA K. HOGAN
Of Counsel:                                Assistant Director

CHELSEA A. REYES                            IOANA C. MEYER
Attorney, Enforcement and Operations      Trial Attorney
Office of the Chief Counsel                    Commercial Litigation Branch
U.S. Customs and Border Protection        U.S. Department of Justice
                                         Civil Division
JOHN M. FLANAGAN                         P.O. Box 480
Attorney, Enforcement and Operations      Ben Franklin Station
Office of the Chief Counsel                    Washington, D.C. 20044
U.S. Customs and Border Protection        Tel: (202) 305-0001

August 23, 2024                                   *Attorneys for Defendant*

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................... 1

    I.       Administrative Determination Under Review ......................................................... 1

    II.      The Underlying Investigation ................................................................................. 2

    III.     Skyview's Challenge To The Determination Of Evasion In This Court ................ 2

    IV.     Subsequent Appeal And Remand ........................................................................... 4

    V.      Remand Procedure .................................................................................................. 5

SUMMARY OF THE ARGUMENT ........................................................................................... 6

ARGUMENT ................................................................................................................................ 7

    I.       Standard Of Review ................................................................................................ 7

    II.      Customs' Remand Redetermination Continuing To Find Evasion Was In Compliance With The Court's Order On Remand And Is Supported By Substantial Evidence ............................................................................................... 8

CONCLUSION ........................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                               **Page(s)**

*Jacobi Carbons AB v. United States*,
   222 F. Supp. 3d 1159 (Ct. Int'l Trade 2017) .................................................................. 10, 11

*Royal Brush Manufacturing, Inc. v. United States*,
   75 F.4th 1250 (Fed. Cir. 2023) ............................................................................................ 4, 5

*SKF USA Inc. v. United States*,
   263 F.3d 1369 (Fed. Cir. 2001) ....................................................................................... 7, 8, 9

*Skyview Cabinet USA, Inc. v. United States*,
   Slip Op. No. 23-91, No. 1:22-CV-00080, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023)
   ............................................................................................................................ 3, 4, 9, 10, 11

*Star Fruits S.N.C. v. United States*,
   393 F.3d 1277 (Fed. Cir. 2005) ................................................................................................ 7

*Wheatland Tube Co. v. United States*,
   161 F.3d 1365 (Fed. Cir. 1998) ................................................................................................ 7

**Statutes**

18 U.S.C. § 1905 ............................................................................................................................ 4, 5

19 U.S.C. § 1517 ............................................................................................................................... 7

**Regulations**

19 C.F.R. §§ 165.4 ........................................................................................................................ 5, 6

**Administrative Determinations**

*Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China*,
   85 Fed. Reg. 22,126 (Dep't Commerce Apr. 21, 2020) ......................................................... 2

*Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China*,
   85 Fed. Reg. 22,134 (Dep't Commerce Apr. 21, 2020)..................................................... 2, 3

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| SKYVIEW CABINET USA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>MASTERBRAND CABINETS, INC., )<br>)<br>Defendant-Intervenor. )<br>) | Court No. 22-00080 |

### DEFENDANT'S RESPONSE TO COMMENTS ON
### FINAL RESULTS OF REMAND REDETERMINATION

Pursuant to the Court's remand order, dated January 25, 2024, Appx40-Appx41, defendant, the United States, respectfully submits this response to the comments filed by plaintiff, Skyview Cabinet USA, Inc. (Skyview), Pl. Br., ECF No. 61, to U.S. Customs and Border Protection's (Customs) final redetermination pursuant to remand, dated May 21, 2024, ECF Nos. 53, 54; Appx81748-Appx81786; Appx3238-Appx3276. For the reasons discussed below, we respectfully request that the Court sustain Customs' final remand redetermination and enter judgment in favor of the United States.

### BACKGROUND

I.   Administrative Determination Under Review

This remand redetermination concerns Customs' final redetermination pursuant to the Court's remand order dated January 25, 2024. In its redetermination, Customs examined its

September 16, 2021 affirmative final determination, and its January 28, 2022 administrative review of the final determination as to evasion under the Enforce and Protect Act of 2015. In that final determination, Customs concluded that Skyview evaded the antidumping and countervailing duty orders[1] on wooden cabinets and vanities and components thereof from the People's Republic of China.

II.     The Underlying Investigation

On September 16, 2021, following an Enforce and Protect Act investigation, Customs issued an affirmative determination of evasion, finding that Skyview had entered covered merchandise into the United States through evasion. Appx7-Appx8. Based on the substantial evidence on the record, Customs found that Skyview had imported merchandise subject to antidumping and countervailing duty orders on wooden cabinets and vanities and components thereof from China by transshipping through Malaysia. *Id.* The investigation determined that Skyview falsely declared Malaysia as the country of origin of the merchandise, and thereby failed to pay the applicable cash deposits. *Id.* Customs affirmed that determination of evasion on January 28, 2022. Appx10.

III.    Skyview's Challenge To The Determination Of Evasion In This Court

Skyview challenged Customs' determination in this Court by filing a summons and complaint on March 10, 2022. *Id*. In the complaint and subsequent briefing, Skyview argued that Customs' administration of the investigation and its finding of evasion were arbitrary,

---

[1] Specifically, the orders A-570-106 and C-570-107 cover wooden cabinets and vanities and components thereof merchandise from China, which generally consists of wooden cabinets and vanities that are for permanent installation (including floor mounted, wall mounted, ceiling hung or by attachment of plumbing), and wooden components thereof. *Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China*, 85 Fed. Reg. 22,126 (Dep't Commerce Apr. 21, 2020) (antidumping duty order); *Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China*, 85 Fed. Reg. 22,134 (Dep't Commerce Apr. 21, 2020) (countervailing duty order).

2

capricious, an abuse of discretion, and otherwise not in accordance with law on several grounds. *Id.* Additionally, and as relevant here, Skyview argued that, by not disclosing to Skyview all the evidence upon which it relied in making its determination, Customs had deprived it of procedural due process. Appx30-Appx31. Customs had instead published summaries of business confidential information, followed by an explanation of the differences between the information that MasterBrand and Skyview had both placed on the record. *Id.* Skyview alleged that the lack of full access to business confidential information "deprived Skyview of the opportunity to review, evaluate, and comment on business confidential data and, consequently, a fair opportunity to defend itself." Appx31.

On June 20, 2023, the Court denied Skyview's motion for judgment on the agency record and sustained Commerce's determination of evasion. *Skyview Cabinet USA, Inc. v. United States*, Slip Op. No. 23-91, No. 1:22-CV-00080, 2023 WL 4073781 (Ct. Int'l Trade June 20, 2023); Appx1-Appx35. In finding that Customs' determination was supported by substantial evidence, the Court explained that Customs had "acted within its discretion to determine which of the parties' claims was more compelling based on an assessment of whose evidence was more credible and reliable." Appx16. Customs also specifically identified the discrepancies and omissions in the evidence and explained what gaps Skyview's evidence left in making the determination. *Id.* That gap consisted of a lack of "production information demonstrating that the {merchandise} that . . . Skyview imported from Rowenda Kitchen was produced in Malaysia." Appx18 (citing Final Determination, J.A. at 81,618, ECF No. 33).

The Court also found it telling that Skyview did not dispute the accuracy of the evidence of transshipment, but instead simply alleged, without specific examples, that Customs' determination was unsupported. *Id.* Finally, with regard to Skyview's due process arguments,

3

the Court held that the agency had complied with its regulations by providing public summaries of the business confidential information it relied on during the investigation. Appx32. These summaries gave Skyview the notice it needed to investigate and to provide Customs with accurate information, thus placing the burden on Skyview to offer counterevidence. *Id.* Skyview failed to do so and, combined with the gap in information, the Court concluded that the record supported an affirmative finding of evasion. *Id.*

IV.     Subsequent Appeal And Remand

On August 18, 2023, Skyview filed a notice of appeal to the Court of Appeals for the Federal Circuit. Notice of Appeal, ECF No. 44. In the meantime, however, on July 27, 2023, the Federal Circuit issued its opinion in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023). In that decision, the Federal Circuit held that there "is no legitimate government interest {} in refusing to provide confidential business information" that it relies upon in making a determination of evasion when any such "concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}" *Id.* The court further found that a failure to provide such confidential business information cannot be justified by the Trade Secrets Act, 18 U.S.C. § 1905, because during Enforce and Protect Act investigations "that release is required as a matter of constitutional due process{.}" *Id.* at 1260. Moreover, the court noted that Customs has the "inherent authority to issue protective orders" and that there would be "no risk" to "narrowly releasing the information" to the plaintiffs. *Id.* at 1261.

Subsequently, we filed an unopposed motion to voluntarily remand the appeal on October 26, 2023. *See* Appx38-Appx39. We requested that the case be remanded back to Customs so that the agency could reconsider or further explain its evasion determination in light of *Royal Brush*. *Id.* The motion for remand requested instructions to remand to Customs to provide access to any confidential business information relied upon by Customs pursuant to an

administrative protective order. *Id.* On January 25, 2024, the Federal Circuit granted the motion and issued an order remanding the case to this Court, with instructions to "remand to Customs and Border Protection for further proceedings consistent with *Royal Brush*, 75 F.4th 1250." *Id.* That same day, this Court remanded the case to Customs in accordance with the Federal Circuit's mandate. Appx40-Appx41.

V.      Remand Procedure

Following the Court's remand, Customs re-opened the investigation. *See* Appx81754. Customs placed an administrative protective order on the administrative record on March 13, 2024, which was intended to cover new business confidential information or rebuttal information placed on the record. Appx81753. Customs also advised the parties that the versions of the record filed with this Court would also be referenced during the remand proceeding. *See id.* Although parties would have access to all information on the record, parties would still be required to comply with the public summary requirements in accordance with 19 C.F.R. §§ 165.4 and 165.26. Appx81753-Appx81754. Customs also required counsel for parties to the remand to submit a request for access to business confidential information under the administrative protective order no later than March 18, 2024. Appx81754. Once parties submitted their requests, Customs would make the business confidential information accessible to the parties' representatives by March 20, 2024. *Id.* In addition, Customs set a deadline of March 27, 2024 for the submission of any rebuttal information, noting that it did not anticipate extending the deadline. *Id.*

On March 18, 2024, counsel for both Skyview and MasterBrand submitted requests for access to business confidential information, and Customs granted both requests. *Id.* The next day, Customs gave the parties access to the business confidential information for the remand proceeding. *Id.* This information and the record on remand consisted of all the documents and

5

information that had previously been on the administrative record during the investigation. *See* Appx81755. On the deadline for submission of rebuttal information, MasterBrand did not submit any information, and Skyview submitted a rebuttal statement. *Id.* Skyview's submission was in the form of a written argument with no new information attached, arguing that Customs' determination of evasion was not supported by substantial evidence. *Id.*; Appx81660-Appx81683. In that submission, Skyview relied on its previous arguments, namely that Customs relied too heavily on the information submitted by MasterBrand and did not take into account the information submitted by Skyview. Appx81673-Appx81676. Skyview also highlighted differences between the information submitted by both parties, as it had also previously done. *Id.*

Following the submission of rebuttal factual information, Customs requested that parties submit any written arguments pertinent to the business confidential information and in response to any rebuttal information by April 5, 2024. Appx81755. As part of this submission, "no new factual information {was} to appear" and responses would not be permitted. *Id.* On the deadline, MasterBrand submitted written arguments in response to Skyview's submission, and Skyview did not submit anything. *Id.* Customs then issued its final remand redetermination on May 20, 2024, continuing to find that substantial evidence on the record exists that Skyview entered covered merchandise into the United States through evasion. Appx81750.

## SUMMARY OF THE ARGUMENT

The Court should sustain the remand redetermination. Customs requested a voluntary remand for the purpose of complying with *Royal Brush* by ensuring that parties have access to confidential information on the record and are given the opportunity to review and respond to that information. The remand proceedings followed that mandate, allowing both Skyview and MasterBrand the opportunity to view the confidential information on the record and submit any

6

additional evidence that could either refute or further support Customs' findings. Skyview took part in these proceedings by applying for access to confidential information, and submitting rebuttal information to Customs in the form of written arguments. But Skyview did not submit any new evidence on remand or reasons as to why the determination of evasion was not supported by substantial evidence. Nor did Skyview fill the gap in information that Customs had identified in the administrative record. As a result, Customs had no new evidence on which it could make a new finding, or determine that substantial evidence did not in fact support a finding of evasion. Thus, the proceedings on remand have not produced any reason why this Court's prior ruling that Customs' determination of evasion was supported by substantial evidence should change.

## ARGUMENT

I.  Standard Of Review

In reviewing CBP's evasion determinations, this Court determines whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 19 U.S.C. § 1517(g)(2). "Courts look for a reasoned analysis or explanation for an agency's decision as a way to determine whether a particular decision is arbitrary, capricious, or an abuse of discretion." *Wheatland Tube Co. v. United States*, 161 F.3d 1365, 1369 (Fed. Cir. 1998). "An abuse of discretion occurs where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represent an unreasonable judgment in weighing relevant factors." *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005). "An agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently." *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001).

II.   Customs' Remand Redetermination Continuing To Find Evasion Was In Compliance With The Court's Order On Remand And Is Supported By Substantial Evidence

On remand, Customs was to reconsider or further explain its evasion determination in light of *Royal Brush*, as well as provide access to any confidential business information relied upon by Customs pursuant to an administrative protective order. Appx38-Appx41. Customs fully complied with these requirements. *See* Appx81753-Appx81754.

Once the case was remanded to the agency, Customs issued an administrative protective order. That order enabled parties to apply for access to business confidential information. Appx81753. Most importantly, once parties were able to view all the information on the record, Customs allowed them to submit rebuttal information, which Customs would consider in full. Appx81754. This information could include "any business confidential information," with no stated limits on the type of information submitted. *See* Appx3093-Appx3099. Skyview therefore had the opportunity to submit information demonstrating that it was not engaging in transshipment through Malaysia, such as additional photos and/or videos of its manufacturing processes and facilities. *Id.* But instead, Skyview chose to submit written arguments that were almost the same as its written submissions during Customs' investigation. Appx3144-Appx3167. Nor does Skyview present any new arguments in its briefing before this Court. *See generally* Pl. Br., ECF No. 61. Accordingly, Customs continued to find that there is substantial evidence to support its initial evasion determination. Skyview makes two main arguments in opposition.

First, Skyview questions the substantial evidence on which Customs relied, arguing that the photos and videos provided by Rowenda are in fact reliable because Customs ignored available metadata in the submitted evidence. Pl. Br. at 3–4. That metadata consists of the dates on some photographs showing they were taken shortly before the date of export of the

8

merchandise, and global positioning satellite (GPS) data available for most of the shipments shows the Rowenda production location. *Id.* at 5. Skyview also argues that the photos and videos were in fact reliable because they were submitted by Skyview's customs broker, an email from Rowenda was included in the original submissions, and the photographs were numerous and from multiple parties to the action. *Id.* at 4.

But Customs did consider this evidence and determined that, despite that metadata, the submitted exhibits "do not demonstrate actual production" and fail to confirm the country of origin of the merchandise as Malaysia. *See* Appx81766- Appx81767. Notably, Customs addressed the photographs and explained that "the third-party site investigator provided widely different pictures of the manufacturer's facilities as compared to Skyview's submitted photos, purporting to establish factory capabilities and production." ECF No. 32-5 at Appx3080. Coupled with the third-party investigator's statement that "there did not appear to be any substantive manufacturing operations at Rowenda Kitchen's factory in Malaysia" and the remaining evidence, Customs did not find that the metadata would provide any exculpatory information. *Id.*

Further, as this Court recognized, the only photos "that Skyview did submit of the Malaysian facility were piecemeal and apparently originated from the otherwise unresponsive party, Rowenda Kitchen." *Skyview Cabinet USA, Inc.*, 2023 WL 407378 at *8, *15; Appx33. Even if the video allegedly submitted by Rowenda did show different machinery compared to the investigator's photos, this difference does not undermine the inspector's statements or credibility. Nor does this difference directly support the claim that Rowenda's operations included manufacturing of covered merchandise. Nothing more in the record supports either conclusion, and thus Customs made a credibility determination in favor of the investigator's

9

findings. Appx81767- Appx81768. Had Customs assumed that the photos and videos were representations of Rowenda's operations, nothing more in the photos or videos identifies the contents specifically as showing Rowenda's operations or the production of covered merchandise. Nor were the media sufficient to demonstrate a linkage to the merchandise imported into the United States.

Skyview also argues that Customs incorrectly required rebuttal evidence to be "authenticated,"—a term that Skyview states has no basis in law. Pl. Br. at 4. But Customs did not apply any kind of "authenticated" standard to the evidence on which it relied. Rather, it found that Skyview's evidence was replete with contradictions, omissions, and inconsistencies, and thus Customs could not rely on it as credible evidence. Appx81762. In its initial decision, the Court agreed, explaining that Skyview ignores "the possibility of drawing two inconsistent conclusions from the evidence," which "does not preclude the agency's finding from being supported by substantial evidence." *Skyview Cabinet USA, Inc.*, 2023 WL 407378 at *7 (quoting *Jacobi Carbons AB v. United States*, 222 F. Supp. 3d 1159, 1168 (Ct. Int'l Trade 2017)) (internal quotations omitted); Appx16. Customs also specifically identified the discrepancies and omissions fatal to Skyview's case and explained the gaps that Skyview's evidence created in substantiating the evidence—all discrepancies that Skyview had the chance to correct on remand. *See id.* Customs attempted to fill these gaps during the investigation by issuing multiple requests for information and supplemental questionnaires, and reviewing the record as a whole to determine the credibility of the parties. Appx17. But as Customs explained, "the onus is on Skyview, as the importer, to investigate and know the full production chain of its imports and to provide CBP with accurate information." ECF No. 32-5 at Appx3083. Skyview failed to do so during the investigation, and it has failed to do so again on remand.

10

Second, Skyview claims that Customs dismissed relevant facts and observations that Skyview had submitted and thus failed to take into account the entire record in making its determination. Pl. Br. at 5. But in making this argument, Skyview does not identify any more specific information that Customs failed to consider. *See id.* Instead, Skyview argues that it presented a "volume of Royal Brush 'substantial evidence' factor documentation that was not verified by {Customs}, including the metadata." *Id.* This information, it claims, was relevant facts and observations "with respect to a shipper's company ownership, operations, and recordkeeping, raw materials, invoices, production capability and capacity and payroll records." *Id*. Disregarding the fact that Skyview identified no specific piece of information, Customs did consider all the evidence that Skyview placed on the record. In reviewing that evidence, Customs found that Skyview had submitted "a hodgepodge of any document it could obtain, or potentially create, without verifying their accuracy and relation to its entries under investigation, and with no regard to their discrepancies." ECF No. 32-5 at Appx3083. The Court recognized this in its decision, finding that "Customs specifically identified the discrepancies and omissions that it deemed fatal to the Plaintiff's case and explained what gaps Skyview's evidence left in substantiating its arguments." *Skyview Cabinet USA, Inc.*, 2023 WL 407378 at *7; Appx17. The Court also found that "{a}s to the evidence supporting evasion, the agency was equally thorough in its analysis." *Id.*

Most importantly, however, Skyview has not once challenged the "accuracy or truthfulness of the aggregate data" but instead simply questions Customs' well-reasoned weighing of the evidence on the record. *Id.* And even having the ability to place new evidence on the record during remand, Skyview still failed to do so. Accordingly, the Court should continue to find that Customs' determination is supported by substantial evidence.

11

## **CONCLUSION**

For these reasons, we respectfully request that the Court sustain Customs' remand redetermination and enter judgment for the United States.

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Principal Deputy Assistant Attorney General

                                      PATRICIA M. MCCARTHY
                                      Director

                                      /s/ Tara K. Hogan
                                      TARA K. HOGAN
                                      Assistant Director

| OF COUNSEL: | /s/ Ioana C. Meyer |
| --- | --- |
|  | IOANA C. MEYER |
| CHELSEA A. REYES | Trial Attorney |
| Attorney, Enforcement and Operations | U.S. Department of Justice, |
| Office of the Chief Counsel | Civil Division |
| U.S. Customs and Border Protection | Commercial Litigation Branch |
|  | P.O. Box 480 |
|  | Ben Franklin Station |
| JOHN M. FLANAGAN | Washington, DC 20044 |
| Attorney, Enforcement and Operations | Tel: (202) 305-0001 |
| Office of the Chief Counsel |  |
| U.S. Customs and Border Protection |  |

August 23, 2024                                            *Attorneys for Defendant United States*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:    THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

_____

|  |  |
|---|---|
| SKYVIEW CABINET USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No. 22-00080 |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| MASTERBRAND CABINETS, INC., ) | |
| ) | |
| Defendant-Intervenor. ) | |

_____)

## **ORDER**

Upon consideration of plaintiff's comments on the agency's remand redetermination, defendant's response, and all other pertinent papers, it is hereby

ORDERED that the remand redetermination of U.S. Customs and Border Protection is sustained in its entirety, and it is further

ORDERED that judgment is entered in favor of the United States.

Dated: _____         _____
      New York, NY                              Judge

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Standard Chambers Procedure ¶ 2(B)(1), I hereby certify that this brief contains 3,069 words.  In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

/s/ Ioana C. Meyer
Ioana C. Meyer