PUBLIC DOCUMENT

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SKYVIEW CABINET USA, INC.,<br><br>             Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>             Defendant,<br><br>    and<br><br>MASTERBRAND CABINETS, INC.,<br><br>             Defendant-Intervenor. | Before:  Hon. Stephen Alexander Vaden, Judge<br><br>Court No. 22-00080 |

### MASTERBRAND CABINETS, INC.'S
### COMMENTS IN SUPPORT OF REMAND DETERMINATION

Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Elizabeth S. Lee, Esq.

WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
(202) 719-7000

*Counsel to MasterBrand Cabinets, Inc.*

Dated: August 23, 2024

Ct. No. 22-00080 PUBLIC DOCUMENT

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. ARGUMENT ..................................................................................................................... 2

    A. Skyview's Arguments Regarding Photographs and Videos Of Rowenda Kitchen Are Inapposite ........................................................................... 3

    B. Skyview's Repeated Argument That CBP Ignored Substantial Evidence Continue to Be Unpersuasive ..................................................................6

IV. CONCLUSION .................................................................................................................. 8

Ct. No. 22-00080　　　　　　　　　　　　　　　　　　　　　　　　　　PUBLIC DOCUMENT

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Royal Brush Mfg., Inc. v. United States*,
　483 F. Supp. 3d 1294 (Ct. Int'l Trade 2020) ...................................................................6

*Royal Brush Mfg., Inc. v. United States*,
　545 F. Supp. 3d 1357 (Ct. Int'l Trade 2021) ................................................................6, 8

*Royal Brush Mfg., Inc. v. United States*,
　675 F. Supp. 3d 1282 (Ct. Int'l Trade 2023) ...................................................................7

*Royal Brush Mfg., Inc. v. United States*,
　75 F. 4th 1250 (Fed. Cir. 2023) ..........................................................................1, 2, 6, 7

**Statutes**

19 U.S.C. § 1517(c)(2)(B) .................................................................................................8

Ct. No. 22-00080                                                                                     PUBLIC DOCUMENT

## I. INTRODUCTION

On behalf of Defendant-Intervenor MasterBrand Cabinets, Inc. ("MasterBrand"), we respectfully submit the following comments in support of the May 21, 2024 remand determination filed by U.S. Customs and Border Protection ("CBP"), in response to Plaintiff Skyview Cabinet USA, Inc.'s ("Skyview") comments in opposition to the remand determination. *See* Appx3239-3276; Pl. Skyview Cabinet USA, Inc.'s Comments in Opp'n to Agency Final Remand Redetermination Pursuant to Ct. Order (July 8, 2024), ECF No. 61 ("Skyview Remand Comments"). For the reasons discussed below, this Court should affirm CBP's remand determination continuing to find that Skyview evaded the antidumping and countervailing duty orders on wooden cabinets and vanities and components thereof ("WCV") from China (collectively, "AD/CVD orders").

## II. BACKGROUND

CBP's remand results arise from Skyview's appeal of CBP's final affirmative determination in the Enforce and Protect Act ("EAPA") investigation regarding evasion concerning certain entries made by Skyview of WCV from China. Appx3240-3243.

On June 20, 2023, this Court issued an opinion sustaining CBP's final determination of evasion and subsequent administrative review determination. *See generally* Appx1-35. Skyview appealed this decision to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"). While the case was pending, the Government filed a motion for voluntary remand requesting that the case be remanded for CBP to reconsider or further explain its determination regarding access to business confidential information, following the Federal Circuit's opinion in *Royal Brush Manufacturing, Inc. v. United States* ("*Royal Brush*"), in which the Federal Circuit held that CBP's failure to provide certain access to business confidential information that the agency relied on in

1

reaching its determination in an EAPA investigation violated due process. Appx3242-3243; *Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250, 1257-62 (Fed. Cir. 2023). The Federal Circuit granted the motion and issued a mandate to this Court with instructions to remand the case to CBP for further proceedings consistent with *Royal Brush*. Appx3243. In accordance with the Federal Circuit's order and mandate, this Court remanded the case to CBP. Appx40-41.

On remand, CBP provided the parties under administrative protective order with the opportunity to submit new factual information and written comments with respect to business confidential information that the parties did not have access to in the underlying EAPA investigation. Appx3243-3245. CBP issued a draft remand redetermination affirming the evasion determination. Appx3183-3184. Skyview and MasterBrand submitted comments on the draft determination, after which CBP issued a final remand redetermination continuing to affirm the evasion determination. Appx 3246, Appx3276.

### III.  ARGUMENT

This Court should affirm CBP's remand determination continuing to find that Skyview evaded the AD/CVD orders on WCV from China. This case was remanded to CBP for the limited purpose of allowing the parties to respond to business confidential information that they did not have access to in the original EAPA investigation. CBP complied with the remand order by providing parties under administrative protective order with the opportunity to submit new factual information and written comments in response to business confidential information that the parties did not have access to in the underlying investigation. Despite this opportunity, Skyview did not submit any new factual information in response. Nor did Skyview submit any arguments that undermine CBP's evasion determination and this Court's decision upholding that determination. Skyview seeks to relitigate arguments that the importer previously raised before this Court. For the reasons that this

Court has already explained, these arguments are unpersuasive. CBP's evasion determination was supported by substantial evidence, as the agency reiterated in its remand determination.

### A. Skyview's Arguments Regarding Photographs and Videos Of Rowenda Kitchen Are Inapposite

The only new arguments that Skyview presents to the Court is that CBP unlawfully dismissed the photographs and videos allegedly of Rowenda Kitchen's facility that were submitted by the importer, claiming that metadata shows that certain photographs were taken prior to the date of export of Skyview's shipments and that GPS data available for certain shipments show Rowenda Kitchen's location. Skyview Remand Comments at 4-5. As an initial matter, Skyview's claims are improper both because they cannot be substantiated and because they exceed the scope of this remand proceeding. First, these arguments appear to be based on business confidential information that Skyview submitted and had access to in the underlying EAPA investigation, and thus exceed the scope of the remand proceeding, which was for the limited purpose of allowing parties to respond to business confidential information that they did not have access to in the underlying investigation. Second, CBP explained in its remand determination that the documents included in the administrative record filed with the Court do not include metadata. Appx3268. The accuracy of Skyview's claims thus cannot be confirmed. Even if they are considered, Skyview's claims are inapposite and do not overcome the substantial evidence of evasion.

The photographs and videos submitted by Skyview are unreliable for reasons beyond the date and location from which they may have been taken, as both CBP and this Court have explained. First, these photographs and videos apparently originated from the uncooperative Rowenda Kitchen. Appx3268-3269; Appx30. CBP was thus prevented from substantiating the importer's claims about these photographs and videos because the exporter refused to respond to CBP's requests for information. Appx3268. Second, CBP found the photographs and videos to be piecemeal and

3

insufficient to demonstrate the manufacturing of the relevant merchandise in Malaysia and a linkage to the merchandise imported by Skyview. *See* Appx3269; *see also* Appx33. Skyview offers no challenge to these specific findings. If it cannot be confirmed that the photographs and videos show the manufacturing of wooden cabinets and vanities and specifically, Skyview's merchandise, when and where these photographs and videos may have been taken does not cure the problem.

In addition, as CBP explained, the photographs and videos were not the sole, or even principal, basis for CBP's determination. Appx3265. As the agency reiterated in its remand determination, Skyview failed to submit credible evidence regarding the production and country of origin of its merchandise, and its submissions were replete with discrepancies and unreliable. *See, e.g.*, Appx3252-3257. This Court also previously explained that "{d}espite numerous agency requests for information, Skyview failed to provide support for its claim that the imported merchandise was manufactured in Malaysia." Appx13. Skyview's arguments about the alleged dates and locations from which the photographs and videos that it submitted were taken do not change the fact that the importer could not demonstrate that its merchandise was manufactured in Malaysia as claimed, despite multiple opportunities.

Skyview's fixation on these photographs and videos at this stage is also illogical. In the middle of the EAPA investigation, Skyview suddenly claimed that its WCV were produced in conjunction with a different company – Roxy Heritage. *See, e.g.*, Appx2979-2980; *see also* Appx6-7. It is then irrelevant whether these photographs and videos depicted Rowenda Kitchen's facility and when they may have been taken. Ultimately, Skyview's submissions also failed to demonstrate that Roxy Heritage manufactured the WCV as claimed Appx2983, Appx2988; Appx3080-3083.

Lastly, Skyview incorrectly argues that there are inconsistencies in the photographs included in the investigator's declaration submitted by MasterBrand. Skyview Remand Comments at 5. While Skyview contended that the investigator's declaration was missing photographs of the interior of Rowenda Kitchen's facility, Appx3159, Appx3163, as the importer unsuccessfully argued in its opening brief before this Court, Pl.'s Mot. for J. Upon the Agency R. Pursuant to Rule 56.2 (July 18, 2022), ECF No. 22 at 19 ("Skyview Opening Brief"), Skyview did not actually challenge the accuracy of what was shown in the investigator's photographs that were included. Furthermore, as CBP explained in its remand determination, Skyview's challenges to the investigator's findings with respect to Rowenda Kitchen's production capacity are unpersuasive because in doing so the importer relies on the problematic photographs and videos from the uncooperative Rowenda Kitchen described above. Appx3258. MasterBrand also reiterates that Skyview ignores that the investigator provided detailed information regarding the site visit beyond the photographs, including observations that the factory was a relatively small space; there were no substantive manufacturing operations; there was only minor equipment in the factory such as tables for holding doors or paint sprayers; and very few employees on site. *See, e.g.*, Appx3217. CBP properly found this evidence to be reliable in finding evasion. Appx2981; Appx3080; *see also* Appx17-18.

In sum, Skyview's arguments regarding the photographs and videos of Rowenda Kitchen's facility do not undermine CBP's determination of evasion. Again, Skyview's claims exceeded the scope of the remand proceeding and are unsubstantiated. Even if these arguments are considered, they are inapposite and do not undermine CBP's determination of evasion, as upheld by this Court. The photographs and videos submitted by Skyview are unreliable for numerous reasons and do not demonstrate that Skyview's WCV was manufactured in Malaysia. This combined with

Skyview's repeated failure to demonstrate the production and country of origin of its imported merchandise and the substantial evidence indicating that such imports included transshipped Chinese WCV continue to support an affirmative finding of evasion.

### B.  Skyview's Repeated Argument That CBP Ignored Substantial Evidence Continue to Be Unpersuasive

Skyview next repeats its pre-remand argument that CBP failed to consider "*Royal Brush*" substantial evidence, arguing that it provided relevant facts and observations with respect to a shipper's company ownership, operations, and recordkeeping; raw materials; invoices; production capability and capacity; and payroll records, and that the agency did not verify this information. Skyview Remand Comments at 8; Skyview Opening Brief at 14, 17. Again, Skyview exceeds the scope of the remand proceeding by attempting to relitigate arguments that it previously raised before the Court. Skyview offers no new argument that would warrant reconsidering the Court's decision. *See* Appx20-21. For the reasons reiterated by CBP, and previously explained by this Court, these arguments are unpersuasive.

To be clear, what Skyview is calling "*Royal Brush*" substantial evidence is examples of the types of information that CBP has examined in prior EAPA investigations. Skyview Remand Comments at 8; *Royal Brush Mfg., Inc. v. United States*, 483 F. Supp. 3d 1294, 1299 (Ct. Int'l Trade 2020). This case does not stand for the proposition that CBP should make a finding of no evasion upon the submission of such documents regardless of their accuracy and probative value. Indeed, in the underlying EAPA investigation in that case, CBP examined such documents and ultimately made an affirmative finding of evasion, like in this case, and this Court ultimately upheld the agency's finding of evasion. *Royal Brush Mfg., Inc. v. United States*, 545 F. Supp. 3d

1357 (Ct. Int'l Trade 2021).[1] Here also, CBP examined the evidence submitted by Skyview but found that it "was replete with contradictions, omissions, and inconsistencies," which this Court explained "is a valid basis on which to determine that its submissions were not credible and that the record as a whole supported the allegations against it." Appx16-17. CBP explained that the documents submitted by Skyview "fail to rise to the level of production documents needed to substantiate Skyview's claim that the actual production of its WCV occurred in Malaysia," and that "there is nothing to indicate that the WCV at issue were produced with the materials and parts included in the various provided invoices, and the documentation does not confirm the country of origin of the WCV as being Malaysian." Appx18-19.

In contrast, the evidence in support of CBP's evasion determination included import data showing the shifting pattern of trade after the imposition of AD/CVD duties, bill of lading data showing the shift in the pattern of trade from the alleged Malaysian producer specifically, and certified foreign market research indicating that Rowenda Kitchen transshipped Chinese wooden cabinets and vanities through Malaysia and that no extensive manufacturing operations occurred at Rowenda Kitchen's facility in Malaysia. Appx2980-2981; Appx3078-3080. As this Court previously found, "Customs acted within its discretion to determine which of the parties' claims was more compelling based on an assessment of whose evidence was more credible and reliable." Appx16. CBP weighed the record evidence and thoroughly explained its decision originally and again in its remand determination. Appx3251-3261, Appx3269-3272. CBP acted consistent with

---

[1] While Royal Brush appealed the case, the Federal Circuit remanded the case to this Court on procedural grounds, to remand to CBP to provide the parties with access to certain business confidential information and to allow the parties an opportunity to submit certain rebuttal information. *Royal Brush*, 75 F. 4th 1250. The case was subsequently dismissed by this Court for lack of subject-matter jurisdiction before it was remanded to CBP. *Royal Brush Mfg., Inc. v. United States*, 675 F. Supp. 3d 1282 (Ct. Int'l Trade 2023).

statute and its determination is supported by substantial evidence. Skyview offers no reason to disturb the Court's original decision on this issue.

Lastly, as this Court already explained, CBP is not required to conduct verification. Appx19. As the Court explained, the statute does not mandate verification in all cases. *Id.*; 19 U.S.C. § 1517(c)(2)(B). The Court observed here that "{a}fter numerous attempts to gather the necessary information from Skyview and the alleged manufacturers led to inadequate and contradictory responses, Customs determined that verification would not be necessary or appropriate in this investigation." Appx20. The Court further explained that "{w}here a party's submitted evidence is substantially incomplete or discredits itself, failing to 'verify' that evidence is not an abuse of the agency's discretion." *Id.* For the same reasons, Skyview's contention that CBP did not verify its submissions remains unpersuasive. Skyview Remand Comments at 8.

## IV.    CONCLUSION

For the reasons detailed above, MasterBrand respectfully submits that this Court should affirm the remand determination of U.S. Customs and Border Protection.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Elizabeth S. Lee, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to MasterBrand Cabinets, Inc.*

Dated: August 23, 2024

CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Scheduling Order (June 3, 2024), ECF No. 56, the undersigned certifies that these comments comply with the page limitation requirement. The page count for MasterBrand Cabinets, Inc.'s comments in support of Customs' remand determination is eight pages.

*/s/ Timothy C. Brightbill*
(Signature of Attorney)

Timothy C. Brightbill
(Name of Attorney)

MasterBrand Cabinets, Inc.
(Representative Of)

August 23, 2024
(Date)